## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Pavle Zivkovic, on behalf of himself and others similarly situated, et al | SDNY | Gregory Woods |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| v. | June 22, 2022 | 1:17-CV-553-GHW |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| Laura Christy LLC, DBA Valbella, et al | July 19, 2022 | ☐ Yes   ☑ No |

| Attorney(s) for Appellant(s): | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: |
|---|---|
| ☐ Plaintiff  ☑ Defendant | Daniel S. Alter, Abrams Fensterman, LLP, 81 Main Street Suite 400, White Plains, New York 10601, 914-607-7010, Fax: 914-683-1279, dalter@abramslaw.com |

| Attorney(s) for Appellee(s): | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: |
|---|---|
| ☑ Plaintiff  ☐ Defendant | Lucas Colin Buzzard, Joseph & Kirschenbaum LLP, 32 Broadway Suite 601, New York, New York 10004, 212-688-5640, Fax: 212-688-2548, lucas@jk-llp.com |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| Yes | 1238 | 37 | If Yes, provide the following:   Case Name:   2d Cir. Docket No.:     Reporter Citation: (i.e., F.3d or Fed. App.) |

**ADDENDUM "A":** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

**ADDENDUM "B":** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party        ☐ Diversity | ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party)        ☐ Other (specify): ___ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): ___ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

FORM C (Rev. October 2016)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**
- [ ] Pre-trial
- [ ] During trial
- [x] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [x] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**
- [x] Damages:
  - [ ] Sought: $ _____
  - [x] Granted: $ "
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

** Judgment against defendants, jointly and severally, for $5,092,017.85

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright ☐ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [x] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FBLA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**
- [ ] Yes   [x] No

**Will appeal raise a matter of first impression?**
- [x] Yes   [ ] No

---

1. Is any matter relative to this appeal still pending below? [x] Yes, specify: New trial as to certain damages   [ ] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   - (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [x] No
   - (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [x] No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
|  |  |  |  |

Name of Appellant:

| Date: 5/24/2023 | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED. *SEE* LOCAL RULE 12.1.**

FORM C (Rev. December 2016)

## <u>Addendum A – Description of the Nature of the Action and the Result Below</u>

This is an appeal from the judgment of the United States District Court for the Southern District of New York entered on June 22, 2022 (Hon. Gregory H. Woods) (17 Civ. 553 (GHW)), and an order entered on May 10, 2023, granting in part and denying in part defendants-appellants' motion for post-trial relief.

The judgment dated June 22, 2022, was entered after a jury found defendants-appellants liable, jointly and severally, for $5,092,149.07 to the plaintiff-appellee class for alleged state labor violations and employment discrimination claims. Thereafter, defendants-appellants moved pursuant to FRCP 59 for a new trial arguing that: (1) the jury's award of damages was against the weight of the evidence; (2) the jury instructions concerning David Ghatanfard's vicarious liability for defendant-appellant Genco Luca's discriminatory actions were erroneous; (3) punitive damages awarded were so disproportional to the compensatory damages as to require remittitur; and (4) the Southern District of New York lacked supplemental jurisdiction over state law claims. In its order of May 10, 2023, the district court granted defendants-appellants' Rule 59 motion concerning Mr. Ghatanfard's vicarious liability and the jury's excessive punitive damages award, but otherwise denied the motion.

Defendants-appellants challenged the judgment by appeal to the United States Court of Appeals for the Second Circuit on July 20, 2022. That appeal was stayed pending resolution of defendants-appellants' Rule 59 motion. After the district court resolved that motion, the stay was lifted, and defendants-appellants filed an amended notice of appeal on May 16, 2023.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PAVLE ZIVKOVIC, on behalf of himself and
other similarly situated,

Plaintiff,

– against –

LAURA CHRISTY LLC d/b/a VALBELLA,
LAURA CHRISTY MIDTOWN LLC, DAVID
GHATANFARD, and GENCO LUCA,

Defendants.

**AMENDED NOTICE OF APPEAL**

17-CV-00553-GHW

NOTICE IS HEREBY GIVEN THAT Laura Christy LLC d/b/a Valbella, Laura Christy

Midtown LLC, David Ghatanfard, and Genco Luca, defendants in the above-captioned action

("Defendants"), hereby appeal to the United States Court of Appeals for the Second Circuit from

the entirety of the final judgment entered in this action by the Clerk of Court on June 22, 2022

("Final Judgment").

PLEASE TAKE FURTHER NOTICE THAT Defendants also hereby appeal from the

Order entered in this action by the Clerk of the Court on May 10, 2023, insofar as it denied

Defendants motion pursuant to Fed. Rule Civ. P. 59 for a new trial ("Rule 59 Order").

Attached hereto as Exhibits A and B, respectively, are true and correct copies of the Final

Judgment and the Rule 59 Order.

Dated May 15, 2023
White Plains, New York

Daniel S. Alter, Esq.
Abrams Fensterman LLP
81 Main Street, Suite 400
White Plains, NY 10601
(914) 607-7010
dalter@abramslaw.com
*Attorneys for Defendants*

CLOSED,APPEAL,ECF,MEDTFR4

## U.S. District Court
### Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:17-cv-00553-GHW

Zivkovic v. Laura Christy LLC et al
Assigned to: Judge Gregory H. Woods
Case in other court: U.S. Court of Appeals, 2nd Circ., 22-01558
Cause: 29:201 Fair Labor Standards Act

Date Filed: 01/25/2017
Date Terminated: 06/22/2022
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**

**Pavle Zivkovic**
*on behalf of himself and others similarly
situated*

represented by **Lucas Colin Buzzard**
Joseph & Kirschenbaum LLP
32 Broadway
Suite 601
New York, NY 10004
212-688-5640
Fax: 212-688-2548
Email: lucas@jk-llp.com
*ATTORNEY TO BE NOTICED*

**Yosef Nussbaum**
Joseph & Kirschenbaum LLP
32 Broadway
Suite 601
New York, NY 10004
212-688-5640
Fax: 212-981-9587
Email: jnussbaum@jhllp.com
*ATTORNEY TO BE NOTICED*

**Daniel Maimon Kirschenbaum**
Joseph, Herzfeld, Hester, & Kirschenbaum
233 Broadway, 5th Floor
New York, NY 10017
(212)688-5640x2548
Fax: (212)688-5639
Email: maimon@jhllp.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Vojislav Knezevic**

represented by **Lucas Colin Buzzard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yosef Nussbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ulas Geckil**                                    represented by **Lucas Colin Buzzard**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Yosef Nussbaum**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>
**Arben Buqaj**                                    represented by **Lucas Colin Buzzard**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Yosef Nussbaum**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>
**Imram Shonar**                                   represented by **Lucas Colin Buzzard**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Yosef Nussbaum**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>
**Adrian Celmeta**                                 represented by **Lucas Colin Buzzard**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Yosef Nussbaum**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>
**Alejandra C Rindon**                             represented by **Lucas Colin Buzzard**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Yosef Nussbaum**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>
**Vito Avella**                                    represented by **Lucas Colin Buzzard**
*TERMINATED: 03/05/2018*                                         (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Yosef Nussbaum**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rafael Moctesuma**                         represented by **Lucas Colin Buzzard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yosef Nussbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jesus Espinosa**                           represented by **Lucas Colin Buzzard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yosef Nussbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Diana Martha Michos**                      represented by **Lucas Colin Buzzard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yosef Nussbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Fernando Marin**                           represented by **Lucas Colin Buzzard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yosef Nussbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Julia Boyadjan**                           represented by **Lucas Colin Buzzard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yosef Nussbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ricardo Sanchez**                          represented by **Lucas Colin Buzzard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yosef Nussbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ulas Konca**                                          represented by   **Lucas Colin Buzzard**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Yosef Nussbaum**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Laura Christy LLC**                                   represented by   **Amanda Elizabeth Maguire**
*doing business as*                                                     Dealy Silberstein & Braverman, LLP
Valbella                                                                225 Broadway, Suite 1405
                                                                        New York, NY 10007
                                                                        (212)-385-0066
                                                                        Email: amaguire@dsblawny.com
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Marc David Braverman**
                                                                        Dealy Silberstein & Braverman, LLP
                                                                        225 Broadway, Suite 1405
                                                                        New York, NY 10007
                                                                        (212) 385-0066
                                                                        Fax: (212) 385-2117
                                                                        Email: mbraverman@dsblawny.com
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Maria Louisa Bianco**
                                                                        Dealy Silberstein & Braverman LLP
                                                                        225 Broadway
                                                                        Suite 1405
                                                                        New York, NY 10007
                                                                        212-385-0066
                                                                        Fax: 212-385-2117
                                                                        Email: mbianco@dsblawny.com
                                                                        *TERMINATED: 03/19/2020*

                                                                        **Milo Silberstein**
                                                                        Dealy Silberstein & Braverman, LLP
                                                                        225 Broadway, Suite 1405
                                                                        New York, NY 10007
                                                                        (212) 385-0066
                                                                        Fax: (212) 385-2117
                                                                        Email: msilberstein@dsblawny.com
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Neal Sanford Comer**
                                                                        Neal S. Comer, Attorney at Law
                                                                        81 Main Street, Suite 205
                                                                        White Plains, NY 10601
                                                                        914-683-5400

Fax: 914-683-1279
Email: COMERESQ@AOL.COM
*ATTORNEY TO BE NOTICED*

**Defendant**

**Laura Christy Midtown LLC**                  represented by **Leonard I. Spielberg**
Harold, Salant, Strassfield & Spielberg
81 Main Street, Suite 205
White Plains, NY 10601
(914)683-2500
Fax: (914)683-1279
Email: lenspielberg@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Stuart Alter**
Abrams Fensterman, LLP
81 Main Street
Suite 400
White Plains, NY 10601
914-607-7010
Email: dalter@abramslaw.com
*ATTORNEY TO BE NOTICED*

**Milo Silberstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neal Sanford Comer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**David Ghatanfard**                  represented by **Daniel Stuart Alter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Milo Silberstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neal Sanford Comer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Genco Luca**                  represented by **Daniel Stuart Alter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Milo Silberstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neal Sanford Comer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Milton J Pirsos, CPA**                    represented by **John Anthony Lentinello**
                                            Milber Makris Plousadis & Seiden, LLP
                                            1000 Woodbury Road
                                            Woodbury, NY 11797
                                            (516)-870-1160
                                            Fax: (516)-712-4013
                                            Email: jlentinello@milbermakris.com
                                            *ATTORNEY TO BE NOTICED*

**Interested Party**

**Rosey Kalayjian**                         represented by **Fred L. Seeman**
                                            Law Office of Fred L. Seeman
                                            32 Broadway
                                            Suite 1214
                                            New York, NY 10004
                                            212-608-5000
                                            Fax: 212-385-8161
                                            Email: fred@seemanlaw.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**David Ghatanfard**                        represented by **Milo Silberstein**
                                            (See above for address)
                                            *ATTORNEY TO BE NOTICED*

                                            **Neal Sanford Comer**
                                            (See above for address)
                                            *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Laura Christy Midtown LLC**

**Counter Claimant**

**Genco Luca**                              represented by **Milo Silberstein**
                                            (See above for address)
                                            *ATTORNEY TO BE NOTICED*

                                            **Neal Sanford Comer**
                                            (See above for address)
                                            *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Laura Christy Midtown LLC**               represented by **Leonard I. Spielberg**
                                            (See above for address)

*ATTORNEY TO BE NOTICED*

**Milo Silberstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neal Sanford Comer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**David Ghatanfard**                    represented by **Milo Silberstein**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Neal Sanford Comer**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Pavle Zivkovic**                      represented by **Yosef Nussbaum**
*on behalf of himself and others similarly*            (See above for address)
*situated*                                             *ATTORNEY TO BE NOTICED*

                                                      **Daniel Maimon Kirschenbaum**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2017 | 1 | COMPLAINT against David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Filing Fee $ 400.00, Receipt Number 0208-13237689)Document filed by Pavle Zivkovic.(Kirschenbaum, Daniel) (Entered: 01/25/2017) |
| 01/25/2017 | 2 | CIVIL COVER SHEET filed. (Kirschenbaum, Daniel) (Entered: 01/25/2017) |
| 01/25/2017 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Laura Christy LLC d/b/a Valbella, Laura Christy Midtown LLC, David Ghatanfard, Genco Luca, re: 1 Complaint. Document filed by Pavle Zivkovic. (Kirschenbaum, Daniel) (Entered: 01/25/2017) |
| 01/26/2017 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Gregory H. Woods. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (kl) (Entered: 01/26/2017) |
| 01/26/2017 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (kl) (Entered: 01/26/2017) |
| 01/26/2017 | | Case Designated ECF. (kl) (Entered: 01/26/2017) |

| 01/26/2017 | 4 | ELECTRONIC SUMMONS ISSUED as to David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (kl) (Entered: 01/26/2017) |
|---|---|---|
| 01/27/2017 | 5 | ORDER: To conserve resources, to promote judicial efficiency, and in an effort to achieve a faster disposition of this matter, it is hereby ORDERED that the parties must discuss whether they are willing to consent, under 28 U.S.C. § 636(c), to conducting all further proceedings before the assigned Magistrate Judge. (As further set forth in this Order.) (Signed by Judge Gregory H. Woods on 1/27/2017) (mro) (Entered: 01/30/2017) |
| 02/02/2017 | 6 | WAIVER OF SERVICE RETURNED EXECUTED. David Ghatanfard waiver sent on 2/2/2017, answer due 4/3/2017; Laura Christy LLC waiver sent on 2/2/2017, answer due 4/3/2017; Laura Christy Midtown LLC waiver sent on 2/2/2017, answer due 4/3/2017; Genco Luca waiver sent on 2/2/2017, answer due 4/3/2017. Document filed by Pavle Zivkovic. (Kirschenbaum, Daniel) (Entered: 02/02/2017) |
| 03/16/2017 | 7 | NOTICE OF APPEARANCE by Yosef Nussbaum on behalf of Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 03/16/2017) |
| 03/30/2017 | 8 | NOTICE OF APPEARANCE by Milo Silberstein on behalf of Laura Christy LLC. (Silberstein, Milo) (Entered: 03/30/2017) |
| 03/30/2017 | 9 | NOTICE OF APPEARANCE by Maria Louisa Bianco on behalf of Laura Christy LLC. (Bianco, Maria Louisa) (Entered: 03/30/2017) |
| 03/30/2017 | 10 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Laura Christy LLC.(Silberstein, Milo) (Entered: 03/30/2017) |
| 03/30/2017 | 11 | ANSWER to 1 Complaint. Document filed by Laura Christy LLC.(Silberstein, Milo) (Entered: 03/30/2017) |
| 03/30/2017 | 12 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** ANSWER to Complaint., COUNTERCLAIM against Laura Christy Midtown LLC. Document filed by David Ghatanfard.(Comer, Neal) Modified on 3/30/2017 (ldi). (Entered: 03/30/2017) |
| 03/30/2017 | 13 | ANSWER to Complaint., COUNTERCLAIM against Pavle Zivkovic. Document filed by Genco Luca, Laura Christy Midtown LLC, David Ghatanfard.(Comer, Neal) (Entered: 03/30/2017) |
| 03/30/2017 | 14 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Laura Christy Midtown LLC.(Comer, Neal) (Entered: 03/30/2017) |
| 03/30/2017 | 15 | NOTICE OF APPEARANCE by Leonard I. Spielberg on behalf of Laura Christy Midtown LLC. (Spielberg, Leonard) (Entered: 03/30/2017) |
| 03/31/2017 | 16 | MEDIATION REFERRAL ORDER FOR CASES FILED UNDER THE FAIR LABOR STANDARDS ACT 29 U.S.C. Sec. 201 et seq. This case, involving claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. Sec. 201 et seq., has been assigned to this Court for all purposes. In the Courts experience, cases involving FLSA claims often benefit from early mediation. To that end, prior to a Rule 16(b) case management conference the Court is referring this case to the Mediation Office for settlement purposes under Local Civil Rule 83.9. To facilitate mediation the parties shall, within four weeks of this Order, confer and provide the items set forth in this Order. Mediator to be Assigned by 4/10/2017. (Signed by Judge Gregory H. Woods on 10/3/16) (mf) (Entered: 03/31/2017) |
| 04/05/2017 | | NOTICE OF MEDIATOR ASSIGNMENT - Notice of assignment of mediator. Mediator Schedule due by 5/5/2017.(cda) (Entered: 04/05/2017) |
| 04/06/2017 | 17 | ORDER. In the Court's order dated January 27, 2017, Dkt. No. 5, the parties were directed to discuss whether they are willing to consent to conducting all further |

| | | |
|---|---|---|
| | | proceedings before the assigned Magistrate Judge and to inform the Court of the parties' decision no later than March 10, 2017. The Court has not received information regarding the parties' decision. The parties are directed to comply with the Court's January 27, 2017 order forthwith. (HEREBY ORDERED by Judge Gregory H. Woods on April 6, 2017) (Text Only Order)(Woods, Gregory) (Entered: 04/06/2017) |
| 04/06/2017 | 18 | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated 4/6/2017 re: Referral to Magistrate Judge. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 04/06/2017) |
| 04/20/2017 | 19 | ANSWER to 13 Counterclaim. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 04/20/2017) |
| 04/26/2017 | | MEDIATOR SESSION SCHEDULED First Mediation Session scheduled for 5/23/2017, 11:00 AM at the Offices of the Mediator.(cda) (Entered: 04/26/2017) |
| 04/27/2017 | 20 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A. and N.Y.L.L.. Document filed by Pavle Zivkovic, Vojislav Knezevic.(Nussbaum, Yosef) (Entered: 04/27/2017) |
| 04/28/2017 | 21 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A. and N.Y.L.L.. Document filed by Vojislav Knezevic, Pavle Zivkovic, Ulas Geckil.(Nussbaum, Yosef) (Entered: 04/28/2017) |
| 05/25/2017 | | Mediator Session Held on 5/23/2017 at Mediator's Office.(mf) (Entered: 05/25/2017) |
| 06/01/2017 | 23 | NOTICE OF INITIAL PRETRIAL CONFERENCE: Initial Conference set for 7/5/2017 at 11:00 AM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge Gregory H. Woods. And as further set forth in this Order. SO ORDERED. (Signed by Judge Gregory H. Woods on 6/1/2017) (anc) (Entered: 06/01/2017) |
| 06/28/2017 | 24 | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated 6/28/2017 re: Initial Pretrial Conference. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit 1)(Nussbaum, Yosef) (Entered: 06/28/2017) |
| 06/29/2017 | 25 | ORDER. In the Court's order dated June 1, 2017, Dkt. No. 23, the parties were directed to submit via email a proposed case management plan and scheduling order in PDF format at least one week before the initial pretrial conference. The Court has not received that proposed case management plan and scheduling order. The parties are directed to comply with the Court's June 1, 2017 order forthwith. (HEREBY ORDERED by Judge Gregory H. Woods on June 29, 2017) (Text Only Order)(Woods, Gregory) (Entered: 06/29/2017) |
| 06/30/2017 | 26 | LETTER addressed to Judge Gregory H. Woods from Neal S. Comer, Esq. dated June 30, 2017 re: supplement to joint pre-conference letter. Document filed by David Ghatanfard, Laura Christy Midtown LLC.(Comer, Neal) (Entered: 06/30/2017) |
| 07/05/2017 | 27 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: This Civil Case Management Plain is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3). All parties do not consent all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C.636(c). All Fact Discovery due by 12/18/2017. Deposition due by 12/11/2017. All Expert Discovery due by 2/2/2018. Motions due by 3/2/2018. This case is to be tried to a jury. Counsel for the parties hav conferred and their present best estimate of the length of trial is 5 days. Status Conference set for 2/16/2018 at 04:00 PM before Judge Gregory H. Woods. And as set forth herein. SO ORDERED. (Signed by Judge Gregory H. Woods on 7/05/2017) (ama) (Entered: 07/06/2017) |
| 07/05/2017 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Initial Pretrial Conference held on 7/5/2017. (Court Reporter Jennifer Thun) (Daniels, Anthony) |

| | | (Entered: 07/06/2017) |
|---|---|---|
| 07/07/2017 | 28 | **FILING ERROR - DISCOVERY DOCUMENT NOT ORDERED FILED BY COURT -** REQUEST for Production of Documents.Document filed by David Ghatanfard, Laura Christy Midtown LLC, Genco Luca.(Comer, Neal) Modified on 7/11/2017 (lb). (Entered: 07/07/2017) |
| 07/07/2017 | 29 | **FILING ERROR - DISCOVERY DOCUMENT NOT ORDERED FILED BY COURT -** FIRST SET OF INTERROGATORIES to Pavle Zivkovic.Document filed by David Ghatanfard, Laura Christy Midtown LLC, Genco Luca.(Comer, Neal) Modified on 7/11/2017 (lb). (Entered: 07/07/2017) |
| 07/11/2017 | | **\*\*\*REJECTION OF DISCOVERY MATERIAL. Note to Attorney Neal Sanford Comer, the following discovery material(s) REQUEST for Production of Documents and FIRST SET OF INTERROGATORIES, Document No. 28 and 29 were rejected by the Clerk's Office. The discovery material(s) was not ordered filed by the Court. (lb)** (Entered: 07/11/2017) |
| 07/11/2017 | 30 | LETTER addressed to Judge Gregory H. Woods from D. Maimon Kirschenbaum dated 7/11/2017 re: Revised Notice of Pendency of FLSA Lawsuit. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Kirschenbaum, Daniel) (Entered: 07/11/2017) |
| 07/12/2017 | 31 | LETTER addressed to Judge Gregory H. Woods from Neal S. Comer dated July 12, 2017 re: dispute re notice of pendency. Document filed by David Ghatanfard, Laura Christy Midtown LLC.(Comer, Neal) (Entered: 07/12/2017) |
| 07/12/2017 | 32 | LETTER addressed to Judge Gregory H. Woods from D. Maimon Kirschenbaum dated 7/12/2017 re: Defendants' Letter to Court Earlier Today. Document filed by Pavle Zivkovic.(Kirschenbaum, Daniel) (Entered: 07/12/2017) |
| 07/13/2017 | 33 | ORDER. The Court will hold a teleconference to discuss the parties' dispute concerning the proposed notice of pendency on July 17, 2017 at 2:00 p.m. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line. (HEREBY ORDERED by Judge Gregory H. Woods on July 13, 2017) (Text Only Order)(Woods, Gregory) (Entered: 07/13/2017) |
| 07/17/2017 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 7/17/2017. (Court Reporter Raquel Robles) (Daniels, Anthony) (Entered: 07/17/2017) |
| 07/20/2017 | 34 | **FILING ERROR - DISCOVERY DOCUMENT NOT ORDERED FILED BY COURT -** RULE 26 DISCLOSURE.Document filed by David Ghatanfard, Laura Christy Midtown LLC, Genco Luca.(Comer, Neal) Modified on 7/24/2017 (ka). (Entered: 07/20/2017) |
| 07/24/2017 | | **\*\*\*REJECTION OF DISCOVERY MATERIAL. Note to Attorney Neal Sanford Comer, the following discovery material(s) Rule 26 Initial Disclosures, Document No. 34 was rejected by the Clerk's Office. The discovery material(s) was not ordered filed by the Court. (ka)** (Entered: 07/24/2017) |
| 07/24/2017 | 35 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED AND AGREED, by and between the Parties in the above captioned action, that: Notice of Pendency of this Lawsuit and opt-in forms shall be sent to current and former front-of-the-house, tipped, food-service employees, including without limitation, captains, servers, runners, bussers and bartenders, employed by Laura Christy LLC d/b/a Valbella and Laura Christy Midtown LLC between May 25, 2014 and the present (Potential FLSA Collective Members); and as further set forth herein. The Court approves this stipulation, provided |

| | | |
|---|---|---|
| | | that the parties correct the typographical error in the final sentence of Exhibit B (i.e., delete the additional "I"). SO ORDERED. (Signed by Judge Gregory H. Woods on 7/24/2017) (anc) (Entered: 07/24/2017) |
| 08/07/2017 | 36 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A.. Document filed by Ulas Geckil, Vojislav Knezevic, Pavle Zivkovic, Arben Buqaj.(Nussbaum, Yosef) (Entered: 08/07/2017) |
| 08/07/2017 | 37 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** LETTER MOTION to Compel Laura Christy Midtown LLC, David Ghatanfard and Genco Luca to Produce List of Potential FLSA Collective Members addressed to Judge Gregory H. Woods from Josef Nussbaum dated 8/7/2017. Document filed by Pavle Zivkovic. (Nussbaum, Yosef) Modified on 10/2/2017 (db). (Entered: 08/07/2017) |
| 08/07/2017 | 38 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** SECOND LETTER MOTION to Compel Laura Christy Midtown LLC, David Ghatanfard and Genco Luca to Produce List of Potential FLSA Collective Members addressed to Judge Gregory H. Woods from Josef Nussbaum dated 8/7/2017. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A)(Nussbaum, Yosef) Modified on 10/2/2017 (db). (Entered: 08/07/2017) |
| 08/09/2017 | 39 | ORDER. The Court will hold a teleconference to discuss Plaintiff's proposed motion to compel, Dkt. No. 38, on August 11, 2017 at 1:00 p.m. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line. (Signed by Judge Gregory H. Woods on August 9, 2017) (Woods, Gregory) (Entered: 08/09/2017) |
| 08/11/2017 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 8/11/2017. (Court Reporter Eve Giniger) (Daniels, Anthony) (Entered: 08/11/2017) |
| 08/15/2017 | 40 | ORDER granting 37 Letter Motion to Compel; granting 38 Letter Motion to Compel. As discussed during the teleconference held on August 11, 2017, Plaintiff's motion to compel Defendants to produce a legible list of potential FLSA collective members, Dkt. No. 38, is granted. Defendants are directed to produce a legible list of potential FLSA collective members no later than August 14, 2017. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 08/15/2017) |
| 08/21/2017 | 41 | NOTICE of Withdrawal of Consent to Sue re: 36 Consent to Become Party Plaintiff, 21 Consent to Become Party Plaintiff. Document filed by Arben Buqaj, Ulas Geckil, Vojislav Knezevic, Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 08/21/2017) |
| 08/24/2017 | 42 | TRANSCRIPT of Proceedings re: CONFERENCE held on 7/5/2017 before Judge Gregory H. Woods. Court Reporter/Transcriber: Jennifer Thun, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/14/2017. Redacted Transcript Deadline set for 9/25/2017. Release of Transcript Restriction set for 11/22/2017.(Jackson, Jasmine) (Entered: 08/24/2017) |
| 08/24/2017 | 43 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 07/05/2017 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Jackson, Jasmine) (Entered: 08/24/2017) |

| 08/25/2017 | 44 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A.. Document filed by Pavle Zivkovic, Imram Shonar.(Nussbaum, Yosef) (Entered: 08/25/2017) |
|---|---|---|
| 08/28/2017 | 45 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A.. Document filed by Pavle Zivkovic, Adrian Celmeta.(Nussbaum, Yosef) (Entered: 08/28/2017) |
| 08/28/2017 | 46 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A.. Document filed by Pavle Zivkovic, Alejandra C Rindon.(Nussbaum, Yosef) (Entered: 08/28/2017) |
| 08/31/2017 | 47 | CONSENT TO JOIN CLASS. Document filed by Pavle Zivkovic, Vito Avella. (Nussbaum, Yosef) (Entered: 08/31/2017) |
| 09/11/2017 | 48 | CONSENT TO JOIN CLASS. Document filed by Pavle Zivkovic, Rafael Moctesuma. (Nussbaum, Yosef) (Entered: 09/11/2017) |
| 09/11/2017 | 49 | CONSENT TO JOIN CLASS. Document filed by Pavle Zivkovic, Jesus Espinosa. (Nussbaum, Yosef) (Entered: 09/11/2017) |
| 09/18/2017 | 50 | CONSENT TO JOIN CLASS. Document filed by Pavle Zivkovic, Diana Martha Michos. (Nussbaum, Yosef) (Entered: 09/18/2017) |
| 09/25/2017 | 51 | CONSENT TO JOIN CLASS. Document filed by Pavle Zivkovic, Fernando Marin. (Nussbaum, Yosef) (Entered: 09/25/2017) |
| 10/16/2017 | 52 | LETTER addressed to Judge Gregory H. Woods from Neal S. Comer, Esq. dated October 16, 2017 re: forged opt-in form. Document filed by David Ghatanfard, Laura Christy Midtown LLC, Genco Luca. (Attachments: # 1 Affidavit)(Comer, Neal) (Entered: 10/16/2017) |
| 10/17/2017 | 53 | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated 10/17/2017 re: Response to Defendants' October 16, 2017 letter. Document filed by Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 10/17/2017) |
| 10/17/2017 | 54 | ORDER. The Court will hold a conference to discuss counsel's October 16, 2017 letter, Dkt. No. 52, on October 19, 2017 at 11:00 a.m. in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York 10007. (HEREBY ORDERED by Judge Gregory H. Woods on October 17, 2017) (Text Only Order)(Woods, Gregory) (Entered: 10/17/2017) |
| 10/18/2017 | 55 | LETTER addressed to Judge Gregory H. Woods from Neal S. Comer, Esq. dated October 18, 2017 re: Adjourn conference to the afternoon. Document filed by David Ghatanfard, Laura Christy Midtown LLC, Genco Luca.(Comer, Neal) (Entered: 10/18/2017) |
| 10/18/2017 | 56 | MEMO ENDORSEMENT on re: 55 Letter filed by Genco Luca, David Ghatanfard, Laura Christy Midtown LLC. ENDORSEMENT: Application granted. The conference currently scheduled for October 19, 2017 at 11:00 a.m. is adjourned to October 19, 2017 at 3:30 p.m. (Status Conference set for 10/19/2017 at 03:30 PM before Judge Gregory H. Woods.) (Signed by Judge Gregory H. Woods on 10/18/2017) (tn) (Entered: 10/18/2017) |
| 10/19/2017 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Status Conference held on 10/19/2017. (Court Reporter Tom Murray) (Daniels, Anthony) (Entered: 10/19/2017) |
| 11/02/2017 | 57 | TRANSCRIPT of Proceedings re: CONFRENCE held on 10/19/2017 before Judge Gregory H. Woods. Court Reporter/Transcriber: Thomas Murray, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/24/2017. Redacted |

