22-1558
*Zivkovic v. Laura Christy LLC*

# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2023

(Argued:  February 13, 2024     Decided:  March 5, 2024)

Docket No. 22-1558

PAVLE ZIVKOVIC, on behalf of himself and others similarly situated, VOJISLAV KNEZEVIC, ULAS GECKIL, ARBEN BUQAJ, IMRAM SHONAR, ADRIAN CELMETA, ALEJANDRA C. RINDON, RAFAEL MOCTESUMA, JESUS ESPINOSA, DIANA MARTHA MICHOS, FERNANDO MARIN, JULIA BOYADJAN, RICARDO SANCHEZ, ULAS KONCA,

*Plaintiffs-Appellees*,

VITO AVELLA,

*Plaintiff*,

—v.—

LAURA CHRISTY LLC, DBA VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, GENCO LUCA,

*Defendants-Appellants*.

Before:    KEARSE, PARK, and ROBINSON, *Circuit Judges*.

Defendants-Appellants appeal from a partial final judgment of the United States District Court for the Southern District of New York (Woods, *J.*) entered in favor of Plaintiffs-Appellees following a jury trial.

Plaintiffs-Appellees, two subclasses of current and former tipped employees at two New York City restaurants, filed suit against Defendants alleging violations of the New York Labor Law and the federal Fair Labor Standards Act. Prior to trial, the parties agreed to submit only the New York Labor Law claims to the jury.

On appeal, Defendants argue that the district court abused its discretion in exercising supplemental jurisdiction over the Plaintiffs' New York Labor Law claims.

Because Plaintiffs' federal claims were never formally dismissed, and because the partial final judgment did not contain a disposition as to the federal claims, this matter is **REMANDED** to the district court pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), so that the court may clarify the record as to the status of the federal Fair Labor Standards Act claims.

---

DANIEL S. ALTER, Abrams Fensterman, LLP, White Plains, NY, *for Defendants-Appellants*

YOSEF NUSSBAUM (D. Maimon Kirschenbaum, Lucas C. Buzzard, *on the brief*), Joseph & Kirschenbaum LLP, New York, NY, *for Plaintiffs-Appellees*.

---

2

PER CURIAM:

Defendants-Appellants appeal from a partial final judgment of the United States District Court for the Southern District of New York (Woods, *J.*) entered in favor of Plaintiffs-Appellees following a jury trial.

Plaintiffs-Appellees, two subclasses of current and former tipped employees at two New York City restaurants, filed suit against Defendants alleging violations of the New York Labor Law ("NYLL") and the federal Fair Labor Standards Act ("FLSA"). Prior to trial, the parties agreed to submit only the NYLL claims to the jury.

On appeal, Defendants argue that the district court abused its discretion in exercising supplemental jurisdiction over the Plaintiffs' NYLL claims.

Because Plaintiffs' federal claims were never formally dismissed, and because the partial final judgment did not contain a disposition as to the federal claims, this matter is **REMANDED** to the district court pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), so that the court may clarify the record as to the status of the FLSA claims.

## BACKGROUND

In January 2017, Pavle Zivkovic filed this class action on behalf of himself and all other similarly situated employees at two Manhattan restaurants: Valbella

3

Midtown and Valbella Meatpacking.  Defendants include Laura Christy LLC, which operates Valbella Meatpacking; Laura Christy Midtown LLC, which operates Valbella Midtown; David Ghatanfard, owner and operator of both LLCs and both Valbella locations; and Genco Luca, the executive chef of Valbella Midtown.

The district court certified two subclasses in this action: current and former tipped employees at Valbella Midtown, and current and former tipped employees at Valbella Meatpacking.  The complaint asserts ten causes of action, seven of which pertain to the Subclass Plaintiffs, and three of which pertain to Zivkovic individually.  The Subclass Plaintiffs allege that Defendants: (1)  failed to pay them the minimum wage in violation of the FLSA and NYLL; (2) failed to pay the Subclass Plaintiffs the proper overtime premium, in violation of the FLSA and NYLL; (3) failed to compensate the Subclass Plaintiffs for the spread of hours worked, in violation of the NYLL; (4) failed to comply with New York's wage notice requirement, in violation of the NYLL; and (5) failed to comply with New York's wage statement requirement, in violation of the NYLL.  Pavle Zivkovic asserts individual discrimination claims under the New York City Human Rights Law against all Defendants and a common-law battery claim

4

against Genco Luca and the remaining Defendants on a theory of respondeat superior.

