TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119

———

(212) 594-5000

———

neilberger@teamtogut.com

May 10, 2024

**VIA ECF**
Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007
Email: civilcases@ca2.uscourts.gov

   Re: <u>Zivkovic v. Laura Christy LLC</u>, Dkt. No. 22-1558 (2d Cir.)

Dear Ms. Wolfe:

   We are attorneys for Albert Togut, as Chapter 7 Interim Trustee (the "<u>LCM Trustee</u>") in the bankruptcy case of Appellant Laura Christy Midtown LLC (the "<u>Debtor</u>") pending in the United States Bankruptcy Court for the Southern District of New York, Case No. 23-22845 (SHL).

   On April 11, 2024, the Bankruptcy Court entered an order converting the Debtor's Chapter 11 Subchapter V case to a case under Chapter 7 of the Bankruptcy Code. Mr. Togut was appointed in the Debtor's case on April 30, 2024. Copies of the order converting the Debtor's case and the notice of Mr. Togut's appointment are annexed hereto as <u>Exhibit 1</u> and <u>Exhibit 2</u>, respectively.[1] All of the Debtor's rights, claims, defenses, and assets, including, without limitation, its rights, claims and defenses in the above-referenced appeal, constitute property of its estate pursuant to Title 11 U.S.C. (the "<u>Bankruptcy Code</u>") section 541 subject to the LCM Trustee's administration.

   On May 7, 2024, Daniel S. Alter of Abrams Fensterman LLP filed a letter with this Court (the "<u>Letter</u>") [Docket No. 140] regarding the District Court's order on remand dated May 6, 2024. In the Letter, Mr. Alter incorrectly states that his firm

---

[1] Appellant Davoud Ghatanfard is also a Chapter 7 debtor in the Bankruptcy Court for the Southern District of New York, Case No. 23-22840 (SHL). On April 11, 2024, the Bankruptcy Court entered an order converting Mr. Ghatanfard's Chapter 11 Subchapter V case to a case under Chapter 7 of the Bankruptcy Code, and Yann Geron, Esq. is Chapter 7 Interim Trustee in that case. Copies of the order converting Mr. Ghatanfard's case and the notice of appointment of Mr. Geron as Chapter 7 Interim Trustee are annexed hereto as <u>Exhibit 3</u> and <u>Exhibit 4</u>, respectively. Mr. Geron is copied with this letter.

Togut, Segal & Segal llp

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
May 10, 2024
Page 2

represents the appellants in this appeal, which include the Debtor. Please be advised that the Letter was filed without any prior notice to or authorization by the LCM Trustee, who has not retained Abrams Fensterman.[2] For the avoidance of doubt, Abrams Fensterman is not authorized to represent the LCM Trustee or the Debtor's estate in this appeal.

The LCM 7 Trustee respectfully requests that the Court disregard the Letter as it pertains to the Debtor and defer any ruling regarding it for not less than 30 days to afford the LCM Trustee time to assess the matter and determine how to proceed on behalf of the Debtor's estate.

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP
By:
*/s/ Neil Berger*

cc: All counsel by ECF
Albert Togut, Esq. (by email)
Yann Geron, Esq. (by email)
Ilana Volkov, Esq. (by email)
Joseph Nussbaum, Esq. (by email)
Daniel S. Alter, Esq. (by email)

---

[2] Upon information and belief, Mr. Geron likewise did not authorize Mr. Alter to file the Letter on behalf of Mr. Ghatanfard's estate.

# Exhibit 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LAURA CHRISTY MIDTOWN, LLC,<br><br>Debtor. | Case No. 23-22845-shl<br><br>Chapter 11<br>Subchapter V |

### ORDER CONVERTING THE DEBTOR'S CHAPTER 11 CASE
### TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

THIS MATTER having been opened to the Court upon the motion, dated March 8, 2024, of Pavle Zivkovic, on behalf of himself and others similarly situated ("Movant"), for an order, pursuant to Section 1112(b) of the Bankruptcy Code, dismissing the Chapter 11 bankruptcy case of Laura Christy Midtown (the "Debtor") [Docket No. 33] (the "Motion"), with an opposition filed by the Debtor on March 27, 2024 [Docket No. 39], the Movant filing a reply on April 1, 2024 [Docket No. 40], and the Debtor having filed supplemental opposition [Docket No. 42];[1] and the Court having held hearings on the Motion on April 4, 2024 and April 10, 2024 (the "Hearings"); and after due deliberation, the Court having concluded, for the reasons stated on the record at the Hearings, that good and sufficient cause exists to convert this case to a case under Chapter 7 of the Bankruptcy Code*, including that the related Chapter 11 case of Davoud Ghatanfard (Case No. 23-22840) is being converted to Chapter 7; and the Court concluding that, based on statements in this case and during litigation elsewhere, questions remain regarding the relationship of this Debtor to Mr. Ghatanfard and Mr. Ghatanfard's other entities that should be examined by a Chapter 7 Trustee, particularly given allegations of fraudulent transfers made by Mr. Ghatanfard*; and the Court finding that notice of the Motion was adequate and proper under the

