# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Michael DiGiulio
Leah M. Seliger

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

May 21, 2024

**VIA ECF**
Catherine O'Hagen Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

     Re: *Zivkovic v. Laura Christy LLC, et al.,* **Dkt No.: 22-1558**

Dear Ms. O'Hagen Wolfe,

  This firm represents Plaintiffs-Appellees in the above-referenced appeal. We write in response to the letter filed on May 7, 2024 purportedly on behalf of Appellants Laura Christy LLC, Laura Christy Midtown, LLC, and David Ghatanfard (the "May 7 Letter").[1] Following this Court's limited remand, the District Court entered an order on May 6, 2024 clarifying the status of Plaintiffs' Fair Labor Standards Act ("FLSA") claims. *See* May 7 Letter at Ex. A (Order on Remand). Specifically, the District Court granted Plaintiffs' motion pursuant to Fed. R. Civ. P. 41(a)(2) to conditionally dismiss their FLSA claims as moot considering the jury verdict and judgment in their favor on the NYLL claims. *See id.* at 3-4. The District Court specified that Plaintiffs could reinstate their FLSA claims "if, but only if, the judgment in Plaintiffs' favor on the NYLL claims is reversed or otherwise vacated by the Second Circuit on appeal." *Id.* at 4. This Order resolves all issues flagged by this Court in its March 5, 2024 opinion and, together with the

---

[1] As noted in letters filed by counsel for the Chapter 7 bankruptcy trustees in the bankruptcy cases of Appellants Laura Christy Midtown LLC ("LCM") and David Ghatanfard, the law firm that filed the May 7 letter supposedly on behalf of all Appellants, Abrams Fensterman LLP, was not retained by the Chapter 7 trustees and therefore has no authority to represent either LCM or Ghatanfard in this appeal. *See* 2d Cir. Dkt. Nos. 145, 153.

District Court's partial judgment, presents a final, appealable decision as to all of Plaintiffs' wage and hour claims. For the reasons discussed below and in Plaintiffs' opening brief, the partial judgment should be affirmed.

1. **The Order on Remand resolves the issues flagged by this Court in its March 5, 2024 Opinion.**

The Order on Remand resolves the issues flagged by this Court that impaired its ability to review Appellants' challenges on appeal. *See* 2d Cir. Dkt. No. 130 (Opinion) at 7. First, the Order confirms the "validity of the district court's judgment certifying this appeal pursuant to Federal Rule of Civil Procedure 54(b)" because it dismissed the FLSA claims as moot and, therefore, there are no "closely related issues [to Plaintiffs' NYLL claims that] remain to be litigated" below. *Id.*

Second, the Order puts to bed Appellants' primary argument on appeal – that that the District Court should have declined to exercise supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(c)(3) because Plaintiffs "withdrew" their FLSA claims "before trial." *See* App. Br. at 26-29; *see also* Opinion at 7 (noting that "the status of the FLSA claims may be relevant" to this Court's analysis of Appellants' § 1367(c) arguments). While Appellants argued in their original brief in this Court that the FLSA claims were somehow abandoned before the trial, they have now conceded in both District Court and again in this Court that Plaintiffs' FLSA claims became moot only upon entry of the verdict and judgment in Plaintiffs' favor on the NYLL claims.[2] *See* May 7 Letter at 2 (noting that "both sides agree that [the FLSA] claims became moot once the jury delivered its verdict on the Class Plaintiffs' NYLL claims"); Dist. Ct. Dkt No. 554 at 1 (Appellants' letter conceding that it is the "favorable NYLL judgment [that] moots [Plaintiffs'] FLSA claims"). Appellants' concession, together with the dismissal of the FLSA claims as moot

---

[2] The fact that their FLSA claims were subsumed by their NYLL claims once the verdict and judgment on the NYLL claims were entered has been Plaintiffs' consistent position throughout this appeal. *See* Pls.' Br. at 25-27.