| | | |
|---|---|---|
| | | Transcript Deadline set for 12/4/2017. Release of Transcript Restriction set for 1/31/2018. (McGuirk, Kelly) (Entered: 11/02/2017) |
| 11/02/2017 | 58 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 10/19/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 11/02/2017) |
| 11/15/2017 | 59 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Gregory H. Woods from Milo Silberstein dated November 15, 2017. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Silberstein, Milo) (Entered: 11/15/2017) |
| 11/16/2017 | 60 | CONSENT TO JOIN CLASS. Document filed by Pavle Zivkovic, Julia Boyadjan. (Nussbaum, Yosef) (Entered: 11/16/2017) |
| 11/16/2017 | 61 | WITHDRAWAL OF CLAIM. Document filed by Adrian Celmeta, Imram Shonar. (Nussbaum, Yosef) (Entered: 11/16/2017) |
| 11/17/2017 | 62 | ORDER granting 59 Letter Motion for Extension of Time to Complete Discovery. Application granted. The deadline for the completion of all fact discovery is extended to February 16, 2018. The deadline for the completion of all expert discovery is extended to April 2, 2018. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by February 16, 2018. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by March 2, 2018. The deadline for submission of motions for summary judgment, if any, is extended to April 30, 2018. The status conference scheduled for February 16, 2018 is adjourned to April 16, 2018 at 4:00 p.m. The joint status letter requested in the case management plan and scheduling order entered on July 5, 2017, Dkt. No. 27, is due no later than April 9, 2018. Except as expressly modified by this order, the case management plan entered by the Court on July 5, 2017, Dkt. No. 27, remains in full force and effect. SO ORDERED. (Signed by Judge Gregory H. Woods on 11/17/2017) (anc) (Entered: 11/17/2017) |
| 11/17/2017 | | Set/Reset Deadlines: Expert Discovery due by 4/2/2018. Fact Discovery due by 2/16/2018. Motions due by 4/30/2018. Set/Reset Hearings: Status Conference set for 4/16/2018 at 04:00 PM before Judge Gregory H. Woods. (anc) (Entered: 11/17/2017) |
| 11/20/2017 | 63 | CONSENT TO JOIN CLASS. Document filed by Ricardo Sanchez.(Nussbaum, Yosef) (Entered: 11/20/2017) |
| 01/26/2018 | 64 | LETTER MOTION to Compel All Defendants to provide and pay for interpreters at depositions addressed to Judge Kimba M. Wood from Josef Nussbaum dated 1/26/2018. Document filed by Fernando Marin, Ricardo Sanchez.(Nussbaum, Yosef) (Entered: 01/26/2018) |
| 01/26/2018 | 65 | LETTER MOTION for Discovery addressed to Judge Gregory H. Woods from Neal S. Comer, Esq. dated January 26, 2018. Document filed by David Ghatanfard, Laura Christy Midtown LLC, Genco Luca.(Comer, Neal) (Entered: 01/26/2018) |
| 01/26/2018 | 66 | ORDER. The Court will hold a teleconference to discuss the dispute outlined in the parties' January 26, 2018 letters, Dkt. Nos. 64 and 65, on January 29, 2018 at 9:15 a.m. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line. (Signed by Judge Gregory H. Woods on January 26, 2018) (Woods, Gregory) (Entered: 01/26/2018) |

| 01/29/2018 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 1/29/2018. (Court Reporter Anita Trombetta) (Daniels, Anthony) (Entered: 01/29/2018) |
|---|---|---|
| 01/30/2018 | 67 | ORDER granting 64 Letter Motion to Compel. Plaintiff's request to compel Defendants to provide and pay for interpreters at the depositions of opt-in Plaintiffs Fernando Marin and Ricardo Sanchez, Dkt. No. 64, is granted. Defendants' request for the Court to prohibit the use of interpreters at those depositions, Dkt. No. 65, is denied. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 01/30/2018) |
| 01/30/2018 | 68 | ORDER denying 65 Letter Motion for Discovery. Plaintiff's request to compel Defendants to provide and pay for interpreters at the depositions of opt-in Plaintiffs Fernando Marin and Ricardo Sanchez, Dkt. No. 64, is granted. Defendants' request for the Court to prohibit the use of interpreters at those depositions, Dkt. No. 65, is denied. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 01/30/2018) |
| 01/30/2018 | 69 | CONSENT TO JOIN CLASS. Document filed by Ulas Konca.(Nussbaum, Yosef) (Entered: 01/30/2018) |
| 01/31/2018 | 70 | NOTICE of of Withdrawal of Consent to Sue Form re: 69 Consent to Join Class. Document filed by Ulas Konca. (Nussbaum, Yosef) (Entered: 01/31/2018) |
| 02/09/2018 | 71 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Gregory H. Woods from Milo Silberstein dated February 9, 2018. Document filed by Laura Christy LLC.(Silberstein, Milo) (Entered: 02/09/2018) |
| 02/12/2018 | 72 | ORDER granting in part and denying in part 71 Letter Motion for Extension of Time to Complete Discovery. Application granted in part and denied in part. The parties' request for entry of a stay of discovery in this matter is denied. The parties' request for an extension of time to file motions for summary judgment is granted. The parties' obligation to submit pre-motion letters in accordance with paragraph 10 of the case management plan is adjourned to May 31, 2018. The deadline for submission of motions for summary judgment, if any, is extended to June 28, 2018. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 71. Motions due by 6/28/2018. (Signed by Judge Gregory H. Woods on 2/10/2018) (mro) (Entered: 02/12/2018) |
| 02/13/2018 | 73 | LETTER MOTION for Conference addressed to Judge Gregory H. Woods from Milo Silberstein dated February 13, 2018. Document filed by Laura Christy LLC.(Silberstein, Milo) (Entered: 02/13/2018) |
| 02/13/2018 | 74 | ORDER. The Court will hold a telephone conference on February 14, 2018 at 2:00 p.m. regarding the discovery dispute outlined in Defendants' February 13, 2018 letter, Dkt. No. 73. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line. (HEREBY ORDERED by Judge Gregory H. Woods on February 13, 2018) (Text Only Order)(Woods, Gregory) (Entered: 02/13/2018) |
| 02/13/2018 | 75 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** LETTER MOTION for Local Rule 37.2 Conference addressed to Judge Gregory H. Woods from Josef Nussbaum dated 2/13/2018. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A)(Nussbaum, Yosef) Modified on 4/16/2018 (db). (Entered: 02/13/2018) |
| 02/14/2018 | 76 | NOTICE of Withdrawal of Consent to Sue Form re: 48 Consent to Join Class, 49 Consent to Join Class. Document filed by Jesus Espinosa, Rafael Moctesuma. (Nussbaum, Yosef) (Entered: 02/14/2018) |
| 02/14/2018 | 77 | ORDER granting 75 Letter Motion for Local Rule 37.2 Conference. The Court will address the discovery disputes outlined in Plaintiffs' February 13, 2018 letter, Dkt. No. |

| | | |
|---|---|---|
| | | 75, at the February 14, 2018 telephone conference scheduled for 2:00 p.m. As outlined in the Court's February 13, 2018 order, Dkt. No. 74, the parties are directed to call Chambers (212-805-0296) at that time with all parties on the line. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 02/14/2018) |
| 02/14/2018 | 78 | LETTER MOTION to Compel Defendants Laura Christy Midtown LLC and David Ghatanfard to Disclose Information addressed to Judge Gregory H. Woods from Josef Nussbaum dated 2/14/2018. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A)(Nussbaum, Yosef) (Entered: 02/14/2018) |
| 02/14/2018 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 2/14/2018. (Daniels, Anthony) (Entered: 02/16/2018) |
| 02/15/2018 | 79 | ORDER. As discussed during the telephone conference held on February 14, 2018, the parties request for an extension of time to complete discovery, Dkt. No. 71, is granted in part. The deadline for the completion of fact discovery is extended to June 23, 2018 for the limited purpose of permitting the defendants to take the depositions of opt-in plaintiffs Alexandra Rindon, Vito Avella, and Diana Martha Michos and permitting the the plaintiffs to take renewed Rule 30(b)(6) depositions of representatives of Laura Christy LLC and Laura Christy Midtown LLC. Opt-in plaintiffs Alexandra Rindon, Vito Avella, and Diana Martha Michos are ordered to appear for depositions in the offices of Milo Silberstein, 225 Broadway, Suite 1405, New York, NY 10007, on February 27, 2018; provided, however, that the parties may agree to an earlier date on which to hold these depositions. The deadline for submission of a motion for class certification is extended to June 28, 2018. (HEREBY ORDERED by Judge Gregory H. Woods on February 15, 2018) (Text Only Order)(Woods, Gregory) (Entered: 02/15/2018) |
| 02/15/2018 | 80 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** LETTER MOTION to Compel *Opposition to Plaintiffs' Motion to Compel* addressed to Judge Gregory H. Woods from Milo Silberstein dated February 15, 2018. Document filed by Laura Christy LLC. (Attachments: # 1 Exhibit Email Correspondence, # 2 Exhibit Declaration)(Silberstein, Milo) Modified on 4/16/2018 (db). (Entered: 02/15/2018) |
| 02/15/2018 | 81 | LETTER addressed to Judge Gregory H. Woods from D. Maimon Kirschenbaum dated 2/15/2018 re: Defendants' Dilatory Tactics and Appropriate Relief. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Kirschenbaum, Daniel) (Entered: 02/15/2018) |
| 02/27/2018 | 82 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** LETTER MOTION for Discovery *Dismiss Vito Avella for Failure to Appear* addressed to Judge Gregory H. Woods from Milo Silberstein dated February 27, 2018. Document filed by Laura Christy LLC.(Silberstein, Milo) Modified on 4/19/2018 (ldi). (Entered: 02/27/2018) |
| 03/01/2018 | 83 | ORDER. The Court will hold a telephone conference to discuss the parties' submissions regarding discovery disputes, Dkt Nos. 78, 80-82, on March 2, 2018 at 3:30 p.m. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line. (HEREBY ORDERED by Judge Gregory H. Woods on March 1, 2018) (Text Only Order)(Woods, Gregory) (Entered: 03/01/2018) |
| 03/02/2018 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 3/2/2018. (Daniels, Anthony) (Entered: 04/03/2018) |
| 03/05/2018 | 84 | ORDER granting 82 Letter Motion for Discovery/Dismiss Vito Avella for Failure to Appear. As discussed during the March 2, 2018 telephone conference, following opt-in plaintiff Vito Avella's failure to appear for his court-ordered deposition, Dkt. No. 82, the parties consent to the dismissal of Mr. Avella from this action. The Clerk of Court is |

| | | directed to remove Vito Avella's name from the caption of this case, and to terminate the motion pending at Dkt. No. 82. Vito Avella terminated. (Signed by Judge Gregory H. Woods on 3/2/2018) (mro) (Entered: 03/05/2018) |
|---|---|---|
| 03/05/2018 | 85 | ORDER granting 78 Letter Motion to Compel. As discussed during the telephone conference held on March 2, 2018, Plaintiffs' motion to compel Defendants to provide the last known addresses for Defendants' three former managers, Hadi Alavian, David Morganelli, and Carlos Montoya, and to extend fact discovery for the limited purpose of taking the depositions of these three individuals, Dkt. No. 78, is granted. Defendants are directed to provide Plaintiffs with the last known addresses of the three former managers no later than March 9, 2018. Plaintiffs may take the depositions of the three former managers during the limited fact discovery period ending on June 23, 2018, Dkt. No. 79. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 03/05/2018) |
| 04/12/2018 | 86 | ORDER. In light of the limited-purpose extension of fact discovery, Dkt. No. 79, he Court sua sponte adjourns the status conference currently scheduled for April 16, 2018, Dkt. No. 62, to June 27, 2018 at 4:00 p.m. The joint letter described in the Case Management Plan, Dkt. No. 27, is due no later than June 20, 2018. (HEREBY ORDERED by Judge Gregory H. Woods on April 12, 2018) (Text Only Order)(Woods, Gregory) (Entered: 04/12/2018) |
| 06/04/2018 | 87 | MOTION to Amend/Correct 13 Answer to Complaint, Counterclaim, 11 Answer to Complaint . Document filed by Laura Christy LLC.(Bianco, Maria Louisa) (Entered: 06/04/2018) |
| 06/04/2018 | 88 | MEMORANDUM OF LAW in Support re: 87 MOTION to Amend/Correct 13 Answer to Complaint, Counterclaim, 11 Answer to Complaint . . Document filed by Laura Christy LLC. (Bianco, Maria Louisa) (Entered: 06/04/2018) |
| 06/04/2018 | 89 | DECLARATION of Milo Silberstein in Support re: 87 MOTION to Amend/Correct 13 Answer to Complaint, Counterclaim, 11 Answer to Complaint .. Document filed by Laura Christy LLC. (Attachments: # 1 Exhibit Ahmed v. Morgans Hotel Decision, # 2 Errata Ahmed v. Morgans Hotel Appellate Decision, # 3 Exhibit Proposed Amended Complaint Laura Christy LLC, # 4 Exhibit Proposed Amended Complaint Laura Christy Midtown LLC)(Bianco, Maria Louisa) (Entered: 06/04/2018) |
| 06/06/2018 | 90 | ORDER. No later than June 11, 2018, Plaintiffs are directed to respond to Defendants' Motion to Amend, Dkt. Nos. 87-89, by either informing the Court that they do not oppose Defendants' motion, or by submitting an opposition to the motion. If Plaintiffs oppose Defendants' motion, Defendants' reply, if any, is due no later than 4 days after service of Plaintiffs' opposition. (HEREBY ORDERED by Judge Gregory H. Woods on June 6, 2018) (Text Only Order)(Woods, Gregory) (Entered: 06/06/2018) |
| 06/07/2018 | 91 | LETTER MOTION for Extension of Time addressed to Judge Gregory H. Woods from Josef Nussbaum dated 6/7/2018. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 06/07/2018) |
| 06/08/2018 | 92 | ORDER granting in part and denying in part 91 Letter Motion for Extension of Time. Plaintiffs' request for an extension of time to respond to Defendants' motion to amend, Dkt. No. 91, is granted in part. Plaintiffs' time to respond to Defendants' motion to amend is extended to June 13, 2018. Defendants' reply, if any, is due no later than 4 days after service of Plaintiffs' opposition. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (Woods, Gregory) (Entered: 06/08/2018) |
| 06/13/2018 | 93 | NOTICE OF APPEARANCE by Lucas Colin Buzzard on behalf of Vito Avella, Julia Boyadjan, Arben Buqaj, Adrian Celmeta, Jesus Espinosa, Ulas Geckil, Vojislav Knezevic, |

| | | |
|---|---|---|
| | | Ulas Konca, Fernando Marin, Diana Martha Michos, Rafael Moctesuma, Alejandra C Rindon, Ricardo Sanchez, Imram Shonar, Pavle Zivkovic. (Buzzard, Lucas) (Entered: 06/13/2018) |
| 06/13/2018 | 94 | DECLARATION of Lucas C. Buzzard in Opposition re: 87 MOTION to Amend/Correct 13 Answer to Complaint, Counterclaim, 11 Answer to Complaint .. Document filed by Vito Avella, Julia Boyadjan, Arben Buqaj, Adrian Celmeta, Jesus Espinosa, Ulas Geckil, Vojislav Knezevic, Ulas Konca, Fernando Marin, Diana Martha Michos, Rafael Moctesuma, Alejandra C Rindon, Ricardo Sanchez, Imram Shonar, Pavle Zivkovic. (Attachments: # 1 Exhibit A (Ghatanfard Dep.), # 2 Exhibit B (Ghatanfard Exhibits), # 3 Exhibit C (Heuschneider Dep.), # 4 Exhibit D (Heushneider Exhibits), # 5 Exhibit E (Ahmed Notice of Motion for Leave to Appeal))(Buzzard, Lucas) (Entered: 06/13/2018) |
| 06/13/2018 | 95 | MEMORANDUM OF LAW in Opposition re: 87 MOTION to Amend/Correct 13 Answer to Complaint, Counterclaim, 11 Answer to Complaint . . Document filed by Vito Avella, Julia Boyadjan, Arben Buqaj, Adrian Celmeta, Jesus Espinosa, Ulas Geckil, Vojislav Knezevic, Ulas Konca, Fernando Marin, Diana Martha Michos, Rafael Moctesuma, Alejandra C Rindon, Ricardo Sanchez, Imram Shonar, Pavle Zivkovic. (Buzzard, Lucas) (Entered: 06/13/2018) |
| 06/18/2018 | 96 | LETTER MOTION for Extension of Time addressed to Judge Gregory H. Woods from Josef Nussbaum dated 6/18/2018. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 06/18/2018) |
| 06/18/2018 | 97 | REPLY MEMORANDUM OF LAW in Support re: 87 MOTION to Amend/Correct 13 Answer to Complaint, Counterclaim, 11 Answer to Complaint . . Document filed by Laura Christy LLC. (Bianco, Maria Louisa) (Entered: 06/18/2018) |
| 06/18/2018 | 98 | DECLARATION of Milo Silberstein in Support re: 87 MOTION to Amend/Correct 13 Answer to Complaint, Counterclaim, 11 Answer to Complaint .. Document filed by Laura Christy LLC. (Attachments: # 1 Exhibit Payroll Recods)(Bianco, Maria Louisa) (Entered: 06/18/2018) |
| 06/19/2018 | 99 | ORDER granting 96 Letter Motion for Extension of Time. Plaintiffs' request for an extension of time to take the Fed. R. Civ. P. 30(b)(6) deposition of Laura Christy Midtown LLC, and the parties' request for an extension of the deadlines to file motions for summary judgment and class certification, Dkt. No. 96, are granted. The deadline for Plaintiffs to take the 30(b)(6) deposition of Laura Christy Midtown LLC is extended to June 25, 2018. The deadline for the submission of Plaintiffs proposed motion for class certification is extended to July 26, 2018. Plaintiffs are directed to comply with the Courts Individual Rule 2(C) before filing such a motion. The deadline for the submission of motions for summary judgment is extended to July 26, 2018. Pursuant to the Courts Individual Rule 2(C) and the Case Management Plan and Scheduling Order, Dkt. No. 27, a request for a pre-motion conference regarding a proposed motion for summary judgment must be made no later than one week after the close of all discovery. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 06/19/2018) |
| 06/19/2018 | 100 | ORDER granting 87 Motion to Amend/Correct. Defendants' motion to amend their answers, Dkt. No. 87, is granted. The Court has reviewed the parties' submissions regarding Defendants' motion to amend their answers, Dkt. Nos. 88-89, 94-95, 97-98, and concludes that good cause exists because, inter alia, Defendants' proposed amendment would not result in significant prejudice to Plaintiffs, see CAC Atl., LLC v. Hartford Fire Ins. Co., No. 1:16-cv-5454-GHW, 2017 WL 3149340, at *4 (S.D.N.Y. July 25, 2017). The Court declines to decide at this stage whether the affirmative defenses found in N.Y. Labor Law §§ 198(1-b) and (1-d) can be invoked in defense of Defendants' alleged use of a "tip credit," and therefore whether Defendants' proposed added defense would be futile. |

| | | |
|---|---|---|
| | | Instead, the Court defers resolution of the merits of the added defense to any motions for summary judgment. See id. at *4 n.6. The deadline for Defendants to amend their answers is June 22, 2018. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 06/19/2018) |
| 06/20/2018 | 101 | AMENDED ANSWER to 1 Complaint. Document filed by Laura Christy LLC. (Bianco, Maria Louisa) (Entered: 06/20/2018) |
| 06/20/2018 | 102 | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated 6/20/2018 re: Status Update. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 06/20/2018) |
| 06/21/2018 | 103 | ANSWER to Complaint. Document filed by David Ghatanfard, Laura Christy Midtown LLC, Genco Luca.(Comer, Neal) (Entered: 06/21/2018) |
| 06/22/2018 | 104 | LETTER addressed to Judge Gregory H. Woods from Neal S. Comer, Esq. dated June 22, 2018 re: Request to adjourn conference until a date after plaintiffs file pre-motion letter.. Document filed by David Ghatanfard, Laura Christy Midtown LLC, Genco Luca.(Comer, Neal) (Entered: 06/22/2018) |
| 06/26/2018 | 105 | ORDER. Defendants Laura Christy Midtown LLC, David Ghatanfard, and Genco Luca's request for an adjournment of the conference scheduled for June 27, 2018, Dkt. No. 104, is granted. The conference currently scheduled for June 27, 2018 is adjourned to July 6, 2018 at 10:00 a.m. (HEREBY ORDERED by Judge Gregory H. Woods on June 26, 2018) (Text Only Order)(Woods, Gregory) (Entered: 06/26/2018) |
| 07/02/2018 | 106 | LETTER MOTION for Conference *re: Motion for Class Certification* addressed to Judge Gregory H. Woods from Josef Nussbaum dated 7/2/2018. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 07/02/2018) |
| 07/02/2018 | 107 | LETTER MOTION for Conference *re: Motion for Partial Summary Judgment* addressed to Judge Gregory H. Woods from Josef Nussbaum dated 7/2/2018. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 07/02/2018) |
| 07/03/2018 | 108 | ORDER granting 106 Letter Motion for Conference ; granting 107 Letter Motion for Conference. Plaintiffs' requests for pre-motion conferences, Dkt. Nos. 106, 107, are granted. The Court will discuss Plaintiffs' proposed motion for partial summary judgment and proposed motion for class certification during the status conference scheduled for July 6, 2018 at 10:00 a.m. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 07/03/2018) |
| 07/05/2018 | 109 | LETTER RESPONSE to Motion addressed to Judge Gregory H. Woods from Milo Silberstein dated July 5, 2018 re: 106 LETTER MOTION for Conference *re: Motion for Class Certification* addressed to Judge Gregory H. Woods from Josef Nussbaum dated 7/2/2018. . Document filed by Laura Christy LLC. (Silberstein, Milo) (Entered: 07/05/2018) |
| 07/05/2018 | 110 | LETTER RESPONSE to Motion addressed to Judge Gregory H. Woods from Milo Silberstein dated July 5, 2018 re: 107 LETTER MOTION for Conference *re: Motion for Partial Summary Judgment* addressed to Judge Gregory H. Woods from Josef Nussbaum dated 7/2/2018. . Document filed by Laura Christy LLC. (Silberstein, Milo) (Entered: 07/05/2018) |
| 07/06/2018 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Status Conference held on 7/6/2018. (Court Reporter Andrew Walker) (Daniels, Anthony) (Entered: 07/06/2018) |
| 07/09/2018 | 111 | ORDER. Plaintiffs' request for leave to file a motion for class certification, Dkt. No. 106, is granted, and Plaintiffs' request for leave to file a motion for partial summary judgment, |

| | | |
|---|---|---|
| | | Dkt. No. 107, is granted in part. The deadline for Plaintiffs to file and serve their motion for class certification is August 10, 2018. Defendants' opposition is due no later than September 14, 2018; Plaintiffs' reply, if any, is due within two weeks after service of Defendants' opposition. The deadline for Plaintiffs to file and serve their motion for partial summary judgment, to be limited to the single issue of whether the Valbella restaurants constitute a single integrated employer, is August 10, 2018. Defendants' opposition is due no later than September 14, 2018; Plaintiffs' reply, if any, is due within two weeks after service of Defendants' opposition. (HEREBY ORDERED by Judge Gregory H. Woods on July 9, 2018) (Text Only Order)(Woods, Gregory) (Entered: 07/09/2018) |
| 07/19/2018 | 112 | TRANSCRIPT of Proceedings re: conference held on 7/6/2018 before Judge Gregory H. Woods. Court Reporter/Transcriber: Andrew Walker, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/9/2018. Redacted Transcript Deadline set for 8/20/2018. Release of Transcript Restriction set for 10/17/2018. (McGuirk, Kelly) (Entered: 07/19/2018) |
| 07/19/2018 | 113 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 7/6/18 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 07/19/2018) |
| 08/10/2018 | 114 | MOTION for Summary Judgment . Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 08/10/2018) |
| 08/10/2018 | 115 | MEMORANDUM OF LAW in Support re: 114 MOTION for Summary Judgment . . Document filed by Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 08/10/2018) |
| 08/10/2018 | 116 | DECLARATION of Josef Nussbaum in Support re: 114 MOTION for Summary Judgment .. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Errata O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V)(Nussbaum, Yosef) (Entered: 08/10/2018) |
| 08/10/2018 | 117 | RULE 56.1 STATEMENT. Document filed by Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 08/10/2018) |
| 08/10/2018 | 118 | MOTION to Certify Class . Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 08/10/2018) |
| 08/10/2018 | 119 | MEMORANDUM OF LAW in Support re: 118 MOTION to Certify Class . . Document filed by Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 08/10/2018) |
| 08/10/2018 | 120 | DECLARATION of Pavle Zivkovic in Support re: 118 MOTION to Certify Class .. Document filed by Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 08/10/2018) |
| 08/10/2018 | 121 | DECLARATION of Yuliya Boyodjan in Support re: 118 MOTION to Certify Class .. Document filed by Julia Boyadjan. (Nussbaum, Yosef) (Entered: 08/10/2018) |
| 08/10/2018 | 122 | DECLARATION of Vojislav Knezevic in Support re: 118 MOTION to Certify Class .. Document filed by Vojislav Knezevic. (Nussbaum, Yosef) (Entered: 08/10/2018) |
| 08/10/2018 | 123 | DECLARATION of Ricardo Sanchez in Support re: 118 MOTION to Certify Class .. |

| | | Document filed by Ricardo Sanchez. (Nussbaum, Yosef) (Entered: 08/10/2018) |
|---|---|---|
| 08/10/2018 | 124 | DECLARATION of Fernando Marin in Support re: 118 MOTION to Certify Class .. Document filed by Fernando Marin. (Nussbaum, Yosef) (Entered: 08/10/2018) |
| 08/10/2018 | 125 | DECLARATION of Josef Nussbaum in Support re: 118 MOTION to Certify Class .. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O)(Nussbaum, Yosef) (Entered: 08/10/2018) |
| 09/14/2018 | 126 | MEMORANDUM OF LAW in Opposition re: 114 MOTION for Summary Judgment . . Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 09/14/2018) |
| 09/14/2018 | 127 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU (SEE 136 Declaration) -** DECLARATION of Milo Silberstein in Opposition re: 114 MOTION for Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Attachments: # 1 Exhibit A- Corporate Listing, # 2 Exhibit B- Operating Agreement, # 3 Exhibit C- Ghatanfard Transcript, # 4 Exhibit D- DeMarco Transcript, # 5 Exhibit E- Pirsos Transcript, # 6 Exhibit F- Sanchez Transcript, # 7 Exhibit G- Heuschneider Transcript, # 8 Exhibit I- Zivkovic Transcript)(Bianco, Maria Louisa) Modified on 9/18/2018 (db). (Entered: 09/14/2018) |
| 09/14/2018 | 128 | DECLARATION of David Ghatanfard in Opposition re: 114 MOTION for Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 09/14/2018) |
| 09/14/2018 | 129 | DECLARATION of Hadi Alavian in Opposition re: 114 MOTION for Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 09/14/2018) |
| 09/14/2018 | 130 | MEMORANDUM OF LAW in Opposition re: 118 MOTION to Certify Class . . Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 09/14/2018) |
| 09/14/2018 | 131 | DECLARATION of David Ghatanfard in Opposition re: 118 MOTION to Certify Class .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 09/14/2018) |
| 09/14/2018 | 132 | DECLARATION of Hadi Alavian in Opposition re: 118 MOTION to Certify Class .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 09/14/2018) |
| 09/14/2018 | 133 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE 134 Declaration) -** DECLARATION of Milo Silberstein in Opposition re: 118 MOTION to Certify Class .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Attachments: # 1 Exhibit A-DeMarco Transcript, # 2 Exhibit B-Zivkovic Transcript, # 3 Exhibit C- Knezevic Transcript, # 4 Exhibit D- Marin Transcript, # 5 Exhibit E- Ghatanfard Transcript, # 6 Exhibit F- Pirsos Transcript, # 7 Exhibit I- Sanchez Transcript, # 8 Exhibit J- Boyadjan Transcript, # 9 Exhibit K- Heuschneider Transcript) (Bianco, Maria Louisa) Modified on 9/18/2018 (db). (Entered: 09/14/2018) |
| 09/17/2018 | 134 | DECLARATION of Milo Silberstein in Opposition re: 118 MOTION to Certify Class .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Attachments: # 1 Exhibit A- Excerpts from DeMarco Transcript, # 2 Exhibit B- Excerpts from Zivkovic Transcript, # 3 Exhibit C- Excerpts from Knezevic Transcript, # 4 Exhibit D- Excerpts from Marin Transcript, # 5 Exhibit E- Excerpts from |