As the case developed, the district court asked the parties to consider submitting only the NYLL claims to the jury, because in the court's experience with jury trials involving similar claims, such an approach "dramatically simplifies the instructions that go to the jury." J. App'x 106. Accordingly, in February 2022, the parties submitted a proposed joint pretrial order that included the following stipulation: "Without waiving any arguments about jurisdiction, the Parties agree that for the purposes of trial, only Plaintiffs' New York Labor Law wage and hour claims will be tried." *Id.* at 136.

The jury found in favor of Plaintiffs on all claims except for Zivkovic's battery claim. The court granted Defendants' motion for a new trial as to Zivkovic's discrimination claim against Ghatanfard and as to punitive damages on Zivkovic's discrimination claim against Laura Christy Midtown LLC. The Subclass Plaintiffs then filed an unopposed motion for entry of partial final judgment under Federal Rule of Civil Procedure 54(b). Finding no just reason for delay, and on consent of the parties, the court entered partial judgment in favor of the Subclass Plaintiffs on their NYLL claims. This appeal followed.

5

## DISCUSSION

On appeal, Defendants argue, among other things, that the district court abused its discretion in exercising supplemental jurisdiction over the Subclass Plaintiffs' NYLL claims. It is undisputed that the NYLL and FLSA claims form part of the same case or controversy such that 28 U.S.C. § 1367(a) is satisfied. But Defendants assert that the district court improperly exercised supplemental jurisdiction over the NYLL claims after Plaintiffs "abandoned" their FLSA claims. The Subclass Plaintiffs, on the other hand, respond that their FLSA claims were neither abandoned nor dismissed by the district court but were instead "subsume[d] or encompass[ed]" into the NYLL claims, and take the position that the district court's partial judgment included a judgment on the federal claims. Oral Argument Transcript at 12.

Neither party's position is borne out by the record. The FLSA claims were not dismissed, and the partial judgment certified by the district court makes no mention of the FLSA claims, instead incorporating by reference the jury verdict, which finds Defendants liable only for violations of New York law. As far as the record reflects, the FLSA claims are still pending—neither dismissed nor resolved by a judgment.

This lack of clarity as to the status of the FLSA claims impairs our ability to review Defendants' challenges. For one, it leads to questions about the validity of the district court's judgment certifying this appeal pursuant to Federal Rule of Civil Procedure 54(b). *See Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) ("We have repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." (cleaned up)); *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 418 (2d Cir. 1989) (analyzing challenge to Rule 54(b) certification of one of several claims by considering whether the plaintiffs' claims were "sufficiently separate and distinct as to lend themselves to review as single units, or whether they [were] so interrelated and dependent upon each other as to be one indivisible whole"). Moreover, the status of the FLSA claims may be relevant to our analysis of Defendants' challenge to the district court's exercise of jurisdiction under 28 U.S.C. § 1367.

To bring clarity to the record and to facilitate our review, we remand to the district court pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The purpose of this remand is to allow the district court to clarify the record as to the status of the FLSA claims.

7

The mandate shall issue forthwith, and jurisdiction shall be restored to this panel without the need for a new notice of appeal if, within thirty days after entry of the district court's order, either party informs us by letter that the district court has supplemented the record to clarify the status of the FLSA claims.  This letter should attach the district court's order, and may be accompanied by a letter, not to exceed ten double-spaced pages, providing additional argument in light of the district court's order.  Upon the filing of the letter, the opposing party may file a response of the same maximum length within fourteen days.  Following such notification, the reinstated appeal will be decided by this panel without additional oral argument unless otherwise ordered.

## CONCLUSION

For the foregoing reasons, this matter is **REMANDED** to the district court for further proceedings consistent with this opinion.