---

[1] Capitalized terms used but not otherwise used herein shall have the meanings ascribed to them in the Motion.

circumstances of this case and that no other notice is necessary; now, therefore, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. ~~Pursuant to 11 U.S.C. § 1112(b) Debtor's Chapter 11 case is hereby converted to a case under Chapter 7 of the Bankruptcy Code.~~

3. ~~This order is stayed until April 19, 2024, subject to the Debtor filing a Notice of Appeal and a Stay Pending Appeal with the United States District Court for the Southern District of New York no later than 5:00 p.m. on April 15, 2024.~~

4. ~~Upon expiration of the stay pending appeal granted by this Order or by the District Court, that~~ Yann Geron, the Subchapter V Trustee shall be, and is hereby terminated and discharged of his duties as Subchapter V Trustee for the Debtors' cases.

5. The Office of the United States Trustee shall appoint a Chapter 7 Trustee, provided that any action taken by the Chapter 7 Trustee shall await expiration of the stay pending appeal granted by this Order or by the District Court.

6. ***Upon the Debtor's oral application for a stay pending appeal at the hearing on April 10, 2024, the Court will grant the request with conditions. As explained at the hearing on April 10, 2024, this Order is stayed until April 19, 2024 at 5:00 p.m., subject to the Debtor filing a Notice of Appeal and a motion for a stay pending appeal with the United States District Court for the Southern District of New York no later than April 15, 2024.***

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation and enforcement of this Order.

Dated: April 11, 2024
White Plains, New York

                                          ***/s/ Sean H. Lane***
                                          The Honorable Sean H. Lane
                                          United States Bankruptcy Judge

# Exhibit 2



**U.S. Department of Justice**

Office of the United States Trustee
*Southern District of New York*

*Alexander Hamilton Custom House*  
*One Bowling Green*  (212) 510-0500  
*Room 534*  Fax: (212) 668-2361  
*New York, New York 10004-1408*

**CONVERTED CASE MEMORANDUM**

TO:  Annya Acosta, Director of Court Operations  
     White Plains, New York

FROM:  William K. Harrington  
       United States Trustee

PREPARED BY:  Mary Moroney

DATE:  April 29, 2024

RE:  Appointment of Chapter 7 Trustee - Converted Case From Chapter 11 case to Chapter 7 - And Scheduling of Section 341(a) Meeting To Be Noticed by Clerk's Office

---

The below listed case has been reviewed.

**Albert Togut** has been selected as the interim trustee for the case. His address is **Togut, Segal & Segal, One Penn Plaza, Suite 3335, New York, New York 10119. Telephone No.(212) 594-5000 Fax (212) 967-4258.**

The 341(a) meeting for the case will be held by Zoom with Albert Togut as the trustee on **June 26, 2024** at the time indicated below:

CONVERTED CHAPTER (11) CASE TO CHAPTER 7 CASE

**11:00 A.M.**  
Laura Christy Midtown LLC          23-22845(SHL)  
d/b/a Valbella Midtown

# Exhibit 3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DAVOUD GHATANFARD a/k/a DAVID GHATANFARD,<br><br>Debtor. | Case No. 23-22840-shl<br><br>Chapter 11<br><br>Subchapter V |

### ORDER CONVERTING THE DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

THIS MATTER having been opened to the Court upon the motion, dated March 8, 2024, of Pavle Zivkovic, on behalf of himself and others similarly situated ("Movant"), for an order, pursuant to Section 1112(b) of the Bankruptcy Code, converting the Chapter 11 bankruptcy case of Davoud Ghatanfard a/k/a David Ghatanfard (the "Debtor") to a case under Chapter 7 of the Bankruptcy Code [Docket No. 55] (the "Motion"), with an opposition filed by the Debtor on March 26, 2024 [Docket No. 61], Movant filing a reply on April 1, 2024 [Docket No. 64], and the Debtor having filed supplemental opposition to the Motion [Docket No. 66];[1] and the Court having held hearings on the Motion on April 4, 2024 and April 10, 2024 (the "Hearings"); *and with those Hearings addressing whether "cause" exists to justify the requested relief and, if so, whether the appropriate relief would be to convert the case to Chapter 7 or to expand the powers of the Subchapter V Trustee, see In re Corinthian Communications, Inc., 624 B.R. 224 (Bankr. S.D.N.Y. 2022)*; and after due deliberation, the Court having concluded, for the reasons stated on the record at the Hearings, that good and sufficient cause exists for granting the Motion *and having found cause for dismissal or conversion under Section 1112(b) of the Bankruptcy Code,*

---

[1] Capitalized terms used but not otherwise used herein shall have the meanings ascribed to them in the Motion.