2

because of the verdict and judgment on the NYLL claims, conclusively demonstrate that Plaintiff's FLSA claims existed throughout the entirety of the litigation below, including the trial on the NYLL claims. *See* App. Br. at 26-29. There is thus no merit in Appellants' primary argument that the NYLL claims were "left . . . adrift" by Plaintiffs' supposed "withdrawal" of the FLSA claims before trial. *Id.* at 26. Unsurprisingly, Appellants now admit that their § 1367(c)(3) arguments are now "inapplicable to this case." May 7 Letter at 7. This Court should therefore disregard Appellants' argument that the District Court abused its discretion by not declining supplemental jurisdiction over the NYLL claims per § 1367(c)(3).

Third, the Order confirms this Court's valid appellate jurisdiction over Defendants' appeal. In *Purdy v. Zeldes*, this Court held that a plaintiff's "conditional waiver" of one of its claims did not impair the finality of a judgment. 337 F.3d 253, 258 (2d Cir. 2003). There, after judgment was granted on some of a plaintiff's claims, the plaintiff moved to dismiss his remaining claim without prejudice to reinstatement "if, but only if, the dismissal of his first two claims was reversed on appeal." *Id.* at 257. This Court explained that pursuant to the final judgment rule, a litigant cannot ordinarily obtain appellate review of the resolution of certain claims by voluntarily dismissing his remaining claims without prejudice. *See id.* at 258. But where "a plaintiff's ability to reassert a claim is made conditional on obtaining a reversal from [the Second Circuit], the finality rule is not implicated in the same way." *Id.* This is because the plaintiff accepted the consequence that "if his appeal was unsuccessful, his [entire] case would come to an end." *Scottsdale Ins. Co. v. McGrath*, 88 F.4th 369, 380 (2d Cir. 2023) (cleaned up).

Here, while reinstatement of Plaintiffs' FLSA claims are conditioned on the *defendants* obtaining a reversal from this Court, the finality considerations are precisely the same. As in *Purdy*, Plaintiffs here have accepted the consequence that "that their FLSA claims will be dismissed with

3

prejudice" and their entire wage and hour case will come to an end, "if Defendants' appeal of [the Partial Judgment] is unsuccessful." *Bridgeport Music, Inc. v. TufAmerica, Inc.*, No. 19-cv-1764 (PGG), 2023 U.S. Dist. LEXIS 159845, at *30 (S.D.N.Y. Sept. 10, 2023) (cleaned up) (explaining that although *Purdy* dealt with a situation where plaintiff appealed, there was "no reason" why a conditional dismissal would not be appropriate where plaintiffs sought to "condition dismissal of their claims on the outcome of Defendants' appeal"). Put differently, if the status quo remains and the District Court's partial judgment is upheld on appeal, all of Plaintiffs' wage and hour claims (both state and federal) will have been definitively resolved and there will be no further proceedings as to those claims in the District Court. Because "Plaintiffs' 'ability to reassert [their FLSA] claim is still conditional on a reversal,'" it "'creat[es] a final judgment reviewable' by the Second Circuit." *Id.* (quoting *Purdy*, 337 F.3d at 258).[3]

### 2. Appellants' arguments concerning 28 U.S.C. § 1367(c)(1) and (c)(2) have been waived and, in any event, are without merit.

Turning to Appellants' merits arguments, none should delay affirmance of the partial judgment. *See* May 7 Letter at 7-9. After conceding that their original § 1367(c)(3) argument is now "inapplicable to this case," Appellants maintain the District Court abused its discretion when it did not decline supplemental jurisdiction over the NYLL claims per 28 U.S.C. § 1367(c)(1) and/or (c)(2). *See* May 7 Letter at 7-8. As an initial matter, for the reasons set forth in Plaintiffs' opening brief, Appellants waived these arguments by failing to first raise them in the District Court. *See* Pls. Br. at 18-23. The case for waiver is even stronger now that Appellants' § 1367(c)(3) argument is "inapplicable." Namely, there is authority that a district court should independently consider whether to decline jurisdiction over state law claims under § 1367(c)(3) when dismissing

---

[3] Moreover, as discussed below, the fact that Plaintiffs' FLSA claims may be revived if this Court disturbs the NYLL judgment that renders them moot is the natural outcome of *any* claim that has been mooted by a judgment if that judgment is later reversed or vacated. *See infra* at 8-10.