| | | Ghatanfard Transcript, # 6 Exhibit F- Excerpts from Pirsos Transcript, # 7 Exhibit G-Wage Forms, # 8 Exhibit H- Laura Christy LLC Midtown, # 9 Exhibit I- Excerpts from Sanchez Transcript, # 10 Exhibit J- Excerpts from Boyadjan Transcript, # 11 Exhibit K-Excerpts from Heuschneider Transcript)(Bianco, Maria Louisa) (Entered: 09/17/2018) |
|---|---|---|
| 09/17/2018 | 135 | RESPONSE in Opposition to Motion re: 114 MOTION for Summary Judgment . *Response to Plaintiffs' 56.1 Statement*. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 09/17/2018) |
| 09/17/2018 | 136 | DECLARATION of Milo Silberstein in Opposition re: 114 MOTION for Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Attachments: # 1 Exhibit A- Corporate Listing, # 2 Exhibit B- Operating Agreement, # 3 Exhibit C- Excerpts from Ghatanfard, # 4 Exhibit D-Excerpts from DeMarco, # 5 Exhibit E- Excerpts from Pirsos, # 6 Exhibit F- Excerpts from Sanchez, # 7 Exhibit G- Excerpts from Heuschneider, # 8 Exhibit H-Website, # 9 Exhibit I- Excerpts from Zivkovic)(Bianco, Maria Louisa) (Entered: 09/17/2018) |
| 09/17/2018 | 137 | LETTER MOTION for Extension of Time *to File Reply Briefs* addressed to Judge Gregory H. Woods from Josef Nussbaum dated 9/17/2018. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 09/17/2018) |
| 09/18/2018 | 138 | ORDER granting 137 Letter Motion for Extension of Time. Plaintiffs' request for an extension of time to file replies in support of their motions for partial summary judgment and class certification, Dkt. No. 137, is granted. The deadline for Plaintiffs to file a reply in support of their motion for partial summary judgment and a reply in support of their motion for class certification is extended to October 10, 2018. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 09/18/2018) |
| 10/10/2018 | 139 | REPLY MEMORANDUM OF LAW in Support re: 114 MOTION for Summary Judgment . . Document filed by Vito Avella, Julia Boyadjan, Arben Buqaj, Adrian Celmeta, Jesus Espinosa, Ulas Geckil, Vojislav Knezevic, Ulas Konca, Fernando Marin, Diana Martha Michos, Rafael Moctesuma, Alejandra C Rindon, Ricardo Sanchez, Imram Shonar, Pavle Zivkovic. (Buzzard, Lucas) (Entered: 10/10/2018) |
| 10/10/2018 | 140 | REPLY MEMORANDUM OF LAW in Support re: 118 MOTION to Certify Class . . Document filed by Julia Boyadjan, Vojislav Knezevic, Fernando Marin, Ricardo Sanchez, Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 10/10/2018) |
| 10/10/2018 | 141 | DECLARATION of Josef Nussbaum in Support re: 118 MOTION to Certify Class .. Document filed by Julia Boyadjan, Vojislav Knezevic, Fernando Marin, Ricardo Sanchez, Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Nussbaum, Yosef) (Entered: 10/10/2018) |
| 10/26/2018 | 142 | NOTICE OF CHANGE OF ADDRESS by Neal Sanford Comer on behalf of All Defendants. New Address: Neal S. Comer, 81 Main Street, Suite 205, White Plains, NY, USA 10601, 914-683-5400. (Comer, Neal) (Entered: 10/26/2018) |
| 11/13/2018 | 143 | ORDER. The Court will hold a telephone conference on November 16, 2018 at 2:45 p.m. to discuss Plaintiffs' motion for partial summary judgment. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line. (HEREBY ORDERED by Judge Gregory H. Woods on November 13, 2018) (Text Only Order)(Daniels, Anthony) (Entered: 11/13/2018) |
| 11/13/2018 | 144 | LETTER MOTION to Adjourn Conference addressed to Judge Gregory H. Woods from Milo Silberstein dated November 13, 2018. Document filed by Laura Christy LLC. (Bianco, Maria Louisa) (Entered: 11/13/2018) |

| | | |
|---|---|---|
| 11/15/2018 | 145 | ORDER granting <u>144</u> Letter Motion to Adjourn Conference. Defendant Laura Christy LLC's request to adjourn the conference scheduled for November 16, 2018, Dkt. No. 144, is granted. The conference currently scheduled for November 16, 2018 is adjourned to November 19, 2018 at 4:45 p.m. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Daniels, Anthony) (Entered: 11/15/2018) |
| 11/19/2018 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 11/19/2018. (Court Reporter Andrew Walker) (Daniels, Anthony) (Entered: 11/21/2018) |
| 11/20/2018 | 146 | ORDER denying <u>114</u> Motion for Summary Judgment. For the reasons stated on the record during the November 19, 2018 telephone conference, Plaintiffs' motion for partial summary judgment, Dkt. No. 114, is denied. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Daniels, Anthony) (Entered: 11/20/2018) |
| 11/30/2018 | <u>147</u> | MEMORANDUM OPINION AND ORDER re: <u>118</u> MOTION to Certify Class filed by Pavle Zivkovic. For the reasons stated above, Plaintiff's motion for class certification is GRANTED. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 118. (Signed by Judge Gregory H. Woods on 11/30/2018) (mro) (Entered: 12/03/2018) |
| 12/06/2018 | <u>148</u> | TRANSCRIPT of Proceedings re: conference held on 11/19/2018 before Judge Gregory H. Woods. Court Reporter/Transcriber: Andrew Walker, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/27/2018. Redacted Transcript Deadline set for 1/7/2019. Release of Transcript Restriction set for 3/6/2019. (McGuirk, Kelly) (Entered: 12/06/2018) |
| 12/06/2018 | <u>149</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 11/19/18 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/06/2018) |
| 12/07/2018 | 150 | ORDER. As discussed during the telephone conference held on November 19, 2018, the Court will schedule a trial in this action. No later than December 14, 2018, the parties are directed to submit a joint letter regarding (i) the expected length of the trial in this case and (ii) the parties' availability for trial in June, July, and August of 2019. (HEREBY ORDERED by Judge Gregory H. Woods on December 7, 2018) (Text Only Order) (Daniels, Anthony) (Entered: 12/07/2018) |
| 12/15/2018 | <u>151</u> | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated 12/14/2018 re: Length and Dates of Trial. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 12/15/2018) |
| 12/26/2018 | 152 | ORDER. The parties' joint letter, Dkt. No. 151, references attached class notice forms, but does not attach any such forms. The parties are directed to submit the notice of class action forms referenced in their joint letter, Dkt. No. 151, forthwith. (HEREBY ORDERED by Judge Gregory H. Woods on December 26, 2018) (Text Only Order) (Daniels, Anthony) (Entered: 12/26/2018) |
| 12/26/2018 | <u>153</u> | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated 12/28/2018 re: Exhibits. Document filed by Pavle Zivkovic. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Nussbaum, Yosef) (Entered: 12/26/2018) |

| 01/15/2019 | 154 | ORDER. The Court will hold a telephone conference to discuss the parties' proposed class notices, Dkt. No. 153, on January 17, 2019 at 3:00 p.m. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line. (HEREBY ORDERED by Judge Gregory H. Woods on January 15, 2019) (Text Only Order) (Daniels, Anthony) (Entered: 01/15/2019) |
|---|---|---|
| 01/17/2019 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 1/17/2019. (Court Reporter Pamela Utter) (Daniels, Anthony) (Entered: 01/18/2019) |
| 01/23/2019 | 155 | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated 1/23/2019 re: Class Action Notices. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Nussbaum, Yosef) (Entered: 01/23/2019) |
| 01/25/2019 | 156 | ORDER: No later than February 1, 2019, the parties are directed to submit a joint letter regarding their availability for alternative trial dates in September, October, and November 2019. Defendants are directed to produce, within 30 days and in Microsoft Excel format, the names, last known addresses, alternate addresses, if any, all known telephone numbers, all known email addresses, social security numbers, dates of birth, dates of employment, and job titles of all Valbella Meatpacking Subclass Members and Valbella Midtown Subclass Members. Defendants are also directed to produce, within 90 days, the following documents in their possession, custody, or control for all subclass members covering the entire class period: personnel files, time records, weekly earnings records and payroll journals, daily tip sheets, weekly tip sheets, weekly schedules, and wage statements. Plaintiffs are directed to mail the Notice and Opt Out Form provided by the parties on January 23, 2019, Dkt. No. 155, except that Plaintiffs are directed to correct the typographical error at the top of the Notice of Wage & Hour Lawsuit Against Valbella Meatpacking that states "This is a court authorized cotice," Dkt. No. 155-1, at 2 (emphasis added). (Signed by Judge Gregory H. Woods on 1/25/2019) (mro) (Entered: 01/28/2019) |
| 01/30/2019 | 157 | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated 1/30/2019 re: Trial Dates. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 01/30/2019) |
| 01/31/2019 | 158 | ORDER: A jury trial in this matter will begin on Monday, October 28, 2019 at 9:00 a.m. The Court will hold a final pretrial conference in this case on Wednesday October 9, 2019 at 4:00 p.m. Both the final pretrial conference and the jury trial will be held in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York 10007. The parties are directed to submit the following materials no later than August 3, 2019: (1) the joint pretrial order and other submissions permitted or required under Rule 5 of the Court's Individual Rules of Practice in Civil Cases, (2) a proposed brief, mutually acceptable description of the case, to be read to the venire, and (3) a proposed brief, mutually acceptable overview of the applicable law, to be read to the jury as part of the Court's initial instructions prior to opening statements. SO ORDERED. (Pretrial Order due by 8/3/2019. Final Pretrial Conference set for 10/9/2019 at 04:00 PM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge Gregory H. Woods. Jury Trial set for 10/28/2019 at 09:00 AM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge Gregory H. Woods.) (Signed by Judge Gregory H. Woods on 1/31/2019) (anc) (Entered: 01/31/2019) |
| 04/11/2019 | 159 | LETTER MOTION for Conference addressed to Judge Gregory H. Woods from Josef Nussbaum dated 4/11/2019. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A)(Nussbaum, Yosef) (Entered: 04/11/2019) |

| 04/15/2019 | 160 | ORDER granting 159 Letter Motion for Conference. Application granted. The Court will hold a teleconference regarding Plaintiffs' proposed motion for partial summary judgment on April 18, 2019 at 11:00 a.m. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line. SO ORDERED. (Telephone Conference set for 4/18/2019 at 11:00 AM before Judge Gregory H. Woods.) (Signed by Judge Gregory H. Woods on 4/13/2019) (anc) (Entered: 04/15/2019) |
| 04/16/2019 | 161 | LETTER addressed to Judge Gregory H. Woods from Milo Silberstein dated April 16, 2019 re: Response to Plaintiffs' Request for Pre-Motion Conference. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 04/16/2019) |
| 04/18/2019 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 4/18/2019. (Court Reporter Kristen Carannante) (Daniels, Anthony) (Entered: 04/18/2019) |
| 04/19/2019 | 162 | ORDER. As discussed during the telephone conference held on April 18, 2019, the final pretrial conference and jury trial in this matter are adjourned sine die. The Court sets the following briefing schedule for Plaintiffs' partial motion for summary judgment: Plaintiffs' motion is due no later than May 24, 2019; Defendants' opposition is due no later than June 24, 2019; Plaintiffs' reply is due no later than two weeks following service of Defendants' opposition. (HEREBY ORDERED by Judge Gregory H. Woods on April 19, 2019) (Text Only Order)(Daniels, Anthony) (Entered: 04/19/2019) |
| 05/21/2019 | 163 | TRANSCRIPT of Proceedings re: CONFERENCE held on 4/18/2019 before Judge Gregory H. Woods. Court Reporter/Transcriber: Kristen Carannante, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2019. Redacted Transcript Deadline set for 6/21/2019. Release of Transcript Restriction set for 8/19/2019. (McGuirk, Kelly) (Entered: 05/21/2019) |
| 05/21/2019 | 164 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 4/18/19 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 05/21/2019) |
| 05/24/2019 | 165 | MOTION for Partial Summary Judgment . Document filed by Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 05/24/2019) |
| 05/24/2019 | 166 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE 174 Memorandum) -** MEMORANDUM OF LAW in Support re: 165 MOTION for Partial Summary Judgment . . Document filed by Pavle Zivkovic. (Nussbaum, Yosef) Modified on 5/31/2019 (db). (Entered: 05/24/2019) |
| 05/24/2019 | 167 | DECLARATION of Pavle Zivkovic in Support re: 165 MOTION for Partial Summary Judgment .. Document filed by Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 05/24/2019) |
| 05/24/2019 | 168 | DECLARATION of Yuliya Boyadjan in Support re: 165 MOTION for Partial Summary Judgment .. Document filed by Julia Boyadjan. (Nussbaum, Yosef) (Entered: 05/24/2019) |
| 05/24/2019 | 169 | DECLARATION of Vojislav Knezevic in Support re: 165 MOTION for Partial Summary Judgment .. Document filed by Vojislav Knezevic. (Nussbaum, Yosef) (Entered: 05/24/2019) |

| | | |
|---|---|---|
| 05/24/2019 | 170 | DECLARATION of Ricardo Sanchez in Support re: 165 MOTION for Partial Summary Judgment .. Document filed by Ricardo Sanchez. (Nussbaum, Yosef) (Entered: 05/24/2019) |
| 05/24/2019 | 171 | DECLARATION of Fernando Marin in Support re: 165 MOTION for Partial Summary Judgment .. Document filed by Fernando Marin. (Nussbaum, Yosef) (Entered: 05/24/2019) |
| 05/24/2019 | 172 | DECLARATION of Josef Nussbaum in Support re: 165 MOTION for Partial Summary Judgment .. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit AB)(Nussbaum, Yosef) (Entered: 05/24/2019) |
| 05/24/2019 | 173 | RULE 56.1 STATEMENT. Document filed by Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 05/24/2019) |
| 05/24/2019 | 174 | MEMORANDUM OF LAW in Support re: 165 MOTION for Partial Summary Judgment . . Document filed by Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 05/24/2019) |
| 06/24/2019 | 175 | DECLARATION of Milo Silberstein in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Attachments: # 1 Exhibit A- Sample Payroll Records, # 2 Exhibit B- Midtown Notice 2017, # 3 Exhibit C- Meatpacking Notice 2016, # 4 Exhibit D-Marin Deposition Excerpt, # 5 Exhibit E-Meatpacking Payroll Records 2011, 2013, 2014, # 6 Exhibit F-Meatpacking Records 2015, # 7 Exhibit G-Midtown Records 2012, 2013, # 8 Exhibit H- Midtown Records 2014, # 9 Exhibit I- Midtown Records 2017, # 10 Exhibit J- Class Lists, # 11 Exhibit K- DeMarco Deposition, # 12 Exhibit L- Wage Posters, # 13 Exhibit M- Wage Statement, # 14 Exhibit N- March 4, 2015 Opinion Letter, # 15 Exhibit O- May 4, 2016 Opinion Letter)(Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 176 | DECLARATION of Hadi Alavian in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 177 | DECLARATION of Danielle Brown in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 178 | DECLARATION of Elva Chiu in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 179 | DECLARATION of Ardita Huseinavic in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 180 | DECLARATION of Gianna Izzo in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 181 | DECLARATION of Aram Khachaturian in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |

| 06/24/2019 | 182 | DECLARATION of David Morganelli in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 183 | DECLARATION of Anelito Antonelli in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 184 | DECLARATION of Daniel Brand in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 185 | DECLARATION of Arben Buqaj in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 186 | DECLARATION of Ismet Jasaraj in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 187 | DECLARATION of Carina Lazzaro in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 188 | DECLARATION of Elton Olli in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 189 | DECLARATION of Paola Rosa in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 190 | DECLARATION of Ertis Pashako in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 191 | DECLARATION of Florence Pashako in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 192 | DECLARATION of Christian Sanchez in Opposition re: 165 MOTION for Partial Summary Judgment .. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 193 | COUNTER STATEMENT TO 173 Rule 56.1 Statement. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/24/2019 | 194 | MEMORANDUM OF LAW in Opposition re: 165 MOTION for Partial Summary Judgment . . Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/24/2019) |
| 06/25/2019 | 195 | LETTER MOTION for Conference *and for Sanctions* addressed to Judge Gregory H. Woods from Josef Nussbaum dated 6/25/2019. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A)(Nussbaum, Yosef) (Entered: 06/25/2019) |
| 06/26/2019 | 196 | ORDER granting 195 Letter Motion for Conference. Plaintiffs' application for a conference is granted. The Court will hold a conference on July 3, 2019 at 11:00 a.m. to discuss the issues raised by Plaintiffs' letter. The deadline for Plaintiffs to file their reply |

| | | to Defendants' opposition to Plaintiffs' motion for partial summary judgment is adjourned sine die. Status Conference set for 7/3/2019 at 11:00 AM before Judge Gregory H. Woods. (Signed by Judge Gregory H. Woods on 6/26/2019) (mro) (Entered: 06/26/2019) |
|---|---|---|
| 06/26/2019 | 197 | LETTER RESPONSE to Motion addressed to Judge Gregory H. Woods from Milo Silberstein dated June 26, 2019 re: 195 LETTER MOTION for Conference *and for Sanctions* addressed to Judge Gregory H. Woods from Josef Nussbaum dated 6/25/2019. . Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. (Bianco, Maria Louisa) (Entered: 06/26/2019) |
| 06/26/2019 | 198 | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated 6/26/2019 re: yesterday's motion for conference. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 06/26/2019) |
| 06/27/2019 | 199 | MEMO ENDORSEMENT on re: 198 Letter filed by Pavle Zivkovic. ENDORSEMENT: Application granted. The conference currently scheduled for July 3, 2019 is adjourned sine die. The deadline for Plaintiffs to file their reply to Defendants' opposition to Plaintiffs' motion for partial summary judgment is July 8, 2019. SO ORDERED. (Signed by Judge Gregory H. Woods on 6/27/2019) (jca) (Entered: 06/27/2019) |
| 06/27/2019 | | Set/Reset Deadlines: Replies due by 7/8/2019. (jca) (Entered: 06/27/2019) |
| 07/02/2019 | 200 | LETTER addressed to Judge Gregory H. Woods from D. Maimon Kirschenbaum dated July 2, 2019 re: Request an adjournment of time to file Plaintiffs' Reply. Document filed by Vito Avella, Julia Boyadjan, Arben Buqaj, Adrian Celmeta, Jesus Espinosa, Ulas Geckil, Vojislav Knezevic, Ulas Konca, Fernando Marin, Diana Martha Michos, Rafael Moctesuma, Alejandra C Rindon, Ricardo Sanchez, Imram Shonar, Pavle Zivkovic. (Kirschenbaum, Daniel) (Entered: 07/02/2019) |
| 07/03/2019 | 201 | MEMO ENDORSEMENT on re: 200 Letter, filed by Ulas Geckil, Diana Martha Michos, Alejandra C Rindon, Ricardo Sanchez, Ulas Konca, Imram Shonar, Julia Boyadjan, Vito Avella, Arben Buqaj, Adrian Celmeta, Fernando Marin, Rafael Moctesuma, Pavle Zivkovic, Jesus Espinosa, Vojislav Knezevic. ENDORSEMENT: Application granted. The deadline for Plaintiffs to file their reply to Defendants' opposition to Plaintiffs' motion for partial summary judgment is extended to July 30, 2019. (Replies due by 7/30/2019.) (Signed by Judge Gregory H. Woods on 7/3/2019) (cf) (Entered: 07/03/2019) |
| 07/17/2019 | 202 | TRANSCRIPT of Proceedings re: conference held on 3/2/2018 before Judge Gregory H. Woods. Court Reporter/Transcriber: Andrew Walker, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/7/2019. Redacted Transcript Deadline set for 8/19/2019. Release of Transcript Restriction set for 10/15/2019. (McGuirk, Kelly) (Entered: 07/17/2019) |
| 07/17/2019 | 203 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 3/2/18 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 07/17/2019) |
| 07/30/2019 | 204 | REPLY MEMORANDUM OF LAW in Support re: 165 MOTION for Partial Summary Judgment . . Document filed by Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 07/30/2019) |
| 07/30/2019 | 205 | RULE 56.1 STATEMENT. Document filed by Pavle Zivkovic. (Nussbaum, Yosef) (Entered: 07/30/2019) |

| 07/30/2019 | 206 | DECLARATION of Josef Nussbaum in Support re: 165 MOTION for Partial Summary Judgment .. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Nussbaum, Yosef) (Entered: 07/30/2019) |
| --- | --- | --- |
| 10/10/2019 | 207 | ORDER. The Court will hold a telephone conference to discuss Plaintiff's Motion for Partial Summary Judgment on October 15, 2019 at 2:00 p.m. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line. (HEREBY ORDERED by Judge Gregory H. Woods on October 10, 2019) (Text Only Order) (Daniels, Anthony) (Entered: 10/10/2019) |
| 10/11/2019 | 208 | LETTER MOTION for Extension of Time addressed to Judge Gregory H. Woods from Josef Nussbaum dated 10/11/2019. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 10/11/2019) |
| 10/11/2019 | 209 | LETTER addressed to Judge Gregory H. Woods from Neal S. Comer dated October 11, 2019 re: adjournment request. Document filed by David Ghatanfard, Laura Christy Midtown LLC.(Comer, Neal) (Entered: 10/11/2019) |
| 10/15/2019 | 210 | ORDER granting 208 Letter Motion for Extension of Time. Application granted. The telephone conference currently scheduled for October 15, 2019 is adjourned to October 18, 2019 at 2:00 p.m. (Signed by Judge Gregory H. Woods on 10/14/2019) (mro) (Entered: 10/15/2019) |
| 10/15/2019 | | Set/Reset Hearings: Telephone Conference set for 10/18/2019 at 02:00 PM before Judge Gregory H. Woods. (mro) (Entered: 10/15/2019) |
| 10/18/2019 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 10/18/2019. (Court Reporter Paula Speer) (Daniels, Anthony) (Entered: 10/18/2019) |
| 10/23/2019 | 211 | ORDER denying 165 Motion for Partial Summary Judgment. For the reasons discussed during the telephone conference held on October 18, 2019, Plaintiff's motion for partial summary judgment, Dkt. No. 165, is denied. A jury trial in this matter will begin on Monday, July 13, 2020 at 9:00 a.m. The Court will hold a final pretrial conference in this case on June 29, 2020 at 10:00 a.m. The materials described in the Court's January 31, 2019 order setting jury trial are due no later than May 1, 2020. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Daniels, Anthony) (Entered: 10/23/2019) |
| 10/23/2019 | | Set/Reset Hearings: Final Pretrial Conference set for 6/29/2020 at 10:00 AM before Judge Gregory H. Woods. Jury Trial set for 7/13/2020 at 09:00 AM before Judge Gregory H. Woods. (Daniels, Anthony) (Entered: 10/23/2019) |
| 11/05/2019 | 212 | TRANSCRIPT of Proceedings re: DECISON held on 10/18/2019 before Judge Gregory H. Woods. Court Reporter/Transcriber: Paula Speer, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/26/2019. Redacted Transcript Deadline set for 12/6/2019. Release of Transcript Restriction set for 2/3/2020.(McGuirk, Kelly) (Entered: 11/05/2019) |
| 11/05/2019 | 213 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a DECISON proceeding held on 10/18/19 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 11/05/2019) |

| | | |
|---|---|---|
| 12/06/2019 | 214 | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated 12/6/2019 re: Advance Motions In Limine. Document filed by Pavle Zivkovic.(Nussbaum, Yosef) (Entered: 12/06/2019) |
| 12/09/2019 | 215 | MEMO ENDORSEMENT: on re: 214 Letter filed by Pavle Zivkovic. ENDORSEMENT: Application denied. The parties should file memoranda of law on the issues raised by Plaintiffs' letter in connection with their requests to charge, which should be submitted in accordance with the Court's October 23, 2019. SO ORDERED. (Signed by Judge Gregory H. Woods on 12/09/2019) (ama) (Entered: 12/09/2019) |
| 03/18/2020 | 216 | MOTION for Maria Louisa Bianco to Withdraw as Attorney . Document filed by Laura Christy LLC..(Bianco, Maria Louisa) (Entered: 03/18/2020) |
| 03/19/2020 | 217 | MEMO ENDORSEMENT on MOTION TO WITHDRAW: granting 216 Motion to Withdraw as Attorney. ENDORSEMENT: Maria Louisa Bianco is granted leave to withdraw as counsel for plaintiff. The Clerk of Court is instructed to remove Maria Louisa Bianco from the list of counsel in this case. SO ORDERED. Attorney Maria Louisa Bianco terminated. (Signed by Judge Gregory H. Woods on 3/19/2020) (ama) (Entered: 03/19/2020) |
| 04/03/2020 | 218 | LETTER MOTION for Extension of Time addressed to Judge Gregory H. Woods from All Parties dated 4/3/2020. Document filed by Pavle Zivkovic..(Nussbaum, Yosef) (Entered: 04/03/2020) |
| 04/06/2020 | 219 | ORDER with respect to 218 Letter Motion for Extension of Time. The Court will hold a conference call on April 8, 2020 at 4:00 p.m. to discuss the parties' proposed extension. The parties are directed to the Court's Emergency Rules related to the COVID-19 pandemic, which are available on the Court's website, for dial-in numbers for the conference and other relevant information. SO ORDERED. (Signed by Judge Gregory H. Woods on 4/5/2020) (ks) (Entered: 04/06/2020) |
| 04/06/2020 | | Set/Reset Hearings: Telephone Conference set for 4/8/2020 at 04:00 PM before Judge Gregory H. Woods. (ks) (Entered: 04/06/2020) |
| 04/06/2020 | 220 | NOTICE OF APPEARANCE by Amanda Elizabeth Maguire on behalf of Laura Christy LLC..(Maguire, Amanda) (Entered: 04/06/2020) |
| 04/08/2020 | 221 | NOTICE of conference call appearance. Document filed by David Ghatanfard, Laura Christy Midtown LLC, Genco Luca..(Comer, Neal) (Entered: 04/08/2020) |
| 04/08/2020 | 222 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE DOCUMENT #223) -** NOTICE of of conference call appearance. Document filed by Pavle Zivkovic. (Nussbaum, Yosef) Modified on 4/15/2020 (ldi). (Entered: 04/08/2020) |
| 04/08/2020 | 223 | NOTICE of of conference call appearance. Document filed by Pavle Zivkovic.. (Nussbaum, Yosef) (Entered: 04/08/2020) |
| 04/08/2020 | 224 | NOTICE of Conference Call Appearance. Document filed by Laura Christy LLC.. (Maguire, Amanda) (Entered: 04/08/2020) |
| 04/08/2020 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 4/8/2020. (Daniels, Anthony) (Entered: 04/16/2020) |
| 04/09/2020 | 225 | ORDER granting 218 Motion for Extension of Time. The parties' request for an extension of time to file pretrial materials, Dkt. No. 218, is granted. The deadline is extended sine die. The parties are directed to submit a joint status letter by the earlier of the date that is two weeks after the expiration of the New York State and New York City stay at home orders or June 15, 2020. The final pretrial conference scheduled for June 29, 2020 and the jury trial scheduled to begin on July 13, 2020 are adjourned sine die. (HEREBY |

| | | ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 04/09/2020) |
|---|---|---|
| 06/15/2020 | 226 | STATUS REPORT. Document filed by Laura Christy LLC..(Maguire, Amanda) (Entered: 06/15/2020) |
| 06/16/2020 | 227 | MEMO ENDORSEMENT: on re: 226 Status Report filed by Laura Christy LLC. ENDORSEMENT: Application granted. The parties are directed to submit a status letter no later than July 15, 2020. SO ORDERED. (Signed by Judge Gregory H. Woods on 6/16/2020) (ama) (Entered: 06/16/2020) |
| 07/14/2020 | 228 | LETTER addressed to Judge Gregory H. Woods from Neal S. Comer dated July 14, 2020 re: Case status report. Document filed by Laura Christy Midtown LLC..(Comer, Neal) (Entered: 07/14/2020) |
| 07/15/2020 | 229 | MEMO ENDORSEMENT on re: 228 Letter filed by Laura Christy Midtown LLC. ENDORSEMENT: Application granted. The parties are directed to submit a joint status report by August 17, 2020. SO ORDERED. (Signed by Judge Gregory H. Woods on 7/15/2020) (ks) (Entered: 07/15/2020) |
| 08/14/2020 | 230 | STATUS REPORT. Document filed by Laura Christy LLC..(Maguire, Amanda) (Entered: 08/14/2020) |
| 08/17/2020 | 231 | MEMO ENDORSEMENT on re: 230 Status Report filed by Laura Christy LLC. ENDORSEMENT: The Court will hold a conference call regarding the parties' request for a continued extension of the deadline to submit pretrial materials sine die on August 19, 2020 at 3:00 p.m. The parties are directed to use the conference call dial-in information and access code noted in the Court's Emergency Rules in Light of COVID-19 available on the Court's website, and are specifically directed to comply with Emergency Rule 2(C). ( Telephone Conference set for 8/19/2020 at 03:00 PM before Judge Gregory H. Woods.) (Signed by Judge Gregory H. Woods on 8/17/2020) (mro) (Entered: 08/17/2020) |
| 08/19/2020 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 8/19/2020. (Daniels, Anthony) (Entered: 09/08/2020) |
| 08/20/2020 | 232 | ORDER. As discussed during the conference held on August 19, 2020, the parties' request for a continued extension of time to file pretrial materials, Dkt. No. 230, is granted. The parties are directed to submit a status letter no later than September 21, 2020. To the extent that the parties request that the Court decide whether the affirmative defenses established in NYLL § 198 1-b and 1-d provide an affirmative defense to the requirement that Defendants provide written notice of the tip credit before setting a trial date for this case, as the Court stated during the conference and in its decision on summary judgment, the Court expects to examine that issue in connection with its evaluation of the jury charges. To the extent the parties wish before the Court to evaluate those issues before the deadline for the submission of the parties' other pretrial materials, the parties are directed to propose in their joint status letter (1) a date for the submission of the parties' joint proposed jury charges; (2) a date for the submission of the parties' respective memoranda of law in connection with those charges regarding the availability of the defense; and (3) a date for any responsive memoranda of law. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (Daniels, Anthony) (Entered: 08/20/2020) |
| 09/21/2020 | 233 | STATUS REPORT. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A). (Nussbaum, Yosef) (Entered: 09/21/2020) |
| 09/25/2020 | 234 | ORDER: A jury trial in this matter will begin on June 28, 2021 at 9:00 a.m. The Court will hold a final pretrial conference in this case on June 1, 2021 at 1:00 p.m. Both the final pretrial conference and the jury trial will be held in Courtroom 12C of the United |