*including the Debtor's conflict of interest in pursuing potential fraudulent transfer claims and other claims of the estate, see, e.g., In re Duling Sons, Inc., 650 B.R. 578, 581-82 (Bankr. S.D.N.Y. 2023); In re Rust Rebar, 641 B.R. 412, 423 (Bankr. S.D. Fla. 2002); and noting the Movant's opposition to expanding the powers of the Subchapter V Trustee and the Movant's steadfast position that the case be converted to Chapter 7; and given the Movant's opposition to expanding the powers of the Subchapter V Trustee, the Court having concluded that conversion to Chapter 7 is the appropriate remedy for all the reasons stated on the record at the Hearings*; and the Court finding that notice of the Motion was adequate and proper under the circumstances of this case and that no other notice is necessary; now, therefore, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. Pursuant to 11 U.S.C. § 1112(b) Debtor's Chapter 11 case is hereby converted to a case under Chapter 7 of the Bankruptcy Code.

3. ~~This order is stayed until April 19, 2024, subject to the Debtor filing a Notice of Appeal and a Stay Pending Appeal with the United States District Court for the Southern District of New York no later than 5:00 p.m. on April 15, 2024.~~

4. ~~Upon expiration of the stay pending appeal granted by this Order or by the District Court, that~~ Yann Geron, the Subchapter V Trustee shall be, and is hereby terminated and discharged of his duties as Subchapter V Trustee for the Debtors' cases.

5. The Office of the United States Trustee shall appoint a Chapter 7 Trustee, provided that any action taken by the Chapter 7 Trustee shall await expiration of the stay pending appeal granted by this Order or by the District Court.

6. *Upon the Debtor's oral application for a stay pending appeal at the hearing on April 10, 2024, the Court will grant the request with conditions. As explained at the hearing*

2

*on April 10, 2024, this Order is stayed until April 19, 2024 at 5:00 p.m., subject to the Debtor filing a Notice of Appeal and a motion for a stay pending appeal with the United States District Court for the Southern District of New York no later than April 15, 2024.*

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation and enforcement of this Order.

Dated: White Plains, New York
April 11, 2024

*/s/ Sean H. Lane*
United States Bankruptcy Judge

3

# Exhibit 4



**U.S. Department of Justice**

Office of the United States Trustee
*Southern District of New York*

*One Bowling Green*      *(212) 510-0500*
*Room 534*      *Fax: (212) 668-2361*
*New York, New York 10004*

## CONVERTED CASE MEMORANDUM

TO:    Annya Acosta, Director of Court Operations
       White Plains, New York

FROM:  William K. Harrington
       United States Trustee

PREPARED BY: Mary Moroney

DATE:  April 29, 2024

RE:    Appointment of Chapter 7 Trustee - Converted Cases
       From Chapter <u>11</u> case to Chapter <u>7</u> case

---

The below listed case has been reviewed.

**Yann Geron** has been selected as the interim trustee for the case. His address is **Geron Legal Advisors LLC, 370 Lexington Avenue, Suite 1101, New York, NY 10017. Telephone No. (646)560-3226.**

The 341(a) meeting for these cases will be held by Zoom with Yann Geron as the trustee on **June 21, 2024** at the time indicated below:

<u>CONVERTED CHAPTER (11) CASES TO CHAPTER 7 NO ASSET CASES</u>

<u>11:00 AM</u>

**Davoud Ghatanfard**                       **23-22840(SHL)**
**a/k/a/ David Ghatanfard**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

**Davoud Ghatanfard**              23-22840(SHL)
**a/k/a/ David Ghatanfard,**

    Debtor(s).

APPOINTMENT OF INTERIM TRUSTEE AND TRUSTEE
AND DESIGNATION OF REQUIRED BOND

    Yann Geron of New York, New York, is hereby appointed, pursuant to 11 U.S.C. 701(a) as Interim Trustee for the estate(s) of the above named debtor(s).  See 11 U.S.C. 701(c).  If no trustee is elected, you shall serve as the Trustee in this case by operation of law.  11 U.S.C. 702(d).

    The amount of your bond is covered by the bond of Interim Trustees in Chapter 7 cases issued by United State Fire Insurance Co. and which is on file with the Office.  See 11 U.S.C. 322(a) Federal Rules of Bankruptcy Procedure 2010(a).  In addition, because your blanket acceptance of appointment is on file (FRBP 2008; FRBP 2010(a)), you are required to notify the undersigned in writing within five (5) business days after receipt of this notice only in the event you reject this appointment.

Dated:  New York, New York
        April 29, 2024

                                        William K. Harrington
                                      William K. Harrington
                                      United States Trustee
                                      One Bowling Green
                                      Room 534
                                      New York, New York 10004

‣‣FILE A:11TO7