4

all federal claims. *See, e.g.*, *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 84 (2d Cir. 2018). But Appellants cite no authority suggesting that a district court abuses its discretion where, as here, there *are* federal claims that remain in the case and the court does not *sua sponte* consider whether to decline the exercise of supplemental jurisdiction over state law claims because they raise "novel or complex" issues of state law (§ 1367(c)(1)) or "substantially predominate" over the federal claims (§ 1367(c)(2)). *See* May 7 Letter at 7-9. In addition, Appellants' newly minted argument concerning § 1367(c)(2) has been doubly waived because it was not raised in their opening brief. *E.g.*, *Estle v. Int'l Bus. Machs. Corp.*, 23 F.4th 210, 215 n.3 (2d Cir. 2022) ("arguments not made in an appellant's opening brief are waived"). For these reasons, Appellants' § 1367(c)(1) and (c)(2) arguments should not be considered.

If these arguments are considered, they should be rejected. As to § 1367(c)(1), Appellants baselessly impugn the integrity of the District Court, contending that it "specifically orchestrated the proceedings below so that it might set its own interpretive 'marker' regarding an important, unsettled issue of state law." May 7 Letter at 7. Nothing could be further from the truth. Again, the only reason the District Court decided whether affirmative defenses set forth in N.Y. Lab. Law § 198 were applicable to minimum wage claims arising under an entirely different Article of the NYLL is because *Appellants* raised that argument. JA65-66, 76. In so doing, *Appellants* urged the District Court to follow the First Department's decision in *Ahmed v. Morgan's Hotel Group Management, LLC*, 160 A.D.3d 555 (1st Dep't 2018), which applied the § 198(1-d) affirmative defense to "tip credit" minimum wage claims. *See* Dist. Ct. Dkt No 261. Rather than resolve an "unsettled" issue of state law, as Appellants argue, the District Court simply disagreed with *Ahmed*'s conclusion about the applicability of the § 198 affirmative defense to such claims. In so doing, the District Court faithfully followed this Court's extensive body of case law addressing

5

the deference federal courts should afford the decisions of state intermediate appellate courts on issues of state law as to which the New York Court of Appeals has not spoken. *See* JA711-13, JA714-15 (citing, *inter alia*, *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 133 (2d Cir. 2007)). Like here, several of these decisions arose in the context of federal courts exercising supplemental jurisdiction over state law claims. *See, e.g.*, *Reddington*, 511 F.3d at 132. Thus, Appellants' suggestion that the District Court somehow abused its discretion by resolving a state law issue that *they put in front of it* by proceeding as this Court specifically directs district courts to do in such circumstances is patently ridiculous.

Next, Appellants' § 1367(c)(2) arguments – which were not raised below or in their opening brief – are similarly meritless. That subsection provides that a federal court may decline to exercise supplemental jurisdiction when the state claim "substantially predominates" over the claims for which the court has original jurisdiction. 28 U.S.C. § 1367(c)(2). Here, Appellants argue that it was the District Court's decision to try only the NYLL claims that ensured those claims predominated over the FLSA claims. *See* May 7 Letter at 8 ("[T]he district court managed the case in a way that ensured the NYLL claims *would* predominate. By trying only the unsettled state law claims, the court tossed aside the more straightforward federal scheme." (cleaned up)). Consider for a moment how breathtakingly hypocritical this is. Appellants, with full knowledge of all the claims in the case, affirmatively *stipulated* to proceed to trial on only the NYLL claims. JA136. Having willingly chosen to proceed to trial on only the NYLL claims, Appellants now contend that this entire 7-year-old litigation should be thrown out *because* trial proceeded on only the NYLL claims. No litigant should be rewarded for such cynical sandbagging, and it certainly is no abuse of discretion to withhold such a reward.