| | | |
|---|---|---|
| | | States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York 10007. The parties are directed to submit the following materials no later than February 3, 2020: (1) the joint pretrial order and other submissions permitted or required under Rule 5 of the Court's Individual Rules of Practice in Civil Cases, including the parties' joint proposed jury charges, (2) memoranda of law regarding the disputed applicability of affirmative defenses under New York Labor Law § 198 in accordance with Rule 5(B)(iii) of the Court's Individual Rules of Practice in Civil Cases, (3) a proposed brief, mutually acceptable description of the case, to be read to the venire, and(4) a proposed brief, mutually acceptable overview of the applicable law, to be read to the jury as part of the Court's initial instructions prior to opening statements. SO ORDERED., ( Final Pretrial Conference set for 6/1/2021 at 01:00 PM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge Gregory H. Woods., Jury Trial set for 6/28/2021 at 09:00 AM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge Gregory H. Woods.) (Signed by Judge Gregory H. Woods on 9/24/2020) (ama) (Entered: 09/25/2020) |
| 09/25/2020 | 235 | MEMO ENDORSEMENT: on re: 233 Status Report filed by Pavle Zivkovic. ENDORSEMENT: The Court agrees with Defendants that it will be most efficient for the Court to evaluate all issues related to the jury charges simultaneously. As the parties know, the Court does not expect to issue an opinion, or other stand-alone decision, regarding the issues raised by Plaintiffs here--the Court's views regarding the proper resolution of those issues will be embodied in the Court's proposed final jury charges. By separate order, the Court will schedule the submission of all pre-trial submissions, and a trial date. That order will establish a schedule for the submission of briefing regarding the legal issues raised by Plaintiffs here to inform the Court's assessment of the parties' proposed charges. SO ORDERED. (Signed by Judge Gregory H. Woods on 9/24/2020) (ama) (Entered: 09/25/2020) |
| 12/14/2020 | 236 | TRANSCRIPT of Proceedings re: CONFERENCE held on 8/19/2020 before Judge Gregory H. Woods. Court Reporter/Transcriber: George Malinowski, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/4/2021. Redacted Transcript Deadline set for 1/14/2021. Release of Transcript Restriction set for 3/15/2021..(McGuirk, Kelly) (Entered: 12/14/2020) |
| 12/14/2020 | 237 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 8/19/20 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 12/14/2020) |
| 12/17/2020 | 238 | LETTER MOTION for Extension of Time *To File Pretrial Materials* addressed to Judge Gregory H. Woods from Amanda E. Maguire dated December 17, 2020. Document filed by Laura Christy LLC..(Maguire, Amanda) (Entered: 12/17/2020) |
| 12/17/2020 | 239 | ORDER granting 238 Letter Motion for Extension of Time. Application granted. The deadline for the parties to submit their pretrial materials is extended to April 2, 2021. (Signed by Judge Gregory H. Woods on 12/17/2020) (mro) (Entered: 12/18/2020) |
| 02/24/2021 | 240 | LETTER MOTION for Extension of Time addressed to Judge Gregory H. Woods from Neal S. Comer dated February 23. 2021. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca..(Comer, Neal) (Entered: 02/24/2021) |

| 02/26/2021 | 241 | ORDER granting 240 Letter Motion for Extension of Time. Application granted. The deadline for the parties to submit their pretrial materials is extended to July 7, 2021. The trial scheduled to begin on June 28, 2021 is adjourned sine die. Given the limited availability of trial dates as a result of the COVID-19 pandemic, and the other cases scheduled for trial by the Court, the Court does not anticipate that this matter will be set for trial in 2021. (Signed by Judge Gregory H. Woods on 2/26/2021) (mro) (Entered: 03/01/2021) |
|---|---|---|
| 06/01/2021 | 242 | NOTICE OF APPEARANCE by Maria Louisa Bianco on behalf of Laura Christy LLC.. (Bianco, Maria Louisa) (Entered: 06/01/2021) |
| 06/01/2021 | 243 | LETTER MOTION for Extension of Time *to Submit Pre-trial Materials* addressed to Judge Gregory H. Woods from Maria Louisa Bianco dated June 1, 2021. Document filed by Laura Christy LLC..(Bianco, Maria Louisa) (Entered: 06/01/2021) |
| 06/02/2021 | 244 | ORDER granting 243 Letter Motion for Extension of Time. A jury trial in this matter will commence on February 28, 2022. The Court will hold a teleconference with the parties on February 1, 2022 at 10:00 a.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules. The parties are directed to submit the following materials no later than December 1, 2021: (1) the joint pretrial order and other submissions permitted or required under Rule 5 of the Court's Individual Rules of Practice in Civil Cases, (2) a proposed brief, mutually acceptable description of the case, to be read to the venire, and (3) a proposed brief, mutually acceptable overview of the applicable law, to be read to the jury as part of the Court's initial instructions prior to opening statements. The parties are additionally directed to submit responsive memorandum of law as described in the Court's order of August 30, 2020. Dkt. No. 232. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 243. SO ORDERED. ( Pretrial Order due by 12/1/2021.) (Signed by Judge Gregory H. Woods on 6/2/21) (yv) (Entered: 06/03/2021) |
| 06/02/2021 | | Set/Reset Hearings: Telephone Conference set for 2/1/2022 at 10:00 AM before Judge Gregory H. Woods. (yv) (Entered: 06/03/2021) |
| 11/08/2021 | 245 | JOINT LETTER MOTION for Extension of Time to File *Pretrial Submissions* addressed to Judge Gregory H. Woods from Josef Nussbaum dated November 8, 2021. Document filed by Pavle Zivkovic..(Nussbaum, Yosef) (Entered: 11/08/2021) |
| 11/09/2021 | 246 | ORDER. In light of the parties' November 8, 2021 request for an extension of approximately two months to file their pretrial submissions, the Court will hold a telephone conference today, November 9, 2021, at 4:00 p.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 11/09/2021) |
| 11/10/2021 | 247 | ORDER. With apologies for the late notice, the November 9, 2021 conference is adjourned to November 10, 2021 at 3:00 p.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 11/10/2021) |
| 11/10/2021 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 11/10/2021. (Court Reporter present) (wv) (Entered: 11/10/2021) |
| 11/10/2021 | 248 | ORDER granting 245 Letter Motion for Extension of Time to File. A jury trial in this matter will commence on March 28, 2022. Plaintiffs are directed to provide Defendants |

| | | |
|---|---|---|
| | | with initial drafts of the parties' pretrial materials on or before December 10, 2021. Defendants are directed to provide their edits and revisions to Plaintiffs by January 24, 2022. The parties' pretrial materials are due to the Court no later than February 7, 2022. The Court will hold a final pretrial conference in this case on Tuesday, March 1, 2022 at 10:00 a.m. in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York 10007. The trial will take place in a courtroom to be determined in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007. The parties are directed to submit the following materials no later than February 7, 2022: (1) the joint pretrial order and other submissions permitted or required under Rule 5 of the Courts Individual Rules of Practice in Civil Cases, (2) a proposed brief, mutually acceptable description of the case, to be read to the venire, and (3) a proposed brief, mutually acceptable overview of the applicable law, to be read to the jury as part of the Courts initial instructions prior to opening statements. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 245. SO ORDERED. (Signed by Judge Gregory H. Woods on 11/10/2021) (jca) (Entered: 11/10/2021) |
| 11/10/2021 | | Set/Reset Deadlines: (Pretrial Order due by 2/7/2022., Ready for Trial by 3/28/2022.), Set/Reset Hearings: (Final Pretrial Conference set for 3/1/2022 at 10:00 AM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge Gregory H. Woods.) (jca) (Entered: 11/10/2021) |
| 12/01/2021 | 249 | ORDER: On November 11, 2021, the Court scheduled the jury trial in this case to begin on March 28, 2022. Dkt. No. 248. The jury trial is adjourned to Thursday, March 31, 2022 at 9:00 a.m. The remaining deadlines laid out in the Court's November 11, 2021 order, Dkt. No. 248, remain in effect. SO ORDERED. (Signed by Judge Gregory H. Woods on 12/1/2021) ( Jury Trial set for 3/31/2022 at 09:00 AM before Judge Gregory H. Woods.) (ks) (Entered: 12/01/2021) |
| 01/27/2022 | 250 | LETTER MOTION for Extension of Time to File *Pre-Trial Materials* addressed to Judge Gregory H. Woods from Maria Louisa Bianco dated January 27, 2022. Document filed by Laura Christy LLC..(Bianco, Maria Louisa) (Entered: 01/27/2022) |
| 01/27/2022 | 251 | ORDER granting 250 Letter Motion for Extension of Time to File. Application granted. The parties' pre-trial submissions, described in the Court's November 10, 2021 Order, Dkt. No. 248, are due on or before February 11, 2022. The remaining deadlines laid out in the Court's November 10, 2021 and December 1, 2021 Orders, Dkt. Nos. 248 and 249, remain unchanged. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 250. SO ORDERED. (Signed by Judge Gregory H. Woods on 1/27/2022) (va) (Entered: 01/28/2022) |
| 02/08/2022 | 252 | LETTER addressed to Judge Gregory H. Woods from Neal S. Comer dated 2/28/2022 re: Counsel realignment. Document filed by David Ghatanfard..(Spielberg, Leonard) (Entered: 02/08/2022) |
| 02/10/2022 | 253 | PROPOSED PRE-TRIAL ORDER. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D).(Nussbaum, Yosef) (Entered: 02/10/2022) |
| 02/10/2022 | 254 | PROPOSED VOIR DIRE QUESTIONS. Document filed by Pavle Zivkovic..(Nussbaum, Yosef) (Entered: 02/10/2022) |
| 02/10/2022 | 255 | PROPOSED JURY INSTRUCTIONS. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit Proposed Verdict Sheet).(Nussbaum, Yosef) (Entered: 02/10/2022) |

| | | |
|---|---|---|
| 02/10/2022 | 256 | FIRST MOTION in Limine *to preclude individuals who were not previously disclosed from testifying at trial*. Document filed by Pavle Zivkovic..(Nussbaum, Yosef) (Entered: 02/10/2022) |
| 02/10/2022 | 257 | DECLARATION of Josef Nussbaum in Support re: 256 FIRST MOTION in Limine *to preclude individuals who were not previously disclosed from testifying at trial*.. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Nussbaum, Yosef) (Entered: 02/10/2022) |
| 02/10/2022 | 258 | SECOND MOTION in Limine *to exclude evidence concerning non-written notice and amount of tips class members earned*. Document filed by Pavle Zivkovic..(Nussbaum, Yosef) (Entered: 02/10/2022) |
| 02/10/2022 | 259 | PRETRIAL MEMORANDUM. Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 02/10/2022) |
| 02/10/2022 | 260 | DECLARATION of Lucas C. Buzzard in Support re: 259 Pretrial Memorandum. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4).(Buzzard, Lucas) (Entered: 02/10/2022) |
| 02/11/2022 | 261 | PRETRIAL MEMORANDUM. Document filed by Laura Christy LLC..(Bianco, Maria Louisa) (Entered: 02/11/2022) |
| 02/17/2022 | 262 | MEMORANDUM OF LAW in Opposition re: 256 FIRST MOTION in Limine *to preclude individuals who were not previously disclosed from testifying at trial*. . Document filed by Laura Christy LLC..(Bianco, Maria Louisa) (Entered: 02/17/2022) |
| 02/17/2022 | 263 | MEMORANDUM OF LAW in Opposition re: 258 SECOND MOTION in Limine *to exclude evidence concerning non-written notice and amount of tips class members earned*. . Document filed by Laura Christy LLC..(Bianco, Maria Louisa) (Entered: 02/17/2022) |
| 02/18/2022 | 264 | PRETRIAL MEMORANDUM. Document filed by Pavle Zivkovic..(Nussbaum, Yosef) (Entered: 02/18/2022) |
| 02/22/2022 | 265 | ORDER. The final pretrial conference scheduled for March 1, 2022 is adjourned until Friday, March 11, 2022 at 10:00 a.m. It will take place in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York 10007. The remaining deadlines outlined in the Courts November 10, 2021 Order, Dkt. No. 248, remain unchanged. The trial is still scheduled to begin on Thursday, March 31, 2022 as described in the Courts December 1, 2022 Order. Dkt. No. 249. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 02/22/2022) |
| 02/22/2022 | 266 | REPLY MEMORANDUM OF LAW in Support re: 256 FIRST MOTION in Limine *to preclude individuals who were not previously disclosed from testifying at trial*. . Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 02/22/2022) |
| 02/22/2022 | 267 | REPLY MEMORANDUM OF LAW in Support re: 258 SECOND MOTION in Limine *to exclude evidence concerning non-written notice and amount of tips class members earned*. . Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 02/22/2022) |
| 02/24/2022 | 268 | **FILING ERROR - DEFICIENT DOCKET ENTRY - (SEE DOCUMENT #269)** LETTER MOTION for Leave to File Renewed Motion for Partial Summary Judgment addressed to Judge Gregory H. Woods from Josef Nussbaum dated February 24, 2022. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A).(Nussbaum, Yosef) Modified on 2/24/2022 (lb). (Entered: 02/24/2022) |

| 02/24/2022 | 269 | LETTER MOTION for Leave to File Renewed Motion for Partial Summary Judgment addressed to Judge Gregory H. Woods from Josef Nussbaum dated February 24, 2022. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A).(Nussbaum, Yosef) (Entered: 02/24/2022) |
|---|---|---|
| 02/24/2022 | 270 | ORDER denying 269 Letter Motion for Leave to File Document. Plaintiffs' February 24, 2022 application for leave to file a second motion for summary judgment just over a month prior to the scheduled trial date is denied. It is denied for several reasons. First, Plaintiffs have already had the opportunity to file a motion, which was denied. While the Court has discretion to grant leave to a party to file a subsequent motion for summary judgment, it is not the default and Plaintiffs have not presented adequate justification for deviation from the default rule here. Second, Plaintiffs' motion requests only partial summary judgment; trial will proceed regardless. If the evidence is so clear as to justify summary judgment, Plaintiffs' counsel should be able to present a coherent case at trial. The efficiency gain from resolving these issues prior to trial is not sufficient to justify another round of renewed motion practice, given that the burden on the parties and the Court resulting from the additional motion practice will be substantial. Third, Plaintiffs' counsel does not want to adjourn the current trial date. As a result, Plaintiffs ask that the parties be required to engage in additional summary judgment motion practice in the lead-up to trial. The Court would require plenary briefing for any renewed motion; it seems unlikely that complete briefing on a Rule 56 motion could be completed within the time prior to trial. Moreover, Plaintiffs' request presumes that the Court will decide the new motion before the trial date. The Court appreciates Plaintiffs' counsels' desire to streamline trial, but Plaintiffs are not the only parties with matters pending before the Court. It is not reasonable to expect that the Court will prioritize this proposed motion over earlier filed motions in other cases, and other pending matters. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 02/24/2022) |
| 03/11/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Final Pretrial Conference held on 3/11/2022. (Court Reporter Eve Giniger) (wv) (Entered: 03/11/2022) |
| 03/14/2022 | 271 | ORDER granting 256 Motion in Limine; granting in part and denying in part 258 Motion in Limine. For the reasons stated on the record during the March 11, 2022 final pretrial conference, Plaintiffs first motion in limine, Dkt. No. 256, is granted. Defendants are precluded from calling the forty-three previously undisclosed witnesses identified by Plaintiff in the Joint Proposed Pretrial Order, Dkt. No. 253, at 9-16. For the reasons stated on the record during the March 11, 2022 final pretrial conference, Plaintiff's second motion in limine, Dkt. No. 258, is granted in part and denied in part. Defendants are precluded from introducing evidence of the precise amount of tips received by individual class members. However, the Court denies Plaintiffs' request to exclude all evidence of non-written tip notice. As explained during the conference, Defendants are directed to inform the Court no later than one business day prior to the introduction of evidence by Defendant regarding non-written tip notice. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 256 and 258. SO ORDERED. (Signed by Judge Gregory H. Woods on 3/14/2022) (vfr) (Entered: 03/14/2022) |
| 03/16/2022 | 272 | LETTER addressed to Judge Gregory H. Woods from Neal S. Comer dated Marchn 15, 2022 re: discussion had at court conference. Document filed by David Ghatanfard.. (Comer, Neal) (Entered: 03/16/2022) |
| 03/16/2022 | 273 | LETTER addressed to Judge Gregory H. Woods from Lucas C. Buzzard dated March 16, 2022 re: Letter filed by Defendant Ghatanfard - ECF No. 272. Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 03/16/2022) |

| 03/17/2022 | 274 | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated March 17, 2022 re: matters discussed at the March 11, 2022 pretrial conference. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D).(Nussbaum, Yosef) (Entered: 03/17/2022) |
|---|---|---|
| 03/24/2022 | 275 | TRANSCRIPT of Proceedings re: CONFERENCE held on 3/11/2022 before Judge Gregory H. Woods. Court Reporter/Transcriber: Eve Giniger, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/14/2022. Redacted Transcript Deadline set for 4/25/2022. Release of Transcript Restriction set for 6/22/2022..(Moya, Goretti) (Entered: 03/24/2022) |
| 03/24/2022 | 276 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 3/11/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 03/24/2022) |
| 03/30/2022 | 277 | ORDER. Counsel for Laura Christy LLC has proposed a modification to the voir dire questions to be used by the Court during jury selection tomorrow. The Court will hold a conference by telephone to discuss that and any other proposed modifications to the voir dire questions at 4:00 p.m. today. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (Woods, Gregory) (Entered: 03/30/2022) |
| 03/30/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 3/30/2022. (Court Reporter present) (wv) (Entered: 04/01/2022) |
| 03/31/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Jury Selection held on 3/31/2022. 8 jurors impaneled and sworn. Opening statements held. Court is adjourned until Friday, April 1, 2022 at 9:00 a.m. (Court Reporters Lisa Franko and Sharonda Jones) (wv) (Entered: 03/31/2022) |
| 04/01/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Jury Trial held on 4/1/2022. Evidence entered. Court is adjourned until Monday, April 4, 2022 at 9:00 a.m. (Court Reporters Lisa Franko and Sharonda Jones) (wv) (Entered: 04/01/2022) |
| 04/02/2022 | 278 | LETTER MOTION for Extension of Time addressed to Judge Gregory H. Woods from Leonard Spielberg dated April 2, 2022. Document filed by Laura Christy Midtown LLC. (Attachments: # 1 Exhibit Relevant testimony).(Spielberg, Leonard) (Entered: 04/02/2022) |
| 04/03/2022 | 279 | LETTER RESPONSE in Opposition to Motion addressed to Judge Gregory H. Woods from Lucas C. Buzzard dated April 3, 2022 re: 278 LETTER MOTION for Extension of Time addressed to Judge Gregory H. Woods from Leonard Spielberg dated April 2, 2022. . Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 04/03/2022) |
| 04/04/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Jury Trial held on 4/4/2022. Evidence entered. Court is adjourned until Tuesday, April 5, 2022 at 9:00 a.m. (Court Reporter Lisa Franko and Sharonda Jones) (wv) (Entered: 04/04/2022) |
| 04/05/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Jury Trial held on 4/5/2022. Evidence entered. Court is adjourned until Wednesday, April 6, 2022 at 9:00 |

| | | a.m. (Court Reporters Lisa Franko and Sharonda Jones) (wv) (Entered: 04/05/2022) |
|---|---|---|
| 04/05/2022 | 280 | LETTER MOTION for Conference addressed to Judge Gregory H. Woods from Josef Nussbaum dated April 5, 2022. Document filed by Pavle Zivkovic..(Nussbaum, Yosef) (Entered: 04/05/2022) |
| 04/06/2022 | 281 | LETTER MOTION for Conference addressed to Judge Gregory H. Woods from Josef Nussbaum dated April 6, 2022. Document filed by Pavle Zivkovic..(Nussbaum, Yosef) (Entered: 04/06/2022) |
| 04/06/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Jury Trial held on 4/6/2022. Court is adjourned until Thursday, April 7, 2022 at 9:00 a.m. (Court Reporters Lisa Franko and Sharonda Jones) (wv) (Entered: 04/07/2022) |
| 04/07/2022 | 282 | ORDER: granting 278 Letter Motion for Extension of Time; denying 280 Letter Motion for Conference re: 278 LETTER MOTION for Extension of Time. addressed to Judge Gregory H. Woods from Leonard Spielberg dated April 2, 2022., 280 LETTER MOTION for Conference. addressed to Judge Gregory H. Woods from Josef Nussbaum dated April 5, 2022., 281 LETTER MOTION for Conference. addressed to Judge Gregory H. Woods from Josef Nussbaum dated April 6, 2022. ; granting 281 Letter Motion for Conference re: 278 LETTER MOTION for Extension of Time. addressed to Judge Gregory H. Woods from Leonard Spielberg dated April 2, 2022., 280 LETTER MOTION for Conference. addressed to Judge Gregory H. Woods from Josef Nussbaum dated April 5, 2022., 281 LETTER MOTION for Conference. addressed to Judge Gregory H. Woods from Josef Nussbaum dated April 6, 2022. For the reasons described by the Court on the record during the trial on April 5, 2022, Defendants' motion to call Mr. Buqaj for the limited purpose of impeachment is GRANTED. For the reasons described during the charging conference on April 6, 2022, Plaintiffs' motion to include the language proposed at Dkt. No. 280 in the jury instructions is DENIED. For the reasons described during the charging conference on April 6, 2022, Plaintiffs' motion to include the language proposed at Dkt. No. 281 in the jury instructions is GRANTED, with some modifications. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 278, 280, and 281. SO ORDERED.. (Signed by Judge Gregory H. Woods on 4/07/2022) (ama) (Entered: 04/07/2022) |
| 04/07/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Jury Trial continued on 4/7/2022. Closing arguments held. Jury Charged. Jury deliberation held. Court is adjourned until Monday, April 11, 2022 at 9:00 a.m. (Court Reporters Lisa Franko and Sharonda Jones) (wv) (Entered: 04/07/2022) |
| 04/11/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Jury Trial continued on 4/11/2022. Jury deliberation continued. Deliberation completed. Jury polled, verdict unanimous. The jury is excused with thanks of the Court. -- -- See verdict. --See Transcript. (Court Reporter Sharonda Jones) (wv) (Entered: 04/11/2022) |
| 04/11/2022 | 283 | JURY VERDICT. (vfr) (Entered: 04/11/2022) |
| 04/11/2022 | 284 | ORDER, Plaintiffs are directed to provide Defendants with a proposed calculation of damages on or before April 15, 2022. The parties are then directed to file a joint letter on or before April 20, 2022, providing the Court with the parties' proposed calculation of damages. The letter should include Plaintiffs' proposed calculation of damages along with a description of any points of disagreement between Plaintiffs and Defendants. In addition, the joint letter should include a proposed approach for devising a plan of allocation of the award of damages amongst the class members. Plaintiffs are also directed to file any application for attorneys' fees on or before May 6, 2022. Defendants' opposition to Plaintiffs' application for attorneys' fees is due within two weeks of the date of service of Plaintiffs' application. Plaintiffs' reply, if any, is due one week following the |

| | | date of service of Defendants' opposition. SO ORDERED. ( Motions due by 5/6/2022.) (Signed by Judge Gregory H. Woods on 4/11/22) (yv) (Entered: 04/12/2022) |
|---|---|---|
| 04/14/2022 | 285 | LETTER MOTION for Oral Argument addressed to Judge Gregory H. Woods from Leonard Spieberg dated 4/14/2022. Document filed by Laura Christy Midtown LLC.. (Spielberg, Leonard) (Entered: 04/14/2022) |
| 04/14/2022 | 286 | ORDER denying 285 Letter Motion for Oral Argument. The motion is denied. As the Court noted at the close of the case: "Counsel pointed me to the Second Circuit's decision in the case that was litigated by the Troy law firm. This was not that case." Tr. 1191:5-7. To the extent not previously clear, this motion is denied. Counsel's oral motion was not persuasive. The Court observes that the parties agreed upon a method for calculating the damages in their March 17, 2022 letter to the Court. Dkt. No. 274. That stipulated methodology did not require expert testimony. The jury was entitled to, and did, find liability on a class wide basis, based on the evidence, which included the applicable time records, and the agreed-upon jury instructions. The testimonial evidence supporting the jury's decision included not only the testimony of witnesses that the jury determined to be representative based on the agreed-upon jury instructions, but the testimony of witnesses employed by Defendants regarding the Defendants' improper pay practices. Defendant Midtown's motion is denied. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 285. SO ORDERED. (Signed by Judge Gregory H. Woods on 4/14/2022) (va) (Entered: 04/15/2022) |
| 04/20/2022 | 287 | LETTER addressed to Judge Gregory H. Woods from Lucas C. Buzzard dated April 20, 2022 re: Proposed Calculation of Damages and Proposed Allocation Approach. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A - Plaintiffs' Damages Calculations).(Buzzard, Lucas) (Entered: 04/20/2022) |
| 04/21/2022 | 288 | TRANSCRIPT of Proceedings re: TRIAL held on 3/31/2022 before Judge Gregory H. Woods. Court Reporter/Transcriber: Sharonda Jones, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/12/2022. Redacted Transcript Deadline set for 5/23/2022. Release of Transcript Restriction set for 7/20/2022..(Moya, Goretti) (Entered: 04/21/2022) |
| 04/21/2022 | 289 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 3/31/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 04/21/2022) |
| 04/21/2022 | 290 | TRANSCRIPT of Proceedings re: TRIAL held on 4/1/2022 before Judge Gregory H. Woods. Court Reporter/Transcriber: Sharonda Jones, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/12/2022. Redacted Transcript Deadline set for 5/23/2022. Release of Transcript Restriction set for 7/20/2022..(Moya, Goretti) (Entered: 04/21/2022) |
| 04/21/2022 | 291 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 4/1/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no |

| | | such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 04/21/2022) |
|---|---|---|
| 04/21/2022 | 292 | TRANSCRIPT of Proceedings re: TRIAL held on 4/4/2022 before Judge Gregory H. Woods. Court Reporter/Transcriber: Sharonda Jones, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/12/2022. Redacted Transcript Deadline set for 5/23/2022. Release of Transcript Restriction set for 7/20/2022..(Moya, Goretti) (Entered: 04/21/2022) |
| 04/21/2022 | 293 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 4/4/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 04/21/2022) |
| 04/21/2022 | 294 | TRANSCRIPT of Proceedings re: TRIAL held on 4/5/2022 before Judge Gregory H. Woods. Court Reporter/Transcriber: Sharonda Jones, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/12/2022. Redacted Transcript Deadline set for 5/23/2022. Release of Transcript Restriction set for 7/20/2022..(Moya, Goretti) (Entered: 04/21/2022) |
| 04/21/2022 | 295 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 4/5/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 04/21/2022) |
| 04/21/2022 | 296 | TRANSCRIPT of Proceedings re: TRIAL held on 4/6/2022 before Judge Gregory H. Woods. Court Reporter/Transcriber: Sharonda Jones, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/12/2022. Redacted Transcript Deadline set for 5/23/2022. Release of Transcript Restriction set for 7/20/2022..(Moya, Goretti) (Entered: 04/21/2022) |
| 04/21/2022 | 297 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 4/6/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 04/21/2022) |
| 04/21/2022 | 298 | TRANSCRIPT of Proceedings re: TRIAL held on 4/7/2022 before Judge Gregory H. Woods. Court Reporter/Transcriber: Sharonda Jones, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/12/2022. Redacted Transcript Deadline set for 5/23/2022. Release of Transcript Restriction set for 7/20/2022..(Moya, Goretti) (Entered: 04/21/2022) |