In any event, there is no "substantial predominance" here. As set forth in Plaintiffs' brief,

6

Plaintiffs asserted FLSA and NYLL overtime claims that are entirely contiguous because under the FLSA a state minimum wage that is higher than the federal minimum wage (like New York's) becomes the employees "regular rate" for calculating the FLSA's overtime premium. *See* Pls.' Br. at 25 (citing 29 C.F.R. § 778.5). Because Plaintiffs' federal and state overtime claims are subject to the same standard, and involve the same operative facts, it cannot be said the state claims "substantially predominate." And with respect to the other NYLL claims, this Court has expressly noted that federal courts in this Circuit are "well experienced in presiding over [wage-and-hour cases like this one], *even where they involve claims under the NYLL for which there is no FLSA equivalent*." *Catzin*, 899 F.3d at 86 (emphasis added) (reversing a district court's decision to decline to exercise supplemental jurisdiction over NYLL claims). Unsurprisingly, Appellants fail to cite a *single* case in which this Court or any other court in this Circuit has exercised its discretion to dismiss NYLL claims under § 1367(c)(2) because those claims "substantially predominate" over FLSA claims. In fact, this Court's decision in *Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, which Appellants do cite, *rejected* a predominance attack on NYLL claims under § 1367(c)(2) because the FLSA and NYLL generally use similar standards and "each set of claims arise from the same set of operative facts." 659 F.3d 234, 246-47 (2d Cir. 2011). There is thus no basis to conclude that Plaintiffs' NYLL claims "substantially predominate" over their FLSA claims such that it was an abuse of discretion to try only the NYLL claims (especially where Appellants stipulated to that very arrangement).

Finally, even if one of the § 1367(c) categories did apply, this Court "'should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values [of] . . . economy, convenience, fairness, and comity.'" *Catzin*, 899 F.3d at 85 (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004)). For all the reasons set forth in

7

Plaintiffs' opening brief, these considerations decisively militate against declining to exercise supplemental jurisdiction over this 7-year-old case. *See* Pls. Br. at 27-31. Accordingly, the District Court's partial judgment should be affirmed.

> **3. Appellants' attack on the conditional nature of the Order on Remand – which does not seek any affirmative relief – is baseless.**

As a final matter, while Appellants acknowledge that this Court has valid appellate jurisdiction and concede that Plaintiffs' FLSA claims were mooted by the judgment on the NYLL claims, *see* May 7 Letter at 2-4, at they still engage in a lengthy aside railing against that portion of the Order on Remand permitting reinstatement of the FLSA claims if the NYLL judgment is reversed or vacated. *See id.* at 4-6. Appellants' histrionics are baffling. Other than tarring the District Court with completely unfounded accusations of bias, it is not at all clear what their misguided rant against the conditional nature of the Order is meant to achieve. They do not appear to seek any relief from that portion of the Order, and, as demonstrated by the authority discussed below, resurrection of Plaintiff's mooted FLSA claims would occur naturally if the NYLL judgment is vacated or reversed *even if* the Order on Remand had not so specified.

While Plaintiffs are puzzled by Appellants' purposeless vehemence, they will address the argument that the District Court somehow erred by specifying that Plaintiffs' FLSA may be reinstated if the NYLL judgment is reversed or vacated. To begin, it is basic common sense that if a favorable judgment for a plaintiff on Claim A moots Claim B, then vacatur or reversal of the judgment on Claim A simultaneously renders Claim B no longer moot. This Court recognized that truism in *Island Park, LLC v. CSX Transportation*, 559 F.3d 96 (2d Cir. 2009). There, the plaintiff brought four causes of action challenging a New York administrative proceeding ordering the closure of a certain railway crossing for which the plaintiff had an easement. *Id.* at 98-99. As its first cause of action, the plaintiff argued that the closure order was preempted by federal law. *Id.*