| 04/21/2022 | 299 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 4/7/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 04/21/2022) |
|---|---|---|
| 04/21/2022 | 300 | TRANSCRIPT of Proceedings re: TRIAL held on 4/11/2022 before Judge Gregory H. Woods. Court Reporter/Transcriber: Sharonda Jones, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/12/2022. Redacted Transcript Deadline set for 5/23/2022. Release of Transcript Restriction set for 7/20/2022..(Moya, Goretti) (Entered: 04/21/2022) |
| 04/21/2022 | 301 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 4/11/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 04/21/2022) |
| 04/21/2022 | 302 | TRANSCRIPT of Proceedings re: TRIAL held on 4/7/2022 before Judge Loretta A. Preska. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/12/2022. Redacted Transcript Deadline set for 5/23/2022. Release of Transcript Restriction set for 7/20/2022..(Moya, Goretti) (Entered: 04/21/2022) |
| 04/21/2022 | 303 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 4/7/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 04/21/2022) |
| 05/04/2022 | 304 | LETTER MOTION for Extension of Time *to File Motion for Attorneys' Fees* addressed to Judge Gregory H. Woods from Josef Nussbaum dated May 4, 2022. Document filed by Pavle Zivkovic..(Nussbaum, Yosef) (Entered: 05/04/2022) |
| 05/06/2022 | 305 | ORDER granting 304 Letter Motion for Extension of Time. Application granted. The deadline for Plaintiffs to submit their motion for attorneys' fees and costs is extended to May 13, 2022. Defendants' opposition is due within fourteen days after service of Plaintiffs' motion. Plaintiffs' reply, if any, is due within seven days after service of Defendants' opposition. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 304. Motions due by 5/13/2022. (Signed by Judge Gregory H. Woods on 5/6/2022) (rro) (Entered: 05/06/2022) |
| 05/13/2022 | 306 | MOTION for Attorney Fees *and Costs*. Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 05/13/2022) |
| 05/13/2022 | 307 | MEMORANDUM OF LAW in Support re: 306 MOTION for Attorney Fees *and Costs*. . Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 05/13/2022) |
| 05/13/2022 | 308 | DECLARATION of Lucas C. Buzzard in Support re: 306 MOTION for Attorney Fees *and Costs*.. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit 1 - Attorney |

| | | Time Records, # <u>2</u> Exhibit 2 - Paralegal Time Records, # <u>3</u> Exhibit 3 - Class Counsel Expenses, # <u>4</u> Exhibit 4 - Valbella Meatpacking Class Notice, # <u>5</u> Exhibit 5 - Valbella Midtown Class Notice, # <u>6</u> Exhibit 6 - Pechman Declaration, # <u>7</u> Exhibit 7 - Real Rate Report Excerpts, # <u>8</u> Exhibit 8 - Lola v. Skadden Arps Transcript, # <u>9</u> Exhibit 9 - Proposed Judgment).(Buzzard, Lucas) (Entered: 05/13/2022) |
|---|---|---|
| 05/26/2022 | <u>309</u> | DECLARATION of Maria Louisa Bianco in Opposition re: <u>306</u> MOTION for Attorney Fees *and Costs*.. Document filed by Laura Christy LLC..(Bianco, Maria Louisa) (Entered: 05/26/2022) |
| 05/26/2022 | <u>310</u> | MEMORANDUM OPINION & ORDER: For the reasons described above, and in my March 31, 2022 oral decision, the Court concluded that the Affirmative Defenses could not be raised in response to Plaintiffs' Minimum Wage Claims. The plain language of Section 198 and of the regulations make clear that these defenses apply only to violations of Section 195. (Signed by Judge Gregory H. Woods on 5/26/2022) (rro) (Entered: 05/26/2022) |
| 05/26/2022 | <u>311</u> | ORDER: Accordingly, in light of both the plain language and purpose of the statute providing for pre-judgment interest, the Court denies Defendants' request to stop assessing prejudgment interest on a hypothetical date that this case would have been resolved and adopts Plaintiffs' proposed approach for calculating prejudgment interest. Although the Court adopts Plaintiffs' proposed approach, the Court does not adopt Plaintiffs calculation of prejudgment interest, as this calculation appears to be based on the number of days from the Damages Start Date to the Date of Verdict, instead of from the Damages Midpoint Date to the Date of Verdict. See Dkt. No. 287-1 at 3. The Court requests that Plaintiffs recalculate that amount and present the recalculated amount to the Court. With respect to the allocation of damages, Plaintiffs' proposed approach for distributing the tip credit damages, spread of hours damages, overtime damages, prejudgment interest, liquidated damages, and damages arising from the N.Y. Lab. Law § 195(1) and N.Y. Lab. Law 195(3) claims is reasonable. The Court is willing to consider a more detailed distribution plan. The parties are directed to submit a joint letter addressing when the Court should enter judgment in this case, along with a form order of judgment, no later than June 8, 2022. Plaintiff is further directed to submit a revised calculation of prejudgment interest, a detailed plan for distributing damages, and a plan for notifying class members of the damages award no later than June 8, 2022. SO ORDERED. (Signed by Judge Gregory H. Woods on 5/26/2022) (mml) (Entered: 05/26/2022) |
| 06/02/2022 | <u>312</u> | REPLY MEMORANDUM OF LAW in Support re: <u>306</u> MOTION for Attorney Fees *and Costs*. . Document filed by Pavle Zivkovic..(Nussbaum, Yosef) (Entered: 06/02/2022) |
| 06/07/2022 | 313 | ORDER. The Court will hold a conference by telephone on June 10, 2022 at 10:00 a.m. to discuss, among other things, Plaintiffs' pending motion for attorneys' fees. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (Woods, Gregory) (Entered: 06/07/2022) |
| 06/07/2022 | <u>314</u> | LETTER addressed to Judge Gregory H. Woods from Neal S. dated Neal S. Comer re: adjourn telephone conference. Document filed by David Ghatanfard, Genco Luca.. (Comer, Neal) (Entered: 06/07/2022) |
| 06/07/2022 | 315 | ORDER. Defendants' application to adjourn the conference scheduled to take place on June 10, 2022 at 10:00 a.m. is granted. Dkt. No. 314. The conference is adjourned to 4:00 p.m. on June 10, 2022. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) |

| | | |
|---|---|---|
| | | of the Court's Emergency Rules. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (Woods, Gregory) (Entered: 06/07/2022) |
| 06/08/2022 | 316 | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated June 8, 2022 re: Judgment. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Nussbaum, Yosef) (Entered: 06/08/2022) |
| 06/09/2022 | 317 | LETTER MOTION to Adjourn Conference addressed to Judge Gregory H. Woods from Josef Nussbaum dated June 9, 2022. Document filed by Pavle Zivkovic..(Nussbaum, Yosef) (Entered: 06/09/2022) |
| 06/09/2022 | 318 | ORDER granting 317 Letter Motion to Adjourn Conference. Plaintiffs' application to adjourn the conference scheduled to take place on June 10, 2022 at 4:00 p.m. is granted. Dkt. No. 317. The conference is adjourned to 3:00 p.m. on June 13, 2022. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 06/09/2022) |
| 06/10/2022 | 319 | ORDER. In Plaintiffs' motion for attorneys' fees, Dkt. No. 306, Plaintiffs' counsel requests that the Court order payment of the full amount of fees incurred over the course of the litigation pursuant to the fee shifting provisions of the New York Labor Law. As the parties are aware, claims other than wage and hour claims were litigated in this action: over 13% of the proposed judgment reflects recoveries with respect to claims other than wage and hour claims. Plaintiffs have not provided the Court with a basis to conclude the all of the attorneys' fees claimed are properly compensable under the New York Labor Law. Nor have they provided the Court a rational basis to determine the percentage of the fees claimed related to the wage and hour claims litigated in this case, if less than 100%. This question is germane both to the proper recovery under the New York Labor Law's fee shifting provisions, and to the determination of the lodestar for purposes of calculating any award that represents a percentage of the common fund, which the Court understands to exclude the recovery with respect to the individual claims of Plaintiff Zivkovic. Plaintiffs' counsel are directed to provide supplemental briefing and an affidavit with respect to these issues no later than 2:00 p.m. on June 13, 2022. Any response to those submissions is due no later than 2:00 p.m. on June 14, 2022. The conference scheduled to take place on June 13, 2022 at 3:00 p.m. is adjourned to June 15, 2022 at 4:00 p.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (Woods, Gregory) (Entered: 06/10/2022) |
| 06/13/2022 | 320 | SUPPLEMENTAL MEMORANDUM OF LAW in Support re: 306 MOTION for Attorney Fees *and Costs*. . Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 06/13/2022) |
| 06/13/2022 | 321 | DECLARATION of Lucas C. Buzzard in Support re: 306 MOTION for Attorney Fees *and Costs*.. Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 06/13/2022) |
| 06/15/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 6/15/2022. (Court Reporter present) (wv) (Entered: 07/07/2022) |
| 06/16/2022 | 322 | ORDER granting 306 . For the reasons stated on the record during the conference held on June 15, 2022, the Court GRANTS in part and DENIES in part Plaintiffs motion for attorneys fees. Dkt. No. 306. The Court awards Plaintiffs counsel $561,948.50 in attorneys fees pursuant to the fee-shifting provisions of the New York Labor Law. The |

| | | |
|---|---|---|
| | | Court awards Plaintiffs counsel $20,200.57 in costs pursuant to that statute. The Court grants to Plaintiffs counsel an award of 33.3% of the common fund recovery for the class action, or $1,503,274.56. The Court awards lead plaintiffs Ricardo Sanchez, Fernando Marin, and Alejandra C. Rindon a representative fee of $5,000 each. The obligation to pay the aforementioned amounts is borne jointly and severally by Valbella Midtown, Valbella Meatpacking and David Ghatanfard. In addition, the Court awards counsel for Pavle Zivkovic $7,060 in attorneys fees pursuant to the New York City Human Rights Law. The obligation to pay this amount will be borne jointly and severally by Valbella Midtown, Ghatanfard, and Genco Luca. The Court denies without prejudice Plaintiff's request that the Court authorize up to $30,000 of the common fund to be used to retain a claims administrator. See Dkt. No. 307. As stated on the record during the conference held on June 15, 2022, Plaintiff is directed to promptly meet and confer with Defendants regarding the form of judgment and to file a revised form of judgment that includes the amounts awarded pursuant to this order. Plaintiff is also directed to promptly file a detailed proposed distribution plan addressing the concerns that the Court raised during the conference held on June 15, 2022. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (wv) (Entered: 06/16/2022) |
| 06/21/2022 | 323 | LETTER addressed to Judge Gregory H. Woods from Josef Nussbaum dated June 21, 2022 re: Proposed Judgment. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit Proposed Judgment).(Nussbaum, Yosef) (Entered: 06/21/2022) |
| 06/22/2022 | 324 | JUDGMENT: It is HEREBY, ORDERED, ADJUDGED AND DECREED that the Clerk of Court shallenter judgment as follows: Pursuant to the jury's verdict, Judgment shall be entered in favor of the Subclasses and against Defendants Laura Christy LLC, Laura Christy Midtown LLC, and David Ghatanfard, jointly and severally, in the amount of $4,509,868.78 which includes prejudgment interest (the "Class Jury Award"). Plaintiffs' counsel, Joseph & Kirschenbaum LLP, shall be awarded $1,503,274.56 as attorneys' fees which shall be paid out of the Class Jury Award. In addition, lead plaintiffs Ricardo Sanchez, Fernando Marin, and Alejandra C. Rendon shall each be awarded $5,000 as service awards, in addition to the individual respective amounts they are entitled to from this Judgment. These service awards shall also be paid out of the Class Jury Award. In addition to the sum owed pursuant to Class Jury Award, the Court also awards class counsel, Joseph & Kirschenbaum LLP, $561,948.50 in attorneys' fees pursuant to the feeshifting provisions of the New York Labor Law ("NYLL") as well as $20,200.57 in costs pursuant to that statute for a total of $582,149.07. Accordingly, in the aggregate, Judgment shall be entered in favor of the Subclasses and against Defendants Laura Christy LLC, Laura Christy Midtown LLC, and David Ghatanfard, jointly and severally, in the amount of $5,092,017.85 which includes prejudgment interest (the "Class Judgment"). Pursuant to New York Labor Law § 198(4), any or all of the $5,092,017.85 Class Judgment amount which is not paid within ninety (90) days of this Judgment shall be automatically increased at the rate of 15% of the Judgment. The Court awards attorneys' fees pursuant to the fee-shifting provisions of the New York City Human Rights Law in the amount of $7,060.00 in favor of Plaintiffs' counsel, Joseph & Kirschenbaum LLP, and against Defendants Genco Luca, David Ghatanfard, and Laura Christy Midtown LLC, jointly and severally. In sum, and for the avoidance of doubt, Judgment is hereby entered against each Defendant in the following amounts: and further set forth in this Order. (Signed by Judge Gregory H. Woods on 6/22/2022) (rro) (Entered: 06/22/2022) |
| 07/05/2022 | 325 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** PROPOSED ABSTRACT OF JUDGMENT. Filing fee $ 11.00, receipt number ANYSDC-26369546. Abstract of Judgment to be Mailed by the Court. Document filed by Pavle Zivkovic. Document Number of Related Judgment: 324 ..(Nussbaum, Yosef) **Proposed document to be** |

| | | |
|---|---|---|
| | | reviewed and processed by Clerk's Office staff (No action required by chambers). Modified on 7/6/2022 (km). (Entered: 07/05/2022) |
| 07/05/2022 | 326 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** PROPOSED ABSTRACT OF JUDGMENT. Abstract of Judgment to be Mailed by the Court. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A (list of subclass members)) Document Number of Related Judgment: 324 ..(Nussbaum, Yosef) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** Modified on 7/6/2022 (km). (Entered: 07/05/2022) |
| 07/06/2022 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PROPOSED ABSTRACT OF JUDGMENT: Notice to Attorney Yosef Nussbaum to RE-FILE Document No. 326 Proposed Abstract of Judgment 325 Proposed Abstract of Judgment. The filing is deficient for the following reason(s): the proposed abstracts of judgment do not list the addresses of the parties whom judgment is in favor of and against. The document cannot be issued until 30 days after judgment has been entered, see Fed. R. Civ. P. 62. Re-file after 30 days from entry of judgment. When refiling, bypass paying the fee since it was already paid at docs. #325 & #326. Re-file the document using the event type Proposed Abstract of Judgment found under the event list Proposed Orders - select the correct filer/filers - attach the correct PDF that lists the following - the correct name of the party(ies) the judgment is against, the correct name of the party (ies) the judgment is in favor of, the correct amount amount of the judgment, the name(s) and address(es) of the attorney(s) and the correct entry date of the judgment. (km) (Entered: 07/06/2022) |
| 07/08/2022 | 327 | FIRST MOTION for New Trial *FRCP Rule 59*.( Return Date set for 7/25/2022 at 09:30 AM.), MOTION to Dismiss for Lack of Jurisdiction *Subject matter as to LUCA*., FIRST MOTION to Dismiss .( Return Date set for 7/25/2022 at 09:30 AM., Responses due by 7/18/2022) Document filed by Laura Christy Midtown LLC..(Spielberg, Leonard) (Entered: 07/08/2022) |
| 07/08/2022 | 328 | MEMORANDUM OF LAW in Support re: 327 FIRST MOTION for New Trial *FRCP Rule 59*. MOTION to Dismiss for Lack of Jurisdiction *Subject matter as to LUCA*.FIRST MOTION to Dismiss . . Document filed by Laura Christy Midtown LLC..(Spielberg, Leonard) (Entered: 07/08/2022) |
| 07/08/2022 | 329 | DECLARATION of Leonard Spielberg in Support re: 327 FIRST MOTION for New Trial *FRCP Rule 59*. MOTION to Dismiss for Lack of Jurisdiction *Subject matter as to LUCA*.FIRST MOTION to Dismiss .. Document filed by Laura Christy Midtown LLC.. (Spielberg, Leonard) (Entered: 07/08/2022) |
| 07/11/2022 | 330 | ORDER. The deadline for Plaintiffs to file and serve their opposition to Defendants' motion for a new trial, Dkt. No. 327, is August 1, 2022. Defendants' reply, if any, is due within seven days after service of Plaintiffs' opposition. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 07/11/2022) |
| 07/19/2022 | 331 | NOTICE OF APPEARANCE by Daniel Stuart Alter on behalf of David Ghatanfard, Laura Christy Midtown LLC, Genco Luca..(Alter, Daniel) (Entered: 07/19/2022) |
| 07/19/2022 | 332 | NOTICE OF APPEAL. Document filed by David Ghatanfard, Laura Christy LLC, Laura Christy Midtown LLC, Genco Luca. Filing fee $ 505.00, receipt number ANYSDC-26433504. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Errata Judgment).(Alter, Daniel) (Entered: 07/19/2022) |
| 07/19/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 332 Notice of Appeal. (tp) (Entered: 07/19/2022) |

| 07/19/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for <u>332</u> Notice of Appeal, filed by Genco Luca, Laura Christy LLC, David Ghatanfard, Laura Christy Midtown LLC were transmitted to the U.S. Court of Appeals. (tp) (Entered: 07/19/2022) |
|---|---|---|
| 07/22/2022 | <u>333</u> | INITIAL NOTICE OF STAY OF APPEAL re: <u>332</u> Notice of Appeal,. A notice of appeal was filed in this case on 07/19/2022. Since at least one motion cited in F.R.A.P. 4(a)(4) has been filed in the district court, this appeal is stayed pending resolution of the motion(s)..(nd) (Entered: 07/22/2022) |
| 07/22/2022 | | USCA Case Number 22-1558 from the U.S. Court of Appeals, 2nd Circ. assigned to <u>332</u> Notice of Appeal, filed by Genco Luca, Laura Christy LLC, David Ghatanfard, Laura Christy Midtown LLC..(nd) (Entered: 07/22/2022) |
| 07/25/2022 | <u>334</u> | **FILING ERROR - DEFICIENT DOCKET ENTRY -** PROPOSED ABSTRACT OF JUDGMENT. Abstract of Judgment to be Mailed by the Court. Document filed by Pavle Zivkovic..(Nussbaum, Yosef) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** Modified on 7/27/2022 (km). (Entered: 07/25/2022) |
| 07/25/2022 | <u>335</u> | **FILING ERROR - DEFICIENT DOCKET ENTRY -** PROPOSED ABSTRACT OF JUDGMENT. Abstract of Judgment to be Mailed by the Court. Document filed by Pavle Zivkovic. (Attachments: # <u>1</u> Exhibit A (list of judgment-debtors)).(Nussbaum, Yosef) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** Modified on 7/27/2022 (km). (Entered: 07/25/2022) |
| 07/27/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PROPOSED ABSTRACT OF JUDGMENT: Notice to Attorney Yosef Nussbaum to RE-FILE Document No. <u>335</u> Proposed Abstract of Judgment, <u>334</u> Proposed Abstract of Judgment. The filing is deficient for the following reason(s): the proposed abstract of judgment does not list the addresses for all the party(ies) whom the judgment is against; the proposed abstract of judgment does not list the addresses for all the party(ies) whom the judgment is in favor; the filing fee for the proposed abstract of judgment was not paid; Re-file the document using the event type Proposed Abstract of Judgment found under the event list Proposed Orders - select the correct filer/filers - attach the correct PDF that lists the following - the correct name of the party(ies) the judgment is against, the correct name of the party(ies) the judgment is in favor of, the correct amount amount of the judgment, the name(s) and address(es) of the attorney(s) and the correct entry date of the judgment - pay the filing fee. (km)** (Entered: 07/27/2022) |
| 08/01/2022 | <u>336</u> | MEMORANDUM OF LAW in Opposition re: <u>327</u> FIRST MOTION for New Trial *FRCP Rule 59*. MOTION to Dismiss for Lack of Jurisdiction *Subject matter as to LUCA*.FIRST MOTION to Dismiss . . Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 08/01/2022) |
| 08/01/2022 | <u>337</u> | DECLARATION of Lucas C. Buzzard in Opposition re: <u>327</u> FIRST MOTION for New Trial *FRCP Rule 59*. MOTION to Dismiss for Lack of Jurisdiction *Subject matter as to LUCA*.FIRST MOTION to Dismiss .. Document filed by Pavle Zivkovic. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13).(Buzzard, Lucas) (Entered: 08/01/2022) |
| 08/02/2022 | <u>338</u> | LETTER MOTION for Extension of Time to File Response/Reply *in Support of Motion for New Trial* addressed to Judge Gregory H. Woods from Maria Louisa Bianco dated |

| | | August 2, 2022. Document filed by Laura Christy LLC..(Bianco, Maria Louisa) (Entered: 08/02/2022) |
|---|---|---|
| 08/03/2022 | 339 | ORDER granting 338 . Defendants' request for an extension of time to file a reply in support of Defendants' motion for a new trial is granted. The deadline for Defendants to file the reply is extended to August 15, 2022. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (wv) (Entered: 08/03/2022) |
| 08/15/2022 | 340 | REPLY MEMORANDUM OF LAW in Support re: 327 FIRST MOTION for New Trial *FRCP Rule 59*. MOTION to Dismiss for Lack of Jurisdiction *Subject matter as to LUCA*.FIRST MOTION to Dismiss . . Document filed by Laura Christy LLC..(Bianco, Maria Louisa) (Entered: 08/15/2022) |
| 08/15/2022 | 341 | PROPOSED ABSTRACT OF JUDGMENT. Abstract of Judgment to be Mailed by the Court. Document filed by Pavle Zivkovic. Document Number of Related Judgment: 324 ..(Nussbaum, Yosef) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** (Entered: 08/15/2022) |
| 08/15/2022 | 342 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** PROPOSED ABSTRACT OF JUDGMENT. Abstract of Judgment to be Mailed by the Court. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A (list of class members)) Document Number of Related Judgment: 324 ..(Nussbaum, Yosef) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** Modified on 8/16/2022 (tp). (Entered: 08/15/2022) |
| 08/15/2022 | 343 | PROPOSED STIPULATION AND ORDER. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A (Information Subpoenas and Restraining Notices)). (Nussbaum, Yosef) (Entered: 08/15/2022) |
| 08/16/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PROPOSED ABSTRACT OF JUDGMENT: Notice to Attorney Yosef Nussbaum re: Document No. 342 Proposed Abstract of Judgment. The filing is deficient for the following reason(s): the filing fee for the proposed abstract of judgment was not paid. Pay the filing fee using the event Abstract of Judgment Fee Payment found under the event list Other Documents. (tp)** (Entered: 08/16/2022) |
| 08/16/2022 | | Abstract of Judgment Fee Due: for 342 Proposed Abstract of Judgment. (tp) (Entered: 08/16/2022) |
| 08/16/2022 | | ABSTRACT OF JUDGMENT ISSUED on August 16, 2022 in favor of Plaintiffs counsel, Joseph & Kirschenbaum LLP, and against Defendants in the amounts of: Laura Christy Midtown LLC $452,500.00; David Ghatanfard $202,500.00; Genco Luca $25,000.00; and Genco Luca, David Ghatanfard, and Laura Christy Midtown LLC, jointly and severally $7,060. Abstract of Judgment to be Mailed by the Court.(tp) (Entered: 08/16/2022) |
| 08/17/2022 | 344 | PROPOSED ABSTRACT OF JUDGMENT. Filing fee $ 11.00, receipt number ANYSDC-26560797. Abstract of Judgment to be Mailed by the Court. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A (list of judgment-creditors)) Document Number of Related Judgment: 324 ..(Nussbaum, Yosef) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** (Entered: 08/17/2022) |
| 08/17/2022 | | ABSTRACT OF JUDGMENT ISSUED on August 17, 2022, in favor of Pavle Zivkovic and Subclass Members listed in exhibit A, and against Laura Christy LLC, Laura Christy Midtown LLC and David Ghatanfard, jointly and severally in the amount of $5,092,017.85. Abstract of Judgment mailed by the Court.(km) (Entered: 08/17/2022) |

| 12/14/2022 | 345 | LETTER MOTION for Discovery *(for Court to "So Order" proposed Subpoena)* addressed to Judge Gregory H. Woods from Josef Nussbaum dated December 14, 2022. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A).(Nussbaum, Yosef) (Entered: 12/14/2022) |
|---|---|---|
| 12/15/2022 | 346 | ORDER denying without prejudice 345 Letter Motion for Discovery. Application denied without prejudice. The Court declines to "so-order" the subpoena submitted by Plaintiffs. Dkt. No. 345. Plaintiffs indicate that they served a valid subpoena on Mr. Milton J. Piros on December 5, 2022. If the recipient of a valid subpoena has failed to comply with it, Plaintiffs may seek to enforce the subpoena before the appropriate court. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 345.. (Signed by Judge Gregory H. Woods on 12/15/2022) (rro) (Entered: 12/15/2022) |
| 01/18/2023 | 347 | LETTER MOTION for Discovery addressed to Judge Gregory H. Woods from Josef Nussbaum dated January 18, 2023. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Nussbaum, Yosef) (Entered: 01/18/2023) |
| 01/19/2023 | 348 | ORDER denying without prejudice 347 Letter Motion for Discovery. Application denied without prejudice. The Court declines to "so-order" the subpoena submitted by Plaintiffs. Dkt. No. 347. Plaintiffs may seek to enforce the subpoena on Mr. Milton J. Pirsos by applying for an order to show cause. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 347. (Signed by Judge Gregory H. Woods on 1/19/2023) (rro) (Entered: 01/19/2023) |
| 02/17/2023 | 349 | MOTION for Order to Show Cause *why Milton J. Pirsos, CPA should not be ordered to comply with a Rule 45 Subpoena*. Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 02/17/2023) |
| 02/17/2023 | 350 | MEMORANDUM OF LAW in Support re: 349 MOTION for Order to Show Cause *why Milton J. Pirsos, CPA should not be ordered to comply with a Rule 45 Subpoena*. . Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 02/17/2023) |
| 02/17/2023 | 351 | DECLARATION of Josef Nussbaum in Support re: 349 MOTION for Order to Show Cause *why Milton J. Pirsos, CPA should not be ordered to comply with a Rule 45 Subpoena*.. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A (November 4 Subpoena), # 2 Exhibit B (November 28 Subpoena), # 3 Exhibit C (December 12 Letter), # 4 Exhibit D (Proposed Order to Show Cause)).(Buzzard, Lucas) (Entered: 02/17/2023) |
| 02/17/2023 | 352 | LETTER MOTION for Conference *on Plaintiffs' Anticipated Motion to Enforce Subpoenas and Hold Defendants Ghatanfard and Laura Christy Midtown LLC in Contempt* addressed to Judge Gregory H. Woods from Lucas C. Buzzard dated February 17, 2023. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A (Ghatanfard Restraining Notice & Info. Subpoena), # 2 Exhibit B (Midtown Restraining Notice & Info. Subpoena), # 3 Exhibit C (Meatpacking Restraining Notice & Info. Subpoena), # 4 Exhibit D (Ghatanfard Responses), # 5 Exhibit E (Midtown Responses), # 6 Exhibit F (Meatpacking Responses), # 7 Exhibit G (Subpoean Duces Tecum to Ghatanfard)). (Buzzard, Lucas) (Entered: 02/17/2023) |
| 02/17/2023 | 353 | ORDER TO SHOW CAUSE WHY MILTON J. PIRSOS SHOULD NOT BE ORDERED TO COMPLY WITH RULE 45SUBPOENA: Upon the memorandum of law of Plaintiff-Judgment-Creditor Pavle Zivkovic, the declaration of Josef Nussbaum and the supporting documents attached thereto, and upon the copy of the subpoena issued to Milton J. Pirsos, CPA on November 28, 2022, it is ORDERED that Respondent Milton J. Pirsos, CPA, shall file a written response to Plaintiff-Judgment-Creditor's application for an order to show cause of no more than 5 pages by no later than March 3, 2023; Plaintiff-Judgment-Creditor shall file a reply thereto of no more than 5 pages by no later than March 8, 2023; it is furtherORDERED that Respondent Milton J. Pirsos, CPA shall show cause before the |

|  |  | Honorable Gregory H. Woods, in Room 12C of the United States District Court for the Southern District of New York, Daniel Patrick Monynihan U.S. Courthouse at 500 Pearl Street, New York, NY, on March 13, 2023, at 4:30 p.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 45(g) of the Federal Rules of Civil Procedure requiring compliance with the subpoena issued by Plaintiff-Judgment-Creditor on November 28, 2022 (Exhibit C to the Nussbaum Declaration); and it is further ORDERED that ce1tified mail service of a copy of this order and annexed affidavit, supporting documents, and papers upon Respondent at 3119 Newtown Ave, Astoria,NY 11102, which is Respondent's business address, on or before Febma1y 22, 2023 shall bedeemed proper and sufficient service thereof. Plaintiff-Judgment-Creditor shall, inaddition, effect service by electronically serving the aforementioned documents on counsel for Respondent Milton J. Pirsos, CPA. Show Cause Hearing set for 3/13/2023 at 04:30 PM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge Gregory H. Woods. (Signed by Judge Gregory H. Woods on 2/17/2023) (rro) (Entered: 02/17/2023) |
| 02/27/2023 | 354 | NOTICE OF APPEARANCE by John Anthony Lentinello on behalf of Milton J Pirsos, CPA..(Lentinello, John) (Entered: 02/27/2023) |
| 03/01/2023 | 355 | DECLARATION of John A Lentinello in Opposition re: 349 MOTION for Order to Show Cause *why Milton J. Pirsos, CPA should not be ordered to comply with a Rule 45 Subpoena*.. Document filed by Milton J Pirsos, CPA. (Attachments: # 1 Exhibit Subpoena, # 2 Exhibit Excerpts from testimony 6.25.18, # 3 Exhibit Subpoena Response Letter).(Lentinello, John) (Entered: 03/01/2023) |
| 03/01/2023 | 356 | MEMORANDUM OF LAW in Opposition re: 349 MOTION for Order to Show Cause *why Milton J. Pirsos, CPA should not be ordered to comply with a Rule 45 Subpoena.* . Document filed by Milton J Pirsos, CPA..(Lentinello, John) (Entered: 03/01/2023) |
| 03/02/2023 | 357 | LETTER addressed to Judge Gregory H. Woods from Lucas C. Buzzard dated March 2, 2023 re: Defendants' failure to respond to Plaintiffs' February 17 pre-motion letter. Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 03/02/2023) |
| 03/03/2023 | 358 | ORDER granting 349 Motion for Order to Show Cause. On February 17, 2023, Plaintiff filed a motion for order to show cause (the "Motion"). Dkt. No. 349. The Court GRANTS the Motion and notes that it previously issued the requested order to show cause on February 17, 2023. Dkt. No. 353. The Clerk of Court is instructed to terminate the motion pending at Dkt. No. 349. SO ORDERED. (Signed by Judge Gregory H. Woods on 3/3/2023) (va) (Entered: 03/03/2023) |
| 03/03/2023 | 359 | ORDER granting 352 . Plaintiffs' request for a pre-motion conference is granted. The Court will hold a teleconference regarding plaintiffs' proposed motions to compel and to hold Ghatanfard and Valbella Midtown in contempt on March 10, 2023, at 4:00 p.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(B) of the Court's Individual Rules. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (wv) (Entered: 03/03/2023) |
| 03/06/2023 | 360 | JOINT LETTER addressed to Judge Gregory H. Woods from Plaintiffs & Non-Party Milton J. Pirsos dated March 6, 2023 re: Order to Show Cause concerning subpoena directed at Milton J. Pirsos. Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 03/06/2023) |
| 03/07/2023 | 361 | ORDER re: 360 Letter filed by Pavle Zivkovic. Based on the record before the Court, and for good cause appearing, the Court ORDERS Mr. Pirsos to comply with the November 28 Subpoena within seven days of this order's entry or such other time as may be agreed |