8

at 99. For its fourth cause of action, the plaintiff asserted that the closure order was prohibited by a state court judgment. *Id.* After granting summary judgment to the plaintiff on the pre-emption claim, the district court dismissed the "fourth claim seeking to enforce the 1989 state court judgment as moot." *Id.* On appeal, this Court reversed the grant of summary judgment to plaintiff on the pre-emption claim and directed entry of summary judgment to the defendants on that claim. *Id.* at 110. It then remanded the matter to the district court for further proceedings on the plaintiff's fourth claim "because that claim is no longer moot in light of [this Court's] reversal of the district court's judgment." *Id.* at 100.

As *Island Park* confirms, the District Court's dismissal of Plaintiffs' FLSA claims as moot with leave to reinstate them if the NYLL judgment is reversed or vacated simply reflects the reality of what happens to *any* claim that has been mooted by a judgment when that judgment is overturned. Despite Appellants' theatrical exclamations that the District Court "radically extended" this Court's conditional dismissal case law and made "the finality rule a dead letter," *see* May 7 Letter at 4-5, the reality the District Court recognized and this Court itself implemented in *Island Park* is not at all uncommon. *See, e.g. Sevelitte v. Guardian Life Ins. Co. of Am.*, 55 F.4th 71 85 (1st Cir. 2022) (where a party's crossclaims were denied as moot after it was awarded judgment on the pleadings on an interpleader action, vacatur of that judgment required that the denial of the crossclaims also be vacated because the crossclaims were "no longer moot"); *Ruiz-Diaz v. United States*, 618 F.3d 1055, 1057-58 (9th Cir. 2010) (reversal of judgment to plaintiff on one claim required remand of plaintiff's other claims "that were mooted by the district court's ruling [and] now present a live controversy"); *id.* at 1062 (explaining that reversal of judgment on one claim "revives" claims that "the district court did not consider . . . because its disposition effectively mooted them"); *Banque Paribas v. Hamilton Indus. Int'l, Inc.*, 767 F.2d 380, 386 (7th

9

Cir. 1985) ("Since the finding of mootness is based on an order . . . that we are reversing, the order dismissing the cross-claim must also be reversed.").

As the above demonstrates, it is Appellants, not the District Court, who present the "internally inconsistent" and "flawed effort." May 7 Letter at 4, 5. In the District Court, Appellants argued that Plaintiffs' FLSA claims would remain moot in perpetuity, even if the NYLL judgment they *concede* is the only condition rendering those claims moot were reversed or vacated. *See* May 7 Letter at Ex. B at 7:7-9:3. But as may be seen from *Island Park* and the other authority above, that position is not just wrong, it is an absurdist fantasy. Appellants cling to this fantasy because its acceptance would mean that if this Court vacated the NYLL judgment and remanded the matter for further proceedings, Plaintiffs could not "retry the [NYLL] claims, notwithstanding the circuit's sending them back to [the District Court]" as there "would be no supplemental jurisdiction for the [NYLL] claims because there's no federal nexus." *Id.* at 15:5-22. It is this self-serving and completely unsupported outcome – keeping federal claims mooted forever by a no longer extant judgment to have the "case as a whole . . . go away . . . and start . . . again in state court" – that the District Court correctly referred to as a "trick." *Id.* at 15:9-14. Appellants' concocted umbrage at the District Court for its accurate labeling of their baseless argument is no reason for reassigning this case.

In any event, because Appellants do not seek any relief from the conditional dismissal Order other than unwarranted reassignment of the district judge, this Court should set aside their apoplectic musings, proceed to adjudication of the merits of the appeal, and affirm the District Court's partial judgment on the NYLL claims for all the reasons set forth here and in Plaintiffs' main brief.

We thank the Court for its time and attention to this matter.

10

Respectfully,

 */s/Lucas C. Buzzard*
Lucas C. Buzzard