| | | |
|---|---|---|
| | | between Plaintiffs and Mr. Pirsos. IT IS FURTHER ORDERED that the hearing scheduled for March 13, 2023, is hereby adjourned sine die. SO ORDERED. (Signed by Judge Gregory H. Woods on 3/7/2023) (kv) (Entered: 03/07/2023) |
| 03/10/2023 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 3/10/2023. (Court Reporter present) (wv) (Entered: 03/13/2023) |
| 03/13/2023 | 362 | ORDER. As discussed at the March 10, 2023 conference, the Court orders the parties to meet and confer no later than March 17, 2023, regarding the issues raised in Plaintiffs' pre-motion conference letter, Dkt. No. 352. If any such issues are not resolved by the parties by March 17, 2023, Plaintiffs may then submit an application for an order to show cause. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 03/13/2023) |
| 03/30/2023 | 363 | NOTICE OF APPEARANCE by Fred L. Seeman on behalf of Rosey Kalayjian..(Seeman, Fred) (Entered: 03/30/2023) |
| 03/30/2023 | 364 | FIRST MOTION to Quash Subpoena Duces Tecum served upon Citibank N.A. *by Rosey Kalayjian*. Document filed by Rosey Kalayjian..(Seeman, Fred) (Entered: 03/30/2023) |
| 03/30/2023 | 365 | DECLARATION of Fred L. Seeman, Esq in Support re: 364 FIRST MOTION to Quash Subpoena Duces Tecum served upon Citibank N.A. *by Rosey Kalayjian*.. Document filed by Rosey Kalayjian. (Attachments: # 1 Exhibit Subpoena Duces Tecum).(Seeman, Fred) (Entered: 03/30/2023) |
| 03/30/2023 | 366 | DECLARATION of Rosey Kalayjian in Support re: 364 FIRST MOTION to Quash Subpoena Duces Tecum served upon Citibank N.A. *by Rosey Kalayjian*.. Document filed by Rosey Kalayjian..(Seeman, Fred) (Entered: 03/30/2023) |
| 03/30/2023 | 367 | MEMORANDUM OF LAW in Support re: 364 FIRST MOTION to Quash Subpoena Duces Tecum served upon Citibank N.A. *by Rosey Kalayjian*. . Document filed by Rosey Kalayjian..(Seeman, Fred) (Entered: 03/30/2023) |
| 04/03/2023 | 368 | ORDER. Non-party Rosey Kalayjian has filed a motion to quash. Dkt. No. 364. Plaintiff's opposition is due on or before April 13, 2023; Ms. Kalayjian's reply, if any, is due within 7 days after service of plaintiff's opposition. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 04/03/2023) |
| 04/05/2023 | 369 | LETTER MOTION for Extension of Time *to Oppose Motion to Quash* addressed to Judge Gregory H. Woods from Josef Nussbaum dated April 5, 2023. Document filed by Pavle Zivkovic..(Nussbaum, Yosef) (Entered: 04/05/2023) |
| 04/05/2023 | 370 | ORDER granting 369 Letter Motion for Extension of Time. Application granted. Plaintiff's opposition is due no later than April 20, 2023. Ms. Kalayjian's reply, if any, is due within seven days of service of plaintiff's opposition. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 369. SO ORDERED. (Signed by Judge Gregory H. Woods on 4/5/2023) (tg) (Entered: 04/05/2023) |
| 04/05/2023 | | Set/Reset Deadlines: Responses due by 4/20/2023 (tg) (Entered: 04/05/2023) |
| 04/17/2023 | 371 | LETTER MOTION for Leave to File Request for Order to Show Cause Why Non-Parties Should not be Compelled to Respond to Post-Judgment Subpoenas addressed to Judge Gregory H. Woods from Lucas C. Buzzard dated April 17, 2023. Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 04/17/2023) |
| 04/18/2023 | 372 | ORDER granting 371 Letter Motion for Leave to File Document. Application granted. Plaintiffs may file their request for an order to show cause. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 371. (Signed by Judge Gregory H. Woods on 4/18/2023) (rro) (Entered: 04/19/2023) |

| 04/20/2023 | 373 | MEMORANDUM OF LAW in Opposition re: 364 FIRST MOTION to Quash Subpoena Duces Tecum served upon Citibank N.A. *by Rosey Kalayjian*. . Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 04/20/2023) |
| --- | --- | --- |
| 04/20/2023 | 374 | DECLARATION of Lucas C. Buzzard in Opposition re: 364 FIRST MOTION to Quash Subpoena Duces Tecum served upon Citibank N.A. *by Rosey Kalayjian*.. Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18).(Buzzard, Lucas) (Entered: 04/20/2023) |
| 04/27/2023 | 375 | DECLARATION of Fred L. Seeman, Esq in Support re: 364 FIRST MOTION to Quash Subpoena Duces Tecum served upon Citibank N.A. *by Rosey Kalayjian*.. Document filed by Rosey Kalayjian. (Attachments: # 1 Exhibit Exhibit B - Oak Grove Road LLC Operating Agreement and Amendment).(Seeman, Fred) (Entered: 04/27/2023) |
| 04/27/2023 | 376 | SECOND MEMORANDUM OF LAW in Support re: 364 FIRST MOTION to Quash Subpoena Duces Tecum served upon Citibank N.A. *by Rosey Kalayjian*. . Document filed by Rosey Kalayjian..(Seeman, Fred) (Entered: 04/27/2023) |
| 04/28/2023 | 377 | LETTER addressed to Judge Gregory H. Woods from Lucas C. Buzzard dated April 28, 2023 re: Request to Consider Newly-Produced Evidence in Connection with Plaintiffs' Opposition to Non-Party Kalayjian's Motion to Quash (ECF Nos. 373 & 374). Document filed by Pavle Zivkovic. (Attachments: # 1 Exhibit A (Newly Produced Patriot Bank Records)).(Buzzard, Lucas) (Entered: 04/28/2023) |
| 05/02/2023 | 378 | LETTER addressed to Judge Gregory H. Woods from Leonard Spielberg dated May 2, 2023 re: Zivkovic v Laura Christy. Document filed by Laura Christy Midtown LLC.. (Spielberg, Leonard) (Entered: 05/02/2023) |
| 05/05/2023 | 379 | ORDER. The Court will hold a conference with respect to this matter by telephone on Wednesday, May 10, 2023, at 10:30 a.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(B) of the Court's Individual Rules. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 05/05/2023) |
| 05/09/2023 | 380 | NOTICE OF APPEARANCE by Marc David Braverman on behalf of Laura Christy LLC..(Braverman, Marc) (Entered: 05/09/2023) |
| 05/10/2023 | 381 | ORDER granting in part and denying in part 327 Motion for New Trial; granting in part and denying in part 327 Motion to Dismiss for Lack of Jurisdiction; granting in part and denying in part 327 Motion to Dismiss. For the reasons stated on the record during the May 10, 2023 conference in this case, Defendants' motion for a new trial, Dkt. No. 327, is GRANTED IN PART AND DENIED IN PART. The motion for a new trial is denied with respect to the complaints regarding the sufficiency of the evidence. The motion for a new trial is granted, however, with respect to the claim for discrimination against Mr. Ghatanfard. The Court grants the motion for remittitur with respect to the punitive damages award against Laura Christy Midtown, LLC ("Valbella Midtown"). The Court will order a new trial with respect to that issue unless, within fourteen (14) days of this order's entry, Plaintiffs file a written stipulation to reduce that amount to $10,000, a 1:4 ratio to the compensatory damages awarded. Defendants' motion to now, after judgment has been entered, dismiss the discrimination claims on the basis that the Court lacks supplemental jurisdiction, is denied. It is further ordered that the parties file a joint letter within fourteen (14) days of this orders entry setting forth how the parties propose to proceed in light of this Court's rulings on remittitur and on the discrimination claim |

| | | |
|---|---|---|
| | | against Mr. Ghatanfard. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 327. SO ORDERED. (Signed by Judge Gregory H. Woods on 5/10/2023) (jca) (Entered: 05/10/2023) |
| 05/10/2023 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 5/10/2023. (Court Reporter present) (wv) (Entered: 05/11/2023) |
| 05/11/2023 | 382 | ORDER of USCA (Certified Copy) as to 332 Notice of Appeal, filed by Genco Luca, Laura Christy LLC, David Ghatanfard, Laura Christy Midtown LLC. USCA Case Number 22-1558. On July 22, 2022, the Court issued a notice pursuant to Fed. R. App. P. 4(a)(4), staying this appeal due to a pending motion in the district court. The district court having determined the motion in an order dated May 10, 2023, IT IS ORDERED that the stay of this appeal is hereby lifted. Appellants must file their Acknowledgment and Notice of Appearance form and Forms C and D within 14 days of the date of this order. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 05/11/2023.. (nd) (Entered: 05/12/2023) |
| 05/15/2023 | 383 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** AMENDED NOTICE OF APPEAL. Document filed by Laura Christy Midtown LLC. Filing fee $ 505.00, receipt number ANYSDC-27737917. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit Exhibit A - Judgment, # 2 Exhibit Exhibit B - Order).(Alter, Daniel) Modified on 5/15/2023 (tp). (Entered: 05/15/2023) |
| 05/15/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Daniel Alter to RE-FILE Document No. 383 Notice of Appeal. The filing is deficient for the following reason(s): the wrong event type was used to file the appeal. Re-file the appeal using the event type Amended Notice of Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (tp)** (Entered: 05/15/2023) |
| 05/15/2023 | 384 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** AMENDED NOTICE OF APPEAL re: 383 Notice of Appeal,. Document filed by David Ghatanfard, Laura Christy Midtown LLC, Genco Luca. (Attachments: # 1 Exhibit Exhibit A - Judgment, # 2 Exhibit Exhibit B - Order).(Alter, Daniel) Modified on 5/15/2023 (tp). (Entered: 05/15/2023) |
| 05/15/2023 | 385 | AMENDED NOTICE OF APPEAL re: 383 Notice of Appeal, 381 Order on Motion for New Trial, Order on Motion to Dismiss/Lack of Jurisdiction,,,,,,,,,,,,,,,,,,,, 324 Judgment,,,,,,,,. Document filed by David Ghatanfard, Laura Christy Midtown LLC, Genco Luca. (Attachments: # 1 Exhibit Exhibit A - Judgment, # 2 Exhibit Exhibit B - Order).(Alter, Daniel) (Entered: 05/15/2023) |
| 05/15/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 385 Amended Notice of Appeal. (tp) (Entered: 05/15/2023) |
| 05/15/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 385 Amended Notice of Appeal, filed by Genco Luca, David Ghatanfard, Laura Christy Midtown LLC were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/15/2023) |
| 05/16/2023 | 386 | FIRST LETTER MOTION to Reopen *sever remaining case* addressed to Judge Gregory H. Woods from Neal S. Comer dated May 16, 2023. Document filed by David Ghatanfard, Laura Christy Midtown LLC..(Comer, Neal) (Entered: 05/16/2023) |
| 05/17/2023 | 387 | ORDER. The Court will hold a status conference with respect to this matter by telephone on May 24, 2023, at 4:00 p.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's |

| | | Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(B) of the Court's Individual Rules. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 05/17/2023) |
| --- | --- | --- |
| 05/22/2023 | 388 | LETTER addressed to Judge Gregory H. Woods from Lucas C. Buzzard dated May 22, 2023 re: Defendants' Letter Dated May 16 (ECF No. 386). Document filed by Pavle Zivkovic..(Buzzard, Lucas) (Entered: 05/22/2023) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 05/24/2023 15:26:29 | | |
| PACER Login: | spolzino | Client Code: | 026925.00001 |
| Description: | Docket Report | Search Criteria: | 1:17-cv-00553-GHW |
| Billable Pages: | 30 | Cost: | 3.00 |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAVLE ZIVKOVIC, on behalf of himself and
others similarly situated,

     Plaintiff,

  v.

LAURA CHRISTY LLC d/b/a VALBELLA,
LAURA CHRISTY MIDTOWN LLC, DAVID
GHATANFARD, and GENCO LUCA,

     Defendants.

17-CV-00553-GHW

**JUDGMENT**

   WHEREAS this action was tried to a jury and, on April 11, 2022, the jury rendered a

verdict in favor of Plaintiff Pavle Zivkovic as well as in favor of the Subclasses that the Court

certified on November 13, 2018 (Dkt. No. 147); and

   WHEREAS, in accordance with Fed. R. Civ. P. 23(c)(3)(b), the names of the individuals

whom notice was directed, who have not requested exclusion, and whom the Court finds to be

class members are attached hereto as "Exhibit A" (the "Subclass Members"); and

   WHEREAS the Court has calculated the total damages of judgment due to the Subclass

Members and to Plaintiff Zivkovic based on the verdict rendered by the jury (Dkt. No. 283);

   It is HEREBY, ORDERED, ADJUDGED AND DECREED that the Clerk of Court shall

enter judgment as follows:

   1.  Pursuant to the jury's verdict, Judgment shall be entered in favor of the

Subclasses and against Defendants Laura Christy LLC, Laura Christy Midtown LLC, and David

Ghatanfard, jointly and severally, in the amount of $4,509,868.78 which includes prejudgment

interest (the "Class Jury Award").

   2.  Plaintiffs' counsel, Joseph & Kirschenbaum LLP, shall be awarded $1,503,274.56

as attorneys' fees  which shall be paid out of the Class Jury Award.

3.      In addition, lead plaintiffs Ricardo Sanchez, Fernando Marin, and Alejandra C. Rendon shall each be awarded $5,000 as service awards, in addition to the individual respective amounts they are entitled to from this Judgment. These service awards shall also be paid out of the Class Jury Award.

4.      In addition to the sum owed pursuant to Class Jury Award, the Court also awards class counsel, Joseph & Kirschenbaum LLP, $561,948.50 in attorneys' fees pursuant to the fee-shifting provisions of the New York Labor Law ("NYLL") as well as $20,200.57 in costs pursuant to that statute for a total of $582,149.07.

5.      Accordingly, in the aggregate, Judgment shall be entered in favor of the Subclasses and against Defendants Laura Christy LLC, Laura Christy Midtown LLC, and David Ghatanfard, jointly and severally, in the amount of $5,092,017.85 which includes prejudgment interest (the "Class Judgment").

6.      Pursuant to New York Labor Law § 198(4), any or all of the $5,092,017.85 Class Judgment amount which is not paid within ninety (90) days of this Judgment shall be automatically increased at the rate of 15% of the Judgment.

7.      In addition to the Class Judgment amount, judgment shall also be entered in favor of Pavle Zivkovic and against Defendants Genco Luca, Laura Christy Midtown LLC, and David Ghatanfard, as follows:

| Defendant | Judgment Amount |
|---|---|
| Genco Luca | $25,000.00 |
| Laura Christy Midtown LLC | $452,500.00 |
| David Ghatanfard | $202,500.00 |
| **Total** | **$680,000** |

3

8.     The Court awards attorneys' fees pursuant to the fee-shifting provisions of the

New York City Human Rights Law in the amount of $7,060.00 in favor of Plaintiffs' counsel,

Joseph & Kirschenbaum LLP, and against Defendants Genco Luca, David Ghatanfard, and

Laura Christy Midtown LLC, jointly and severally.

9.     In sum, and for the avoidance of doubt, Judgment is hereby entered against each

Defendant in the following amounts:

| Defendant | Judgment Amounts |
| --- | --- |
| Laura Christy LLC, Laura Christy Midtown LLC, and David Ghatanfard, jointly and severally | $5,092,017.85 |
| Laura Christy Midtown LLC | $452,500.00 |
| David Ghatanfard | $202,500.00 |
| Genco Luca | $25,000.00 |
| Genco Luca, David Ghatanfard, and Laura Christy Midtown LLC, jointly and severally | $7,060 |
| **Total Judgment** | **$5,779,077.85** |

10.     All the aforementioned judgment amounts shall be subject to post-judgment

interest from the date this judgment is entered until the date these judgment amounts are fully

satisfied at the rate fixed pursuant to 28 U.S.C. § 1961.

11.     The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: June 22, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

4

# EXHIBIT A

**I. Valbella Meatpacking Subclass Members**

| Employee Name |
|---|
| Abazi, Qerim |
| Abrau, Ronald |
| Adorno, Marcielo |
| Ajala, Malik |
| Aktas, Mehmet H. |
| Alicka, Armand |
| Alikaj, Armand |
| Alla, Albert |
| Alomar, Irina |
| Alonso, Antonio |
| Altas, Onder |
| Andrada, Marcos A. |
| Arellano, Israel |
| Arucevic, Edmir |
| Avendano, Enrique |
| Azemi, Shkelqim |
| Azevedo, Luis Filipe |
| Azuni, Klaidi |
| Bakalli, Arvit |
| Baldeon, Luis |
| Balska, Irena |
| Bancila, Gheorghe O. |
| Barbosa, Laugenice |
| Beaven, Laura |
| Besimovski, Adnan |
| Bolotbekova, Elvira |
| Borsky, Victoria |
| Bozal, Deniz |
| Brown, Danielle |
| Brown, Kaitlin G. |
| Bucinca, Rigon |
| Buczkowska, Magdalena |
| Bytyqi, Faton |
| Calfin, Christopher L. |
| Calixto, Carlos |
| Caltabiano, Mark |
| Castillo, Henrique |
| Cela, Ermir |
| Cervone, Gina Marie |
| Cesare, Jennifer |
| Ceylan, Cihan |
| Chodhury, Ruhel |

| |
|---|
| Chowdhury, Mohshin |
| Chowdhury, Ziaur |
| Chulkova, Irina |
| Cici, Keidi |
| Closs, Daniel |
| Colakel, Kemal |
| Connell, Elisha |
| Cristescu, Adrian |
| Dani, Alfred |
| Daniel, Closs |
| Das, Ratan K. |
| Deak, Tescia |
| Dezzutti, Brianne M. |
| Diaz, Andres |
| Diaz, Ray |
| DiDonato, Natalia |
| Dominguez, Joaquin |
| Dreisbach, Katherine H |
| Dressler, Jacqueline |
| Durman, Burak |
| Errico, Mario |
| Escalier, Alvaro M. |
| Esenlik, Emre |
| Fejzaj, Haki |
| Forlong, Roy A. |
| Franco, Raul A. |
| Frrokaj, Bekim |
| Frrokaj, Blerim |
| Frrokaj, Burim |
| Frrokaj, Rafi |
| Garcia, Guillermo C. |
| Garcia, Guillermo T. |
| Garcia, Maykol |
| Gashi, Shaban |
| Gatica, Samuel |
| Geckil, Ulas |
| Gifoli, Massimo |
| Goddard-Braithwaite, Tara A. |
| Gomez, Fernando |
| Guzman, Cristian |
| Hadzibrahimovic, Sani |
| Hadzibrahimovic, Verdon |
| Halilaj, Anthony |
| Haque, Athikul |

7

| |
|---|
| Heras, Marco G |
| Hernandez, David |
| Hernandez, Lucas |
| Herrera, Javier |
| Hopson, Simone R. |
| Hossain, Sorwer |
| Jadlovszki-Koleszar, Rosa |
| Jara, Hector |
| Kadyrova, Amina |
| Kajtazi, Armend |
| Karim, Md A. |
| Kasmi, Amer |
| Kasmi, Gent |
| Kilpatrick, Michael |
| Kish, Tiffinie |
| Klement, Andrew |
| Kochurova, Olha |
| Konca, Ulas |
| Kowzan, Emily |
| Krasniqi, Argon |
| Krasniqi, Arjanit |
| Krasniqi, Shkelqim |
| Kreshnik, Fejzaj |
| Kudra, Goran |
| Kusari, Hanor |
| Lala, Petrit |
| Lamaj, Klodian |
| Lambert, Barbara |
| Ljuljudurj, Lindon |
| Lovric, Hanna |
| Lucgjonjj, Viktor |
| Mahir, Ahmed |
| Makulova, Adel |
| Maloku, Shkoderan |
| Marin, Fernando |
| Matos, Ivana |
| McDougal, Ellie |
| Mema, Jusuf |
| Miocic, Zeljko |
| Mitri, Siljon |
| Mora, Adrienne |
| Muhaxher, Gramos |
| Muhshin, Ahmed |
| Mulaj, Buyar |
| Musaj, Tush |

| |
|---|
| Nimani, Burim |
| Nomani, Henri |
| Noreci, Olsian |
| Ochoa, Juan |
| Olate, Edwin E. |
| Oshlani, Bahri |
| Oshlani, Florije |
| Ozturk, Sercan |
| Paguay, Oscar P. |
| Paiva, Christiane |
| Panaccio, Tamara |
| Papa, Elio |
| Pashako, Ertis |
| Pashako, Florence |
| Paska, Mikel |
| Patino, Alfredo |
| Pepaj, Arijan |
| Perdedaj, Zef |
| Pereira-Morales, Juan Arnaldo |
| Pinos, Jorge |
| Pireva, Florent |
| Pllana, Leutrim |
| Portilla-Andrade, Jorge |
| Qosja, Bashkim |
| Qubreli, Genc |
| Quiros, Alejandro |
| Race, Derek |
| Raci, Agush |
| Rahman, Luthfer |
| Rahman, Mahbubur |
| Ramaj, Lirim |
| Rendon, Johan |
| Romano, John J. |
| Romero, Armando |
| Romero, Ivan |
| Rondon, Ender J. |
| Rosca, Ion |
| Rraci, Bashkim |
| Rraci, Imer |
| Ruiz, Israel R. |
| Sajid, Hassan |
| Sanchez, Higinio |
| Sanchez, Ricardo |
| Sandede, Unal |

| |
|---|
| Sanic, Hector R. |
| Scerri, Byron L. |
| Shala, Besfort |
| Shala, Sali |
| Shano, Etleva |
| Shano, Ivi |
| Shonar, Imran H |
| Shonar, Mohammed |
| Simmons, Francine B. |
| Sinsdale, Stephen |
| Titkova, Evgeniya |
| Torun, Ali |
| Ubdin, Misba |
| Uddin, MD A. |
| Uslu, Fikret |
| Uzzaman, Shamim |
| Vidas, Denis |
| Vita, Jemina |
| Xhemajli, Ekrem |
| Xhemajli, Shkelzen |
| Yilmaz, Tunch |
| Yilmaz, Unsal L. |
| Yozzo, Bricen |
| Zeidman, Nicole |
| Zherka, Agron |
| Zivkovic, Pavle |

## II.  Valbella Midtown Subclass Members

| Employee Name |
|---|
| Acevedo, Dariana |
| Agzzoum, Aly |
| Alane, Rachid |
| Altas, Onder |
| Alvarez, Ivan |
| Aslantas, Ferhat |
| Atroce, Mario |
| Avella, Vito |
| Avendano, Enrique |
| Avila, William S. |
| Ayar, Turker |
| Azcatl, Edgar |
| Azir, Uddin |

| |
|---|
| Balska, Irena |
| Bekimi, Albino |
| Berisha, Albert |
| Bolmonte, Herminio |
| Boyadjan, Yuliya |
| Bravo, Luis |
| Brown, John |
| Brown, Kaitlin G. |
| Caka, Marko |
| Calle, Luis |
| Caltabiano, Mark |
| Canales, Jose |
| Candia, Felicito |
| Casales, Juan |
| Cassavitis, Ashley |
| Castillo, Henrique |
| Cedeno, Oliver H. |
| Celmeta, Ardian |
| Centeno-Martinez, Javier |
| Chino, Noe |
| Cici, Keidi |
| Cohen, Arielle |
| Cvetrovsra, Marija |
| Dalbery, Scot |
| Dalipi, Arget |
| Darcourt, Joseph |
| Diaz, Ray |
| Dimitrova, Karmena |
| Duque, Alexander |
| Durman, Burak |
| Esenlik, Emre |
| Fabiani, Julio |
| Farlow, Troy J. |
| Fernandez, Jose A. |
| Forlong, Roy |
| Frrokaj, Bekim |
| Frrokaj, Blerim |
| Garcia, Maykol |
| Garcia, Saul |
| Gashi, Agon |
| Gashi, Dardan |
| Gaviria, Gloria |

11

| |
|---|
| Geckil, Ulas |
| Gifoli, Massimo |
| Gimenez, Giorgio |
| Giordano Jr., Joseph |
| Gjini, Zef |
| Goldman, Helena |
| Gomez, Sandra |
| Gonzalez, Antonio |
| Guzman, Cesar Ivan |
| Hahija, Blerim |
| Hardy, Patrick W. |
| Heras, Marco G. |
| Hernandez, David |
| Hernandez, Delia |
| Hirschhorn, Andrew |
| Hoxha, Granit |
| Islaim, Syed |
| Islam, Rasiqul |
| Jakaj, Mikel |
| Jaramillo, Selso W. |
| Jara, Hector |
| Jones, Natalie |
| Juka, Herald |
| Kasmi, Gent |
| Kasumi, Rijad |
| Kelly, Caitlin |
| Knezevic, Vojislav |
| Kraja, Eren |
| Krasniqi, Besnik |
| Krasniqi, Blerim |
| Leca, Catalina |
| Lee, Brian J. |
| Lopez, Rosendo |
| Lovric, Hanna |
| Lukacevic, Andrijana |
| Macar, Andelko |
| Martinovic, Kire J. |
| Maldonado, Jose Luis |
| Malfetano, Ryan J. |
| Marku, Freddy |
| Mashi, Mario |
| Mavraj, Ermal |
| Mema, Jusef |
| Mercado, Tiffany B. |
| Mercedes, Armando |

| |
|---|
| Miah, Moynul |
| Michos, Diana |
| Moctesuma, Rafael |
| Molina, Windsor |
| Mucollari, Hysen |
| Muniz, Antonio |
| Nikcevic, Ivana |
| Nino, Daniel |
| Nistor, Ionel |
| Onofre, Antonio De Jesus |
| Orozco, Andres Felipe |
| Ortiz, Juan M. |
| Ozturk, Sercan |
| Paguay, Manuel F. |
| Paguay, Oscar |
| Pashako, Ertis |
| Pashako, Florence |
| Pashako, Stephany A. |
| Pelico-Perez, Urbano B. |
| Pereira, Juan |
| Perolli, Drilon |
| Petkovic, Bojan |
| Pllana, Florim |
| Poppsoba, Emiliya |
| Pusic, Nenad |
| Qoshja, Liburn |
| Queiroz, Louiz |
| Quiros, Alejandro |
| Quizhri, Wilson |
| Race, Derek |
| Radoncic, Jenuz |
| Rakaj, Ervis |
| Rakos, Robert |
| Ramirez, Jesus |
| Ramos, Rogelio |
| Rendon, Alejandra C. |
| Rivera, Jaime |
| Rodpothong, Kanda |
| Rojas, Juan Carlos |
| Romano, Roberto |
| Romero, Armando |
| Romero, Ivan |
| Rosa, Paola |
| Rraci, Bashkim |

| |
|---|
| Rucda, Antonio |
| Ruiz, Alex |
| Ryan, Quinn |
| Sajid, Hassan |
| Salgado, Juan |
| Sanchez, Christian |
| Sanchez, Johnathan |
| Sanchez, Ricardo |
| Sani, Bruno |
| Sarmiento, Jose |
| Sebbag, Yonni |
| Secolo, Angelo |
| Seferi, Milaim |
| Shannen, Timothy G. |
| Shokdra, Arben |
| Siguencia, Marco |
| Silva, Mauricio |
| Simaku, Endri |
| Simone, Kirstein |
| Simonetti, Cristiano |
| Slamna, Daniel |
| Smith, Brittany N. |
| Sornoza, Joshua |
| Tacuri, Vicente |
| Tononi, Fabio |
| Topal, Ismail |
| Uslu, Fikret |
| Uzzaman, Shamim |
| Valenca, Lais |
| Vasquez, Marco |
| Vazquez, Ricardo |
| Velasco, Erick |
| Veseli, Valmir |
| Wdowiak, Magdalena |
| Yilmaz, Tunch |
| Ymeri, Aridon |
| Yuce, Murat |
| Yungberg, Sofia |
| Zivkovic, Pavle |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/2023
```

-------------------------------------------------------------- X
                                                                :
PAVLE ZIVKOVIC, *on behalf of himself and others*              :
*similarly situated,*                                           :
                                                                :
                                            Plaintiffs,         :          1:17-cv-553-GHW
                                                                :
                                                                :             ORDER
                          -v -                                  :
                                                                :
LAURA CHRISTY, LLC *d/b/a* Valbella, LAURA                      :
CHRISTY MIDTOWN, LLC, DAVID                                     :
GHATANFARD, *and* GENCO LUCA,                                   :
                                                                :
                                            Defendants.         :
                                                                :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

For the reasons stated on the record during the May 10, 2023 conference in this case,

Defendants' motion for a new trial, Dkt. No. 327, is GRANTED IN PART AND DENIED IN

PART. The motion for a new trial is denied with respect to the complaints regarding the sufficiency

of the evidence. The motion for a new trial is granted, however, with respect to the claim for

discrimination against Mr. Ghatanfard. The Court grants the motion for remittitur with respect to

the punitive damages award against Laura Christy Midtown, LLC ("Valbella Midtown"). The Court

will order a new trial with respect to that issue unless, within fourteen (14) days of this order's entry,

Plaintiffs file a written stipulation to reduce that amount to $10,000, a 1:4 ratio to the compensatory

damages awarded. Defendants' motion to now, after judgment has been entered, dismiss the

discrimination claims on the basis that the Court lacks supplemental jurisdiction, is denied. It is

further ordered that the parties file a joint letter within fourteen (14) days of this order's entry setting

forth how the parties propose to proceed in light of this Court's rulings on remittitur and on the

discrimination claim against Mr. Ghatanfard.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 327.

SO ORDERED.

Dated: May 10, 2023
New York, New York

GREGORY N. WOODS
United States District Judge

2

N5AAAZIVC                          Decision

 1 | UNITED STATES DISTRICT COURT
   | SOUTHERN DISTRICT OF NEW YORK
 2 | ------------------------------x
 3 | PAVLE ZIVKOVIC,
 4 |                   Plaintiff,
 5 |          v.                            17 CV 553 (GHW)
 6 | LAURA CHRISTY, LLC d/b/a
   | VALBELLA, LAURA CHRISTY
 7 | MIDTOWN, LLC, DAVID GHATANFARD
   | and GENCO LUCA,
 8 |
   |                   Defendants.
 9 |
   | ------------------------------x
10 |                                        New York, N.Y.
   |                                        May 10, 2023
11 |                                        9:30 a.m.
12 | Before:
13 |                    HON. GREGORY H. WOODS,
14 |                                              District Judge
15 |                          APPEARANCES
16 | JOSEPH & KIRSCHENBAUM, LLP
   |         Attorneys for Plaintiff Zivkovic
17 | BY:  JOSEF NUSSBAUM
   |      LUCAS BUZZARD
18 |
   | HAROLD SALANT STRASSFIELD & SPIELBERG
19 |         Attorneys for Defendant Christy Midtown
   | BY:  LEONARD SPIELBERG
20 |
   | DEALY SILBERSTEIN & BRAVERMAN, LLP
21 |         Attorneys for Defendant Christy/Valbella
   | BY:  MARC BRAVERMAN
22 |
23 |
24 |
25 |

N5AAAZ1VC                    Decision

1          (Case called)

2          THE COURT:  I'd like to begin by taking appearances

3    from the parties. I'm going to start by asking that the

4    principal spokesperson for each side identity him or herself

5    and the members of their team.  Like to do that rather than

6    having each of you introduce themselves individually.

7          Let me begin first with counsel for plaintiff.  Who is

8    on the line for plaintiff?

9          MR. NUSSBAUM:  Good morning, your Honor.

10         Joseph Nussbaum for plaintiff, and I have my colleague

11   Lucas Buzzard.

12         THE COURT:  Thank you very much.

13         Who is on the line on behalf of each of the

14   defendants?  I'll start with Valbella Midtown.

15         Counsel.

16         MR. SPIELBERG:  Good morning, your Honor.

17         Leonard Spielberg, for Laura Christy Midtown LLC.

18         THE COURT:  Thank you.

19         And for our other Valbella, who is on the line for it?

20         MR. BRAVERMAN:  Marc Braverman, Silberstein &

21   Braverman, on behalf of Laura Christy LLC, d/b/a Valbella V.

22   Packing.

23         THE COURT:  Very good.

24         Who is on the line on behalf of the other defendant?

25         MR. COMER:  Neal Comer, your Honor.

N5AAAZIVC                    Decision

1          Good morning.  For David Ghatanfard.

2          THE COURT:  Thanks very much.

3          Let me begin with just a few brief comments about the

4     rules that I'd like the parties to follow during this

5     conference.  At the outset please remember that this is a

6     public proceeding.  Any member of the public or press is

7     welcome to dial-in to this call.  I'm not monitoring whether

8     third parties are auditing the conference, but they're

9     perfectly welcome to do so.  So I just ask you to keep that in

10    mind.

11         Second, can ask you all to please place your phones on

12    mute.  Please keep your phones on mute at all times, except

13    when you are intentionally speaking to me or to the

14    representative of another party.

15         Next, please state your name each time that you speak.

16    You should do that even if you've spoken previously.

17         Fourth, please abide by instructions from our court

18    reporter, which are designed to help the court reporter do

19    their job.

20         And finally, I am ordering that there be no recording

21    or rebroadcast of all or any portion of today's conference.

22         So, counsel, with that out of way, what I'd like to do

23    is the following:

24         Counsel, I have reviewed of the submissions in

25    connection with the motion for a new trial.  I am prepared to

N5AAAZIVC                    Decision

1    address it assuming that there's nothing that any party wants

2    to add to your written submission.  I'll turn to that now.

3              I wanted to check, my assumption, and I'll begin with

4    counsel for Valbella Midtown.

5              Is there anything you would like to add to your

6    written submission?

7              MR. SPIELBERG:  Leonard Spielberg, for Valbella

8    Midtown.

9              We have nothing to add.

10             THE COURT:  Counsel for the other Valbella.

11             MR. BRAVERMAN:  Mark Braverman.

12             We have nothing to add either, your Honor.

13             Thank you.

14             THE COURT:  Thank you.

15             counsel for Mr. Ghatanfard.

16             MR. COMER:  Neal Comer, your Honor.

17             As the others, we have nothing to add.  Thank you.

18             THE COURT:  Counsel for plaintiffs.

19             MR. NUSSBAUM:  Joseph Nussbaum.

20             We'll rest on our written option.  Thank you.

21             THE COURT:  Please place your phones on mute.

22         I scheduled this conference to take up the motion for a

23    new trial filed by defendants.  The defendants filed their

24    motion and supporting documents on July 8, 2022.  Dkt. No. 327

25    (notice of motion); Dkt. No. 328 ("Defs.' Mem.").  The

5

N5AAAZIVC                    Decision

1   plaintiffs filed an opposition on August 1, 2022, together with

2   a supporting affidavit.  Dkt. No. 336 ("Opposition"); Dkt. No.

3   337 ("Buzzard Decl.").  The motion was fully briefed with

4   Defendants' reply, which was filed on August 15, 2022.  Dkt.

5   No. 340 ("Reply").  I have reviewed the parties' submissions.

6   First off, I apologize again to the parties for the delay in

7   getting to this.  I had some staffing issues over the last year

8   that significantly impacted my work.  The buck stops here, so

9   the blame rests with me; I just want you to know that the delay

10  isn't because I've been taking a break.  Rather, I've been

11  doing other work.  I saw defendants' letter last week, and I

12  agreed with its sentiment.  For that reason, I'm delivering

13  this opinion orally, because I thought that it would allow me

14  to deliver the opinion sooner.  Again, my apologies for the

15  delay.

16  I will rule on the motion orally.

17  The parties are familiar with the underlying facts and

18  procedural history.  Therefore, I will not recite those in

19  great detail.  I have embedded or incorporated by reference,

20  those facts that are particularly pertinent to my decision and

21  will provide what I expect will be a sufficient explanation for

22  my view in my oral decision to permit meaningful appellate

23  review.  See Presley v. U.S. Postal Serv., 317 F.3d 167, 173

24  (2d Cir. 2003).  Again, can I ask everybody to please keep

25  their phones on mute.

N5AAAZIVC                    Decision

1   I.                                    BACKGROUND

2   I am assuming the parties' familiarity with the underlying

3   procedural history here and as a result, I am not going to

4   recount it all in full.  But I would like to spend just a few

5   moments to highlight some aspects of the procedural history of

6   this case that are of particular significance to the issues

7   presented in this motion.

8   This case was originally filed back in January of 2017.  Dkt.

9   No. 1 (the "Complaint").  The initial complaint was never

10  amended.  The Complaint asserted a number of claims.  The

11  leading federal causes of action were a series of claims under

12  the federal Fair Labor Standards Act (the "FLSA") on behalf of

13  Mr. Zivkovic and a proposed collective.  Complaint  52-60.  The

14  Complaint also asserted wage-and-hour claims under the New York

15  Labor Law (the "NYLL") on behalf of Mr. Zivkovic and a proposed

16  class.  Id.  61-77.  The Complaint also asserted claims by Mr.

17  Zivkovic against all of the defendants for violations of the

18  New York State Human Rights Law (the "NYSHRL") for

19  discriminating against him on the basis of his national origin,

20  as well as an equivalent claim against all of the defendants

21  under the New York City Human Rights Law (the "NYCHRL").  Id.

22  78-87.  Mr. Zivkovic also asserted a claim for common law

23  battery against all of the defendants on the basis of an

24  allegation that Defendant Luca intentionally struck him.  Id.

25  88-92.

7

N5AAAZIVC                    Decision

1   Defendants never moved to dismiss the Complaint on any grounds.
2   They initially answered the Complaint on March 30, 2017.  Dkt.
3   No. 13.  And, with leave of the Court, the defendants filed
4   amended answers on June 20, 2018.  Dkt. Nos. 101, 103.
5   Throughout this time, the parties conducted discovery in the
6   case.  Plaintiffs filed an affirmative motion for summary
7   judgment, which the Court denied on November 20, 2018.  Dkt.
8   No. 147.  The Court granted their motion for certification of a
9   class in the case on November 30, 2018.  Dkt. No. 147.  The
10  Court directed the parties to submit dates on which they would
11  be available for trial in 2019 on January 25, 2019, and I
12  initially scheduled a trial to begin in the case on October 28,
13  2019.  Dkt. Nos. 156, 158.  Rather than moving directly to
14  trial, however, Plaintiffs asked for leave to file another
15  motion for summary judgment.  Dkt. No. 159.  The Court
16  adjourned the 2019 trial and allowed Plaintiffs to file their
17  partial motion for summary judgment.  They did so on May 24,
18  2019.  Dkt. No. 165.  The motion then needed to be fully
19  briefed and the Court resolved the motion on October 23, 2019.
20  Dkt. No. 211.  That motion practice added five months to the
21  case and, unexpected by all, teed up the case for trial right
22  before the onset of the global COVID-19 pandemic.
23  Understandably, then the parties requested an adjournment of
24  the trial schedule as a result of the pandemic.  See, e.g.,
25  Dkt. No. 218.  After a series of extensions and adjournments,

1   the Court scheduled trial to begin on March 28, 2022. Dkt. No.

2   248.

3   The parties' pretrial submissions, including their proposed

4   requests to charge were due no later than February 7, 2022.

5   Id.  The parties submitted a joint set of requests to charge to

6   the Court on February 10, 2022.  Dkt. No. 255 (the "Requests to

7   Charge").  The Requests to Charge were jointly composed.  As is

8   significant here, the parties agreed entirely on the charge

9   with respect to Plaintiff's discrimination claim.  The

10  parties-including, to be very clear, all Defendants-presented a

11  charge entitled "Employer Responsibility for Discrimination by

12  its Employees or Agents," which provided for liability for

13  those people upon the showing described.  The parties supported

14  the proposed charge with a footnote pointing, among other

15  places, to N.Y.C. Admin. Code § 8-107(13)(b) as the basis for

16  the charge.  Requests to Charge at 30.  The parties also agreed

17  that we would only charge the jury with respect to the NYLL

18  claims, since liability with respect to them would establish

19  liability under the FLSA and there could be no duplicative

20  recovery.

21  Among their pre-trial submissions was also a proposed joint

22  pretrial order.  Dkt. No. 253 (the "Proposed JPTO").  In the

23  Proposed JPTO, the parties agreed on a number of items that

24  they asked the Court to endorse as an order of the Court.

25  Significantly here, the parties stated in the Proposed JPTO,

1  and asked the Court to endorse, the following statement:  "This

2  Court has supplemental jurisdiction over the New York state law

3  claims, as they are so related to the claims in this action

4  within the Court's original jurisdiction that they form part of

5  the same case or controversy under Article III of the United

6  States Constitution.  Defendants do not contest jurisdiction."

7  Proposed JPTO at 2.

8  We held a pretrial conference on March 11, 2022, and trial

9  began on March 31, 2022.  The evidence came in a bit faster

10  than we all had predicted, so we had a charging conference for

11  the case on April 6, 2022.  I circulated a proposed charge,

12  marked to show changes to the parties' proposed charge in

13  advance of the conference.  The proposed charge was largely

14  based on the parties' joint proposal.  The parties had ample

15  time to review the proposed charge before we began our

16  discussion.  Dkt. No. 296 ("Charge Tr.") at 957 ("THE COURT:

17  It's not a rush.  It's more important that we get it right.

18  That's more important than speed.").  During the discussion of

19  the charge, Mr. Spielberg commented to the effect that he

20  wanted the charge not to provide for vicarious liability for

21  Mr. Ghatanfard with respect to the discrimination claim.

22  Charge Tr. at 980:12-18 ("MR. SPIELBERG:  I just don't want to

23  suggest to the jury that David Ghatanfard individually would

24  have vicarious liability.  THE COURT: Thank you.  How would you

25  propose to modify this language, if at all?  MR. SPIELBERG:  By

1   giving David a separate paragraph."). I then walked through

2   the parties' proposed charge. I ended by saying the following

3   "THE COURT: And particularly, you should let me know if there

4   is particular language that you would suggest that I include in

5   order to address the issue." Id. at 981:18-21. The colloquy

6   proceeded from that question as follows: "MR SPIELBERG: All

7   right, Judge. Thank you. I'm sorry. THE COURT: Thank you.

8   Would you like for me to make a change? I'm happy to, again.

9   MR. COMER: I lost track, Judge. I'm sorry. Which change are

10  we talking about? THE COURT: To the implied liability

11  section. . . . The section that pertains to the determination

12  for the liability of Valbella Midtown or Mr. Ghatanfard. MR.

13  COMER: Is that on page 20, Judge? THE COURT: Yes. MR. COMER:

14  I 'm satisfied with the language as it is in your Honor's

15  draft. THE COURT: Thank you. Counsel for Midtown? MR.

16  SPIELBERG: Yeah, Judge. I'll go along with Mr. Comer. THE

17  COURT: Thank you." Id. at 981:22-982:16.

18  So, in sum, Mr. Spielberg raised a concern that the jury charge

19  should not be written in a way that would make Mr. Ghatanfard

20  vicariously liable for the discriminatory acts of others. I

21  invited the parties to suggest changes to the language that

22  they had proposed. And Defendants ultimately said that they

23  were "satisfied with the language as it" was in the draft; as

24  they had proposed it to the Court.

25  I am not going to provide a full overview of the trial and the

N5AAAZIVC                    Decision

1   evidence presented.  I incorporate the transcript of the

2   proceedings here by reference.  At the end of the trial, I

3   charged the jury, and the parties again did not object to the

4   charges that are at issue in this motion.  After deliberations,

5   the jury returned a verdict for Plaintiffs.  See Dkt. No. 283

6   (the "Verdict Sheet").  They made detailed findings in response

7   to the questions posed to them regarding the hours worked by

8   Subclass Members, their spread-of-hours pay, and overtime

9   violations, among other things.

10  Significantly, for purposes of this motion, the jury also found

11  for Mr. Zivkovic with respect to his discrimination claim.  The

12  language of the Verdict Sheet tracked the charges agreed upon

13  by the parties and administered by the Court.  The jury found

14  for Mr. Zivkovic "On the claim that Defendant Luca

15  discriminated against Plaintiff Zivkovic . . . ."  Verdict

16  Sheet at 12.  They also found that Mr. Ghatanfard and Valbella

17  Midtown were liable for Mr. Luca's discrimination.  And the

18  questions as posed in the Verdict Sheet reflected that they

19  were not finding that either had discriminated against Mr.

20  Zivkovic-but rather that they were liable for Mr. Luca's

21  conduct.  Id. ("On the claim that Defendant Ghatanfard is

22  liable for Defendant Luca's conduct, we find in favor of: . . .

23  .").  The jury awarded Mr. Zivkovic damages for the alleged

24  discrimination:  $5,000 in compensatory damages against Mr.

25  Luca and $2,500 each for Valbella Midtown and Mr. Ghatanfard.

N5AAAZIVC                    Decision

1   The jury then imposed punitive damages for the same conduct.

2   Id. at 12-13.  They imposed punitive damages in the following

3   amounts:  $20,000 as to Mr. Luca, $450,000 as to Valbella

4   Midtown, and $200,000 as to Mr. Ghatanfard.  Id. at 13.  The

5   jury found for Mr. Luca on Plaintiff's claim for battery.  Id.

6   II.                         LEGAL STANDARD

7   A.                          Rule 59(a) Motion for a New Trial

8   Rule 59 provides that courts may grant a new trial "for any

9   reason for which a new trial has heretofore been granted in an

10  action at law in federal court."  Fed. R. Civ. P. 59(a).

11  Granting a new trial is appropriate where "the jury has reached

12  a seriously erroneous result or its verdict is a miscarriage of

13  justice."  Nimely v. City of New York, 414 F.3d 381, 392 (2d

14  Cir. 2005).

15  Under Fed. R. Civ. P. 59(a)(1)(A), a court may grant a motion

16  for a new trial where "'the jury's verdict [is] against the

17  weight of the evidence.'"  Bouveng v. NYG Capital LLC, 175 F.

18  Supp. 3d 280, 311 (S.D.N.Y. 2016) (quoting Manley v. AmBase

19  Corp., 337 F.3d 237, 245 (2d Cir. 2003)).  A "new trial under

20  Rule 59(a) may be granted even if there is substantial evidence

21  supporting the jury's verdict."  Manley, 337 F.3d at 244

22  (internal quotations and citations omitted).  "[A] trial judge

23  is free to weigh the evidence himself, and need not view [it]

24  in the light most favorable to the verdict winner."  Id.  "That

25  being said, for a district court to order a new trial under

1  Rule 59(a), it must conclude that the jury has reached a

2  seriously erroneous result or . . . the verdict is a

3  miscarriage of justice, i.e., it must view the jury's verdict

4  as against the weight of the evidence."  Id. (internal

5  quotations and citations omitted).  "A court considering a Rule

6  59 motion for a new trial must bear in mind, however, that the

7  court should only grant such a motion when the jury's verdict

8  is egregious.  Accordingly, a court should rarely disturb a

9  jury's evaluation of a witness's credibility." DLC Mgmt. Corp.

10 v. Town of Hyde Park, 163 F.3d 124, 134 (2d Cir. 1998)

11 (internal quotation marks and citations omitted).

12 Rule 59 motions can also be based on asserted errors in the

13 jury charge.  However, to the extent any such motion for a new

14 trial is premised on an objection to a jury instruction or

15 verdict form, Fed. R. Civ. P. 51 requires the movant to have

16 raised that objection before the jury retires, in order to

17 preserve the objection.  See, e.g., Brenner v. World Boxing

18 Council, 675 F.2d 445, 456 (2d Cir. 1982), cert. denied, 459

19 U.S. 835 (1982).

20 Rule 51 of the Federal Rules of Civil Procedure provides, in

21 pertinent part, that "[a] party who objects to an instruction

22 or the failure to give an instruction must do so on the record,

23 stating distinctly the matter objected to and the grounds for

24 the objection."  Fed. R. Civ. P. 51(c)(1).  Rule 51 further

25 provides, in pertinent part, that "[a]n objection is timely if

1    . . . a party objects at the opportunity provided under Rule

2    51(b)(2); or . . . a party was not informed of an instruction

3    or action on a request before that opportunity to object, and

4    the party objects promptly after learning that the instruction

5    or request will be, or has been, given or refused." Fed. R.

6    Civ. P. 51(c)(2). Finally, Fed. R. Civ. P. 51 provides, in

7    pertinent part, that "[a] court may consider a plain error in

8    the instructions that has not been preserved as required by

9    Rule 51(d)(1) if the error affects substantial rights." Fed.

10   R. Civ. P. 51(d)(2).

11   "To establish plain error, the Court must find (1) an error,

12   (2) that is plain, (3) that affects substantial rights.  If an

13   error meets these initial tests, the Court engages in a fourth

14   consideration: whether or not to exercise its discretion to

15   correct the error.  The plain error should be corrected only if

16   it seriously affect[s] the fairness, integrity, or public

17   reputation of judicial proceedings."  United States v. Doe, 297

18   F.3d 76, 82 (2d Cir. 2002) (internal quotations and citations

19   omitted).  The Court of Appeals has noted that "the plain error

20   exception to Rule 51's objection requirement should only be

21   invoked with extreme caution in the civil context.  To

22   constitute plain error, a court's action must contravene an

23   established rule of law, and go[ ] to the very essence of the

24   case."  Rasanen v. Doe, 723 F.3d 325, 333 (2d Cir. 2013)

25   (internal quotations and citations omitted).

N5AAAZIVC                    Decision

1   B.                         Motion for Remittitur

2   "When a trial court finds a damage verdict to be excessive, it

3   may order a new trial on all issues or only on the question of

4   damages.  Alternatively, the court may grant remittitur."

5   MacMillan v. Millennium Broadway Hotel, 873 F. Supp. 2d 546,

6   559 (S.D.N.Y. 2012) (internal quotation marks and citations

7   omitted).  "Remittitur is the process by which a court compels

8   a plaintiff to choose between a reduction of an excessive

9   verdict and a new trial."  Id. (internal quotation marks and

10  citations omitted).

11  "Remittitur is appropriate to reduce verdicts only in cases 'in

12  which a properly instructed jury hearing properly admitted

13  evidence nevertheless makes an excessive award.'"  Werbungs Und

14  Commerz Union Austalt v. Collectors' Guild, Ltd., 930 F.2d

15  1021, 1027 (2d Cir. 1991) (quoting Shu-Tao Lin v. McDonnell

16  Douglas Corp., 742 F.2d 45, 50 (2d Cir. 1984)).  "A remittitur,

17  in effect, is a statement by the court that it is shocked by

18  the jury's award of damages."  Ismail v. Cohen, 899 F.2d 183,

19  186 (2d Cir. 1990).

20  In Patterson v. Balsamico, 440 F.3d 104 (2d Cir. 2006), the

21  Second Circuit explained that the assessment of damages in the

22  context of a state law claim requires the application of state

23  law.

24  A federal court, in reviewing the amount of damages awarded on

25  a state law claim, must apply New York law.  New York law

1    provides that the appellate division "reviewing a money

2    judgment . . . in which it is contended that the award is

3    excessive or inadequate . . . shall determine that an award is

4    excessive or inadequate if it deviates materially from what

5    would be reasonable compensation."  N.Y. C.P.L.R. § 5501(c).

6    This standard requires a more exacting review than the "shocks

7    the conscience" standard generally applied by federal courts.

8

9    . . . .  Under federal law, "primary responsibility for

10   application of § 5501(c)'s 'deviates materially' check" is

11   "lodge[d] in the district court, not the court of appeals."  In

12   deciding a motion for remittitur, "the role of the district

13   court is to determine whether the jury's verdict is within the

14   confines set by state law."

15

16   Patterson, 440 F.3d at 119-20 (most internal citations

17   omitted).  While state law governs, the parties agree that the

18   factors articulated by the Supreme Court in BMW of N. Am., Inc.

19   v. Gore, 517 U.S. 574 (1996), "are pertinent to, and should

20   guide the Court, in applying the 'deviates materially' standard

21   under CPLR § 5501(c)."  Defs.' Mem. at 4 (citing Payne v.

22   Jones, 711 F.3d 85, 97 n.8 (2d Cir. 2012)).

23   "Regarding the magnitude of punitive damage awards, due process

24   requires that they be 'reasonable in their amount and rational

25   in light of their purpose to punish what has occurred and to

1    deter its repetition.'"  Hill v. Airborne Freight Corp., 212 F.

2    Supp. 2d 59, 75 (E.D.N.Y. 2002) (quoting Vasbinder v. Scott,

3    976 F.2d 118, 121 (2d Cir.1992), aff'd, 93 F. App'x 260 (2d

4    Cir. 2004) .  In determining whether a punitive damage award is

5    excessive, courts must consider the "guideposts" cited by the

6    Supreme Court in BMW of North Am., Inc. v. Gore, 517 U.S. 559

7    (1996).  "We consider:  (1) degree of reprehensibility of the

8    defendant's conduct, (2) relationship of the punitive damages

9    to the compensatory damages, and (3) criminal and civil

10   penalties imposed by the state's law for the misconduct in

11   question."  Jennings v. Yurkiw, 18 F.4th 383, 390 (2d Cir.

12   2021) (internal quotations omitted).  "While these guideposts

13   are non-exhaustive, they assist in determining whether a

14   defendant had adequate notice of the magnitude of the sanctions

15   to which his misconduct might expose him."  Id.

16   The Supreme Court has stated that "[p]erhaps the most important

17   indicium of the reasonableness of a punitive damages award is

18   the degree of reprehensibility of the defendant's conduct."

19   Gore, 517 U.S. at 575.  To evaluate the reprehensibility of a

20   defendant's conduct, courts consider whether the harm caused

21   was physical as opposed to economic; the tortious conduct

22   evinced an indifference to or a reckless disregard of the

23   health or safety of others; the target of the conduct had

24   financial vulnerability; the conduct involved repeated actions

25   or was an isolated incident; and the harm was the result of

N5AAAZIVC                    Decision

1  intentional malice, trickery, or deceit, or mere accident."

2  State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 419

3  (2003) (citation omitted); see also Gore, 517 U.S. at 576

4  (noting that "'nonviolent crimes are less serious than crimes

5  marked by violence or the threat of violence.' Similarly,

6  'trickery and deceit' are more reprehensible than negligence."

7  (citations omitted)). "The existence of any one of these

8  factors weighing in favor of a plaintiff may not be sufficient

9  to sustain a punitive damages award; and the absence of all of

10  them renders any award suspect." State Farm, 538 U.S. at 419.

11  Punitive damages "should reflect the enormity of [a

12  defendant's] offense." Gore, 517 U.S. at 575.

13  The Supreme Court has "been reluctant to identify concrete

14  constitutional limits on the ratio between harm, or potential

15  harm, to the plaintiff and the punitive damages award." State

16  Farm, 538 U.S. at 424 (citations omitted). However, the Court

17  has noted that "[o]ur jurisprudence and the principles it has

18  now established demonstrate . . . that, in practice, few awards

19  exceeding a single-digit ratio between punitive and

20  compensatory damages, to a significant degree, will satisfy due

21  process." Id. at 425.

22  The Second Circuit has instructed that the excessiveness

23  inquiry for punitive damages, as for compensatory damages,

24  "requires comparison with awards approved in similar cases."

25  Mathie v. Fries, 121 F.3d 808, 817 (2d Cir. 1997). "In making

N5AAAZIVC                    Decision

1   that comparison, we bear in mind that the purpose of punitive

2   awards is to punish the wrongdoer and to deter others."  Id.

3   Lower courts have noted, however, that "comparing punitive

4   damage awards in other cases where employers were found liable

5   for discrimination . . . is of limited utility because a wide

6   range of awards have been upheld."  Hill, 212 F. Supp. 2d at

7   76-77 (collecting cases upholding awards ranging from $10,000

8   to $1.25 million).  "[T]here has been an extraordinarily wide

9   range of recent punitive damages awards in this circuit [in

10  discrimination cases], from $300 to over $1 million."  Holness

11  v. Nat'l Mobile Television, Inc., 2012 WL 1744847, at *6

12  (E.D.N.Y. Feb. 14, 2012) (citations omitted), report and

13  recommendation adopted as modified, 2012 WL 1744744 (E.D.N.Y.

14  May 15, 2012).

15  C.                      Subject Matter Jurisdiction

16  The federal courts are courts of limited jurisdiction; those

17  limitations are strictly set by Congress and are of

18  constitutional dimension.  Parties may not confer subject

19  matter jurisdiction on the federal courts by estoppel or

20  waiver, Marcella v. Capital Dist. Physicians' Health Plan,

21  Inc., 293 F.3d 42, 46-47 (2d Cir. 2002), and a federal court

22  must be prepared to question its jurisdiction at any time, even

23  after judgment or on appeal, Mignogna v. Sair Aviation, Inc.,

24  937 F.2d 37, 40 (2d Cir. 1991).

25  It is undisputed that the Court has original jurisdiction over

N5AAAZIVC                    Decision

1   the FLSA claims in this case under 28 U.S.C. § 1331.  When a

2   district court has original jurisdiction over claims in a case,

3   it "shall have supplemental jurisdiction over all other claims

4   that are so related to claims in the action . . . that they

5   form part of the same case or controversy under Article III.'"

6   F5 Capital v. Pappas, 856 F.3d 61, 77 (2d Cir. 2017) (quoting

7   28 U.S.C. § 1367(a)); see United Mine Workers of Am. v. Gibbs,

8   383 U.S. 715, 725 (1966) ("Pendent jurisdiction . . . exists

9   whenever there is a claim 'arising under [the] Constitution,

10  the Laws of the United States, and Treaties made, or which

11  shall be made, under their Authority,' and the relationship

12  between that claim and the state claim permits the conclusion

13  that the entire action before the court comprises but one

14  constitutional 'case.'" (quoting U.S. Const. art. III, § 2))).

15  Claims are considered "'part of the same case or controversy'

16  if they 'derive from a common nucleus of operative fact.'"

17  Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234,

18  245 (2d Cir. 2011) (quoting Briarpatch Ltd., L.P. v. Phoenix

19  Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004)).  The Second

20  Circuit has "routinely upheld the exercise of pendent

21  jurisdiction where the facts underlying the federal and state

22  claims substantially overlapped, or where presentation of the

23  federal claim necessarily brought the facts underlying the

24  state claim before the court." Lyndonville Sav. Bank & Tr. Co.

25  v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000) (citations

1   omitted).  Conversely, the court of appeals has "found pendent

2   jurisdiction lacking when the federal and state claims rested

3   on essentially unrelated facts."  Id. (citations omitted).

4   III.                         ANALYSIS

5   A.                           The Jury's Damages Award Does Not

6   Go Against the Weight of the Evidence

7   The Defendants' move for a new trial based on the contention

8   that the jury's decision as to question number 2 in the Verdict

9   Sheet as to both restaurants is against the weight of the

10  evidence.  Defs.' Mem. at 8-10.  The motion is denied because

11  the Court is not persuaded that the jury has reached a

12  seriously erroneous result or that the verdict is a miscarriage

13  of justice—it is not against the weight of the evidence.

14  First, I want to highlight that the evidence presented at trial

15  demonstrated that the defendants violated the law.  That

16  finding was supported not only by the documents presented at

17  trial, but also the testimony of the witnesses.  The defendants

18  do not contest the jury's finding that they violated the

19  law—instead, their contention focuses on the jury's calculation

20  of the exact amount of the plaintiffs' labor that the

21  defendants did not properly compensate them for.  This is not a

22  situation where the Court has any concern regarding whether the

23  jury's determination that the defendants broke the law was

24  adequately supported by the evidence.  Instead, the issue is

25  whether the jury's finding regarding the number of hours of

1   affected labor went against the weight of the evidence.  I find

2   that it did not.

3   On this issue, Plaintiffs' argument is persuasive and well

4   presented.  I incorporate that portion of Plaintiffs' argument

5   here.  Opposition at 1-6.  In particular, Plaintiffs properly

6   assert at page 2 of their Opposition the following:

7   It is well-settled that the "calculation of damages is the

8   province of the jury" and that "considerable deference" is

9   accorded to the jury's "factual findings."  Restivo v.

10  Hessemann, 846 F.3d 547, 587 (2d Cir. 2017). "Damages need not

11  be proven with "mathematical precision," Sir Speedy, Inc v. L&P

12  Graphics, 957 F.2d 1033, 1038 (2d Cir. 1992), and the jury "is

13  entitled to make a just and reasonable estimate of the damages

14  based on relevant data, and render its verdict accordingly,"

15  see State of N.Y. v. Hendrickson Bros., Inc., 840 F.2d 1065,

16  1077 (2d Cir. 1988). Moreover, under New York law, "[i]f a

17  plaintiff has shown it more likely than not that it has

18  suffered damages, the amount of damages need only be proved

19  with reasonable certainty." Indu Craft, Inc. v. Bank of Baroda,

20  47 F.3d 490, 496 (2d Cir. 1995) (internal citation omitted).

21  "Such an estimate necessarily requires some improvisation, and

22  the party who has caused the loss may not insist on theoretical

23  perfection."  Tractebel Energy Mktg., Inc. v. AEP Power Mktg.,

24  Inc., 487 F.3d 89, 111 (2d Cir. 2007).

25  The issues with which Defendants take issue are calculations of

N5AAAZIVC                    Decision

1    the exact amount of time for which the subclass members were

2    inadequately compensated.  The jury did not have to reach this

3    conclusion with mathematical precision.  That Defendants do not

4    believe that the numbers line up precisely with certain of the

5    exhibits introduced at trial does not lead the Court to find

6    that the decision was against the weight of the evidence.  That

7    is for several reasons.  First, the documentary evidence was

8    not the only evidence of time worked.  Second, as Plaintiffs

9    argue persuasively, the exhibits that are the basis of

10   Defendants' arguments are apples to the Verdict Sheet's

11   oranges:  the jury was required to determine the relevant hours

12   for the subclass members-the tipped employees, not all

13   employees at the restaurants.  They were entitled to make this

14   determination based on their evaluation of the evidence as a

15   whole, including the documents and witness testimony.  The

16   variance that Defendants point to does not persuade me that the

17   verdict was a miscarriage of justice.  Accepting the argument

18   presented by the defendants here would be very problematic and

19   give rise to a slippery slope-any time there was a discrepancy

20   in the jury's calculation of a numerical point from an exhibit,

21   a new trial would be warranted.  A ruling for the defendants on

22   this issue would put at risk finality in many cases, such as

23   this one, that involve complex issues of evidence and proof

24   regarding damages; and which present the jury with the need to

25   reconcile documentary evidence and witness testimony.  The

N5AAAZIVC                    Decision

1    standard for granting a new trial because it is against the
2    weight of the evidence is appropriately high.  Having reviewed
3    the trial record as a whole, I conclude that the standard is
4    not met with respect to the issues complained of in Defendants'
5    motion on these facts.
6    B.                      A New Trial Is Warranted on the
7    Discrimination Claim Against Mr. Ghatanfard
8    First, I agree with Defendants that the jury charge that
9    functionally allowed the jury to find Mr. Ghatanfard to be held
10   vicariously liable as a result of Mr. Luca's discriminatory act
11   was erroneous.  The parties agree on the impact of the Court of
12   Appeals' decision in Doe v. Bloomberg, L.P., 36 N.Y.3d 450
13   (N.Y. 2021):  the Court of Appeals made clear that under the
14   NYCHRL vicarious liability was not available for claims of
15   discrimination.  Their holding was well-founded on the text of
16   8-107(13)(b).  The decision in Doe was handed down in February
17   2021, well before the parties submitted their jury charges.
18   Neither party argues that the charge on this point was correct:
19   it was not.
20   As the facts that I described earlier make clear, Rule 51 bars
21   Defendants' complaint here unless I find that there was plain
22   error.  The parties jointly proposed the charge that I
23   delivered.  The footnote to the charge cited to 8-107(13)(b) as
24   the basis for the charge-so both sides, particularly, here,
25   Defendants, had ample opportunity to investigate Doe, which is

1  about that very section of the statute, and to modify the

2  charge accordingly.  During the charging conference, I

3  expressly invited proposed changes to the charge.  Defendants

4  did not propose modifications and did not object to the

5  charge—to the contrary, the defendants said that it was

6  acceptable to them.  There was more than ample opportunity for

7  Defendants to think of this issue well before the completion of

8  the trial:  they did not, and did not object to the charge

9  until this motion.  Accordingly, they are not entitled to a new

10  trial unless I find that this is plain error.  So I have to

11  examine that question.

12  First, this was an error.  Second, it was plain:  the charge

13  ran contrary to binding caselaw issued by our State's highest

14  court.  And third, it affected Mr. Ghatanfard's substantial

15  rights.  The Court of Appeals has made plain that he should not

16  be held liable vicariously for the discriminatory conduct of

17  another.

18  I believe that I should exercise my discretion to correct the

19  error.  This is a marginal decision on these facts.  I believe

20  that I could go either way on these facts, but, on balance, I

21  think that fairness weighs in favor of a finding of plain

22  error.  At the outset, I want to acknowledge Plaintiffs'

23  arguments that Defendants should not be heard to complain of

24  this error because they proposed the charge that they now argue

25  is so clearly wrong:  if so clearly wrong now, why did they not

N5AAAZIVC                    Decision

1   identify it earlier–and why does that not weigh against a

2   finding that the charge was not fundamentally unfair?  Those

3   are reasonable arguments; Defendants cannot ride a high horse

4   with respect to this issue–this weighs in my assessment of the

5   fourth, discretionary, consideration.  That said, on balance I

6   am going to grant the motion.

7   I look now at the factors that the Court should consider to

8   determine whether this error in the instructions is plain

9   error.  This is not an error that impugns the integrity of the

10  court.  I think that the error is not such that it will

11  dramatically adversely affect the public reputation of judicial

12  proceedings.  While it is best for courts to always be right,

13  no one expects us to be perfect:  after all, we would have no

14  need for a court of appeals if we were.  In my judgment, an

15  error of this type–which is the result of this Court's decision

16  to defer to the parties' joint and un–objected to statement of

17  the law–is not of the type that would harm the Court's public

18  reputation.  But I think that fairness weighs in favor of

19  granting the motion.  Being tarred as someone who discriminates

20  is harmful to one's reputation–particularly in today's culture.

21  Mr. Ghatanfard should not be held out as liable for the

22  discriminatory conduct of another.  In making this decision to

23  exercise my discretion in this way, I am also mindful that the

24  amount of money at issue with respect to this claim is small.

25  Assuming that Plaintiff will not choose to pursue another trial

N5AAAZIVC                         Decision

1    to get $2,500 in compensatory damages, I think that granting

2    the motion in this instance is a fair result.

3    C.                          Remittitur is Required For the

4    Punitive Damages Awards

5    I was very surprised by the punitive damages awards against Mr.

6    Ghatanfard and Valbella when they were handed down.  They were

7    enormously disproportionate to the compensatory damages.  The

8    jury's award of punitive damages for Mr. Luca himself does not

9    require remittitur.  As a result, I am going to order a new

10   trial with respect to the discrimination claims limited to the

11   question of damages as to Valbella Midtown if Mr. Zivkovic does

12   not accept remittitur of the punitive damages award to a ratio

13   of 1:4.  If I was not already ordering a new trial as to Mr.

14   Ghatanfard on the issue of the finding of liability against

15   him, I would also order remittitur of the punitive damages

16   award against him.

17   I start by examining the relevant factors articulated in Gore.

18   With respect to the reprehensibility of Mr. Luca's actions,

19   Defendants argue the following:

20   Here, there was no discriminatory or retaliatory termination.

21   The alleged conduct took place during a limited period of time.

22   There was evidence of addressing the complaint and there was no

23   deceit.  The alleged conduct did not result in physical injury

24   to the plaintiff, did not evidence reckless disregard for the

25   health and safety of others, and there was no pattern that

N5AAAZIVC                    Decision

1    extended to employees of the same protected group.  Thus, the

2    degree of reprehensibility of the alleged conduct was low and

3    falls into the categories of cases where awards were reduced

4    significantly.

5    Defs.' Mem. at 5.  This is all largely true but it does not

6    capture the full story:  principally, it omits the violence and

7    threats of violence by Mr. Luca and the pervasive nature of Mr.

8    Luca's discriminatory conduct, and it minimizes the duration of

9    Mr. Luca's mistreatment.

10   Mr. Zivkovic testified that he was Serbian from Montenegro.

11   Dkt. No. 290 ("Tr.") at 191:10-15.  Mr. Luca was Albanian.  Id.

12   Mr. Luca brought a nationalistic and ethnic dispute with him

13   from Europe to the restaurant in New York City.  Mr. Luca

14   regularly said comments to Mr. Zivkovic about his national

15   origin in extremely negative terms; talking about extinguishing

16   all of the Serbians.  According to Mr. Zivkovic he said that

17   Mr. Luca would tell him that he should "f*** your Serbian kids.

18   I'll kill all of you."  Id. at 192:25-193:1.  He said this kind

19   of threatening comment almost every day.  Id. at 193:8.

20   Several times, Mr. Luca pulled a knife and said that he was

21   going to cut his neck.  Id. at 194:4-13.  Mr. Zivkovic also

22   testified that Mr. Luca hit him; but the jury seems not to have

23   accepted that testimony.  Mr. Zivkovic complained about the

24   conduct multiple times to Mr. Ghatanfard-approximately 10

25   times.  Id. at 198:18-24.

N5AAAZIVC                    Decision

1   Mr. Zivkovic testified that he was psychologically injured by

2   Mr. Luca's conduct.  He saw a psychotherapist, he testified,

3   more than 20 times.  Id. at 200:8-16.  And Mr. Zivkovic was

4   affected by the conduct:  among other things, he said that he

5   could not sleep, or have sex with his girlfriend.  Id. at

6   200:19-25.  Despite all of this, Mr. Zivkovic continued to come

7   to work.  He testified that his schedule was affected as a

8   result of the discrimination, but he was not terminated by the

9   defendants.  And there is no evidence that Mr. Luca treated any

10  of the other people in the restaurant in a similar way.

11  Mr. Luca's conduct was terrible.  Mr. Luca threatened Mr.

12  Zivkovic and threatened violence against him.  Mr. Zivkovic

13  testified that he had to see a therapist as a result of the

14  mistreatment.  But it is also true that Mr. Luca's conduct, for

15  better or worse, was focused on this old-world bias against Mr.

16  Zivkovic.  There is no evidence of racially motivated conduct

17  by him against any of Mr. Zivkovic's co-workers.  Nor is there

18  evidence that this conduct was pervasive in the workplace.  Mr.

19  Ghatanfard failed to stop the conduct after being asked to do

20  something approximately 10 times.  Mr. Luca was threatening,

21  but given that the jury did not find for Mr. Zivkovic on the

22  battery charge, I accept Defendants' argument that the evidence

23  did not establish that the conduct resulted in physical injury.

24  And there is no evidence of deceit.

25  The ratio of punitive damages to compensatory damages as

N5AAAZIVC                    Decision

1   awarded against Mr. Luca is 1:4.  That ratio is within the

2   range that has been held to comport with due process.  It

3   adequately reflects the degree of reprehensibility of Mr.

4   Luca's conduct toward Mr. Zivkovic and the degree of emotional

5   harm allegedly suffered by Mr. Zivkovic.  The ratio is

6   particularly appropriate given the small dollar amount at issue

7   here:  the punitive damages award is only $20,000.  The jury

8   was entitled to conclude that a smaller multiplier would result

9   in a punitive damages award that was too low to accomplish the

10  purposes of the punitive damages award.

11  By contrast, the ratio of compensatory damages to the punitive

12  damages award for Mr. Ghatanfard and Valbella Midtown are

13  completely disproportionate to the compensatory damages

14  awarded—at an 80:1 ratio for Mr. Ghatanfard and 180:1 for

15  Valbella Midtown.  The Court recognizes that ""[j]uries will

16  often award nominal compensatory damages together with a

17  reasonable punitive damages award where the harm to the

18  particular plaintiff is small but the defendant's conduct is

19  egregious."  Payne v. Jones, 711 F.3d 85, 102 n.15 (2d Cir.

20  2013).  This does not justify the enormous multiplier utilized

21  by the jury here with respect to Mr. Ghatanfard and Valbella

22  Midtown.  180 times the compensatory damages exceeds the outer

23  limit of a proper punitive damages award as to them.  A number

24  of factors lead to this conclusion as applied to the facts of

25  this case.  First, not only are these awards disproportionate

N5AAAZIVC                    Decision

1   to the direct compensatory award-they are also dramatically

2   disproportionate to the ratio of the award as to Mr. Luca.  Mr.

3   Luca's conduct was bad.  That of Mr. Ghatanfard and Valbella

4   Midtown was not as bad.  They failed to prevent Mr. Luca's

5   conduct as to Mr. Zivkovic, but there is no evidence of

6   pervasive discrimination within the restaurant.  That the ratio

7   of punitive damages as to these defendants, whose conduct was

8   substantially less reprehensible than that of Mr. Luca

9   contributes to the conclusion that the ratio is too high.

10  Second, the size of these awards are not justified when

11  compared with other cases in which punitive damages awards of

12  similar amount have been held to be justified.  Cases upholding

13  punitive damage awards of $200,000 or more generally involve

14  discriminatory or retaliatory termination resulting in severe

15  financial vulnerability to plaintiff, repeated incidents of

16  misconduct over a significant period of time, repeated failures

17  to address complaints of discrimination, and/or deceit-a

18  combination of circumstances not seen here.  See, e.g., Manzo

19  v. Sovereign Motor Cars, Ltd., 2010 WL 1930237, at *5 (E.D.N.Y.

20  May 11, 2010), aff'd, 419 F. App'x 102 (2d Cir. 2011)

21  (upholding $200,000 punitive damage award where "there was

22  evidence that [plaintiff] suffered significant psychological

23  and emotional distress as a direct result of [her supervisor's]

24  sexually harassing behavior. . . . There was also ample

25  evidence that [plaintiff] was in a precarious financial

N5AAAZIVC                    Decision

1   situation during the period of harassment, that [her

2   supervisor] knew about that situation, and that he used it to

3   his advantage in exerting his power over her.  [The

4   supervisor's] harassment of [plaintiff] was not an isolated

5   incident, but rather it began shortly after the start of her

6   employment and continued largely unabated until her

7   termination.  Finally, as the jury concluded in awarding

8   punitive damages, [the supervisor's] harassment of [plaintiff],

9   and [the] retaliatory termination, were not mere accidents.

10  [The supervisor] intentionally manipulated the terms and

11  conditions of [plaintiff's] employment both to pursue his goal

12  of a romantic relationship with her and to penalize her when

13  she spurned his advances."); Kauffman v. Maxim Healthcare

14  Servs., Inc., 509 F. Supp. 2d 210 (E.D.N.Y. 2007) (remitting a

15  $1.5 million punitive damage award to just over $500,000, where

16  the court found that "[t]here is evidence in the record from

17  which the jury could have concluded that the degree of

18  reprehensibility of Defendant's conduct was substantial.

19  Plaintiff endured sexist and racist remarks throughout his

20  tenure with Defendant.  He was pressured by Defendant to engage

21  in illegal acts to perpetuate discriminatory employment

22  practices designed to maintain Defendant as a

23  'white-male-driven' company.  He was berated, intimidated, and

24  threatened by Defendant's executives when he refused to accede

25  to their unlawful demands upon him and punished for such

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

N5AAAZIVC                    Decision

1   refusal by being transferred to the distant New Haven office,

2   and ultimately, by being terminated. He was also summarily

3   ejected from his office while being cursed at by [his regional

4   account manager] for his refusal to discriminate. . . .

5   Defendant deprived Plaintiff of his livelihood and inflicted

6   economic harm upon a financially vulnerable target" and

7   "Defendant's conduct also involved repeated actions of

8   misconduct with respect to other employees."); Watson v. E.S.

9   Sutton, Inc., 2005 WL 2170659 (S.D.N.Y. Sept. 6, 2005)

10  (remitting a $2.5 million punitive damage award to $717,000

11  where defendant repeatedly failed to address complaints of

12  sexual misconduct, maliciously terminated plaintiff for

13  complaining of sexual harassment leaving her with no income,

14  filed false affidavits in response to her EEOC charge, and

15  falsely accused her of committing a federal crime).

16  Looking to the third Gore factor, the maximum civil penalty

17  authorized under the NYCHRL for a discriminatory act that was

18  "willful, wanton or malicious" is $250,000. N.Y.C. Admin. Code

19  § 8-126(a). Where the conduct is not "willful, wanton or

20  malicious" a $125,000 fine is permitted. Id. The punitive

21  damages award against Valbella Midtown greatly exceeds the

22  maximum permitted fine; and the award against Mr. Ghatanfard

23  exceeds that which can be imposed when the conduct is not found

24  to be willful, wanton or malicious. While Mr. Luca's conduct

25  was clearly all three—we did not ask the jury to evaluate

N5AAAZIVC                    Decision

1   whether the conduct of Mr. Ghatanfard was any-Plaintiffs did

2   not prove up that Mr. Ghatanfard acted wantonly or

3   maliciously-he failed to respond appropriately to complaints by

4   Mr. Zivkovic.  So this factor weighs in favor of a reduction in

5   the punitive damages award.

6   The Court has examined other cases awarding punitive damages in

7   this arena, including the cases cited by the parties listed in

8   their briefs and the comparators that I identified in my

9   analysis earlier.  A survey of those cases in discrimination

10  cases reveals that the award against Valbella Midtown is

11  excessive and should be reduced significantly.  It deviates

12  materially from the norm..  See, e.g., Parrish v. Sollecito,

13  280 F. Supp. 2d 145, 164 (S.D.N.Y. 2003) (reducing punitive

14  damages from $500,000 to $50,000 where the plaintiff suffered a

15  "low degree of actual harm," the award was 33 times the

16  compensatory damages award, and the court was also awarding

17  attorneys' fees); Lamberson v. Six W. Retail Acquisition, Inc.,

18  2002 WL 59424, at *6-7 (S.D.N.Y. Jan. 16, 2002) (remitting

19  punitive damage award in Title VII retaliation case from

20  $375,000 to $30,000 where the ratio between punitive and

21  compensatory damages was almost 27 to 1, and there was no

22  evidence of violence, deceit or malice); Fernandez v. North

23  Shore Orthopedic Surgery & Sports Med., P.C., 79 F. Supp. 2d

24  197, 208 (E.D.N.Y. 2000) (concluding that "the maximum award of

25  punitive damages that would not be excessive is $50,000" after

N5AAAZIVC                    Decision

 1  finding a low degree of reprehensibility and noting that "[i]n

 2  comparison with other civil penalties for similar conduct, the

 3  punitive damages award [of $100,000] in this case appears

 4  excessive"); Kim v. Dial Serv. Int'l, Inc., 1997 WL 458783, at

 5  *14 (S.D.N.Y. Aug. 11, 1997), aff'd, 159 F.3d 1347 (2d Cir.

 6  1998) (remitting $725,000 punitive damage award to $25,000).

 7  Having considered comparable decisions and the Gore factors in

 8  light of the evidence presented in this case, I conclude that

 9  no adjustment is required with respect to the punitive damages

10  award against Mr. Luca.  But I will order a new trial with

11  respect to damages  only as to Valbella Midtown if Plaintiff

12  does not accept a remittitur of the punitive damages award

13  against it to $10,000-a 1:4 ratio with the amount of

14  compensatory damages determined by the jury.  But for my

15  decision to order a new trial of the discrimination claim

16  against Mr. Ghatanfard, I would reduce the punitive damages

17  award against him to the same 1:4 ratio.

18  D.                        The Court Has Pendent Jurisdiction

19  Over the State Claims

20  I have pendent jurisdiction over Mr. Zivkovic's discrimination

21  claims.  I want to flag that, again, this is an issue that

22  Defendants have not raised at all until their post-trial

23  motions.  They did not bring a Rule 12 motion at any time; and

24  they stipulated to the Court's subject matter jurisdiction in

25  the Proposed JPTO.  I do not understand why they sat on this

N5AAAZIVC                    Decision

 1   issue for so long.  It is problematic for many reasons—among
 2   them the fact that this may be a meaningless motion because the
 3   Court may very well also have diversity jurisdiction.  We do
 4   not know what would have happened had the defendants raised
 5   this issue sooner.
 6   But at this point, it is clear that I had jurisdiction over the
 7   state law claims.  Here again, I believe that Plaintiffs'
 8   briefing on this point is correct and I incorporate the
 9   argument here by reference.  The trial testimony established
10   that the claims of discrimination were relevant to the issue of
11   his wage claims because he testified that discrimination played
12   a role in his scheduling:  "the trial evidence demonstrated
13   that there was a direct connection between (1) the
14   discrimination Plaintiff Zivkovic suffered at Luca's hand and
15   his complaints about that discrimination, and (2) the wages he
16   earned."  Opposition at 14.  The Opposition describes some of
17   the supporting testimony for this accurate representation:  Mr.
18   Zivkovic testified that when he had "a problem with Chef Genco
19   Luca, it affected his schedule."  Tr. at 104:12-15.  Mr.
20   Zivkovic's relationship with Mr. Luca was an issue for the
21   labor claims; the factual basis for the labor claims overlapped
22   with those of the discrimination claims.  Here, the federal and
23   state claims substantially overlapped, and presentation of the
24   federal claim necessarily brought the facts underlying the
25   state claim before the court.  To try the issues related to Mr.

N5AAAZIVC                    Decision

1    Zivkovic's schedule, we had to explore the nature of his

2    relationship with Mr. Luca, which affected his schedule.

3    Also, as Plaintiffs persuasively argue, "the evidence of Luca's

4    discriminatory acts against Zivkovic, Zivkovic's complaints

5    about those acts to Ghatanfard, and Ghatanfard's response to

6    those complaints and other disputes between Luca and Zivkovic,

7    are central to both (a) the NYCHRL discrimination claim and (b)

8    Ghatanfard's individual liability for the wage violations under

9    the FLSA and NYLL." Opposition at 15.  Plaintiffs needed to

10   establish Mr. Ghatanfard's status as an employer at the

11   restaurants with respect to their labor law claims.  Mr.

12   Ghatanfard's power to discipline workers at the restaurants was

13   a relevant consideration for the jury to evaluate with respect

14   to that issue.  One area that demonstrated Mr. Ghatanfard's

15   authority as an employer was his response to the claims of

16   discrimination brought to him by Mr. Zivkovic.

17   IV.                    CONCLUSION

18   For the foregoing reasons, Defendants' motion is granted in

19   part and denied in part.  The motion for a new trial is denied

20   with respect to the complaints regarding the sufficiency of the

21   evidence.  It is granted, however, with respect to the claim

22   for discrimination against Mr. Zivkovic.  I am granting the

23   motion for remittitur with respect to the punitive damages

24   award against Valbella Midtown.  I will order a new trial with

25   respect to that issue if Plaintiffs do not accept remittitur of

N5AAAZIVC                    Decision

1   that amount to $10,000, a 1:4 ratio to the compensatory damages

2   awarded.  Defendants' motion for me to now, after judgment has

3   been entered, dismiss the discrimination claims on the basis

4   that I do not have supplemental jurisdiction, is denied.

5   I will enter a short order pointing to the transcript of

6   today's conference for the basis for my decision.  Again, my

7   apologies for the delay.

8           I'm going to include in the order, counsel, a date by

9   which I would expect that the plaintiffs would let me know of a

10  couple things.  One, whether or not you accept the remittitur;

11  and two, whether you want to actually take up the potential for

12  a new trial with respect to the discrimination claim against

13  Mr. Zivkovic which yielded $2,500 in compensatory damages in

14  the first trial.

15          That's my inclination about how best to proceed.  In

16  other words, to hear from you on those issues so that I can

17  issue an order and -- by the judgment accordingly, how you wish

18  to proceed.  That is my inclination.

19      I'd like to hear from each of the parties how best to

20  proceed from this point.  Mindful of the defendant's legitimate

21  concerns about timing I will dedicate myself to trying to

22  resolve this quickly so that our newly helmed Court of Appeals

23  can hear the very interesting question about the underlying

24  jury instruction issue for the appeal

25          Counsel for plaintiffs, what is your view?  Is that

N5AAAZIVC                    Decision

1   the correct approach?  If not, what's your proposal?

2            MR. NUSSBAUM:  Thank you, your Honor.

3   We'd, of course, like to take this back to our clients and let

4   them know the Court's ruling today.  So, we are okay with the

5   Court's proposal of getting back to your Honor by a date

6   certain with what we proposed would be the next steps.

7            THE COURT:  Thank you.

8   How much time would you propose that I give you?

9            MR. NUSSBAUM:  I think we can get back to you by two

10  weeks, your Honor.

11           THE COURT:  Thank you.

12  Let me hear from each of the defendants what you think we

13  should do from a procedural standpoint.

14           Let me start first with you counsel for Valbella

15  Midtown.

16           MR. SPIELBERG:  I think that your Honor's suggestion

17  is acceptable.

18           THE COURT:  Counsel for our other Valbella.

19           MR. BRAVERMAN:  I agree with the suggestion by your

20  Honor.  I think two weeks is appropriate as plaintiff has

21  requested.

22           THE COURT:  Thank you.

23           Counsel for Mr. Ghatanfard.

24           MR. COMER:  Your Honor, I also agree.

25  I think the timing you've suggested and the procedure you have

N5AAAZIVC                        Decision

1   suggested is correct.

2           THE COURT:  Thank you very much.

3   I'll issue an order to this effect.  Thank you very much for

4   the briefing.  Again, I really apologize.

5       Thank you, counsel for defendants, for sending your

6   letters.  You are very legitimate in raising those concerns and

7   I appreciate it.

8       Very good.  Thank you all very much for your time.

9   This proceeding is adjourned.

10          (Adjourned)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Addendum B – Issues Raised on Appeal/Applicable Appellate Standard**

1.  Whether the district court erroneously applied the New York State Labor Law, depriving defendants-appellants of a complete affirmative defense.

2.  Whether the district court erroneously precluded defendants-appellants at trial from referring to payroll documents in evidence demonstrating that the plaintiff-appellee class earned far more than minimum wage and therefore defendants-appellants did not act in bad faith.

3.  Whether there was sufficient evidence to support the jury's finding that defendant-appellant David Ghatanfard qualified as an "employer" under the New York State Labor Law and is therefore subject to direct liability.

4.  Whether the district court erred in determining that it had supplemental jurisdiction over plaintiff-appellee Pavle Zivkovic's state law discrimination claims, and whether that error irreparably prejudiced defendants-appellants with regard to the labor law claims by inflaming the jury.

The appellate standard of review of the district court's findings of fact is for clear error and its conclusions of law are reviewed *de novo*. *U.S. v. Gregory*, 245 F.3d 160, 164 (2d Cir. 2001). A jury verdict shall be overturned only if this Court, viewing the record in the light most favorable to the prevailing party, finds that no reasonable jury would have reached the result. *See Bang v. IBM Corp.*, 371 Fed.Appx. 176, 177 (2d Cir. 